# JUDGE BUCHWALD

Neil M. Zipkin (NZ 4718)
Chester Rothstein (CR 1417)
Michael P. Kenney (MK 0740)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
(212) 336-8000

Attorneys for Plaintiff
Prime Time Toys, Ltd.

**08 CV 2909**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAR 19 2008
U.S.D.C. S.D. N.Y.
CASHIERS

- - - - - - - - - - - - - - - - - - - - - - -x

PRIME TIME TOYS, LTD,

                       Plaintiff

              v.

JAKKS PACIFIC, INC.,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - -x

Civil Action No.: _____
                ECF Case

## COMPLAINT

Prime Time Toys, Ltd. (hereinafter referred to as "PTT") through their attorneys, complaining of Jakks Pacific, Inc. (hereinafter referred to as "Jakks Pacific"), alleges as follows:

## THE PARTIES

1.    Plaintiff PTT is a corporation duly organized and existing under the laws of Hong Kong, having offices and places of business at Suite 5,2/F, Kwong Sang

393178.1

Hong Centre, Kwun Tong, Hong Kong and 200 Wanaque Avenue, Suite 101, Pompton Lakes, NJ 07442. PTT is transacting and doing business within this judicial district.

2.      Upon information and belief, defendant Jakks Pacific is a corporation organized and existing under the laws of the State of Delaware, having a principal office at 22619 Pacific Coast Hwy, Malibu, CA 90265 and an office at 11 East 26th Street, New York, NY 10010.

3.      This action arises under the patent laws of the United States, 35 U.S.C. § 100 *et seq*. This Court has jurisdiction over these claims pursuant to 28 U.S.C. §§1331 and 1338.

4.      Venue is proper pursuant to 28 U.S.C. §§1391 and 1400(a).

5.      Upon information and belief, Exhibit A is a true and correct photograph of two floating squirting toys offered for sale, sold and/or imported into the United States by Defendant Jakks Pacific, this toy hereinafter referred to as "the CREATURE CANNON".

6.      Upon information and belief, Exhibit B is a true and correct print-out of a website offering for sale the Jakks Pacific CREATURE CANNON and offering the option, by drop-down menu, to ship the CREATURE CANNON within New York State and this judicial district.

7.      Upon information and belief, Jakks Pacific has an office within the State of New York and within this judicial district, has offered to sell the CREATURE CANNON within the State of New York.

8.      Upon information and belief, Jakks Pacific annually participates as an exhibitor at the Toy Industry Association, Inc. (hereinafter "TIA"), Toy Fair held at the Jacob Javits Center on 11th Avenue between West 34th Street and West 39th Street.  Upon information and belief, Jakks Pacific offered the CREATURE CANNON for sale at the TIA Toy Fair from February 17-20, 2008 and orders for the CREATURE CANNON were taken at the 2008 TIA Toy Fair.

9.      By way of example only and without limitation, upon information and belief, Jakks Pacific has directly and/or indirectly, through the internet, convention participation, distributors, retailers, an agent and/or otherwise, offered for sale, sold and/or delivered the CREATURE CANNON, including within the State of New York and this judicial district.

10.     Upon information and belief, Jakks Pacific derives substantial revenue from interstate commerce.

11.     The aforementioned actions subject Jakks Pacific to personal jurisdiction under New York's "long arm" statute, C.P.L.R. §302, and the exercise of such jurisdiction comports with due process.

12.     More specifically, upon information and belief, the aforementioned acts constitute Jakks Pacific transacting business within the State of New York,

contracting to supply goods in the State of New York and/or committing a tortious act outside the State of New York causing injury to person or property within the State of New York with the expectation or reasonable expectation that the tortious act will have consequences in the State of New York.

13.    This Court has personal jurisdiction over defendant Jakks Pacific under Rule 4 of the Federal Rules of Civil Procedure, in that Jakks Pacific is domiciled within the State of New York and this judicial district, has committed acts of patent infringement within the State of New York and this judicial district and has committed acts of patent infringement having effects within the State of New York and this judicial district.

## BACKGROUND

14.    PTT is engaged, *inter alia*, in the design, manufacture, marketing, distribution, and sale of toys.  PTT sells toys to retailers and distributors.

15.    PTT currently sells in the United States a toy under the trademark "MAX LIQUIDATOR".  A true and correct copy of packaging material for PTT's MAX LIQUIDATOR is attached as Exhibit C.

16.    On October 16, 2007, the U.S. Patent and Trademark Office issued U.S. Patent No. 7,281,642 B2, which is entitled "SQUIRTING TOY" (hereinafter "the '642 Patent").  The '642 Patent is valid and subsisting and is entitled to a presumption of validity under 35 U.S.C. §282.  A true and correct copy of the '642 Patent is attached as Exhibit D.

17.    PTT is the sole owner of the '642 Patent.

18.    MAX LIQUIDATOR is a commercial embodiment of the '642 Patent.

19.    Every MAX LIQUIDATOR sold by PTT in the United States has been marked "U.S. Patent No. 7,281,642" since shortly after issuance of the '642 Patent in October 2007.

20.    Upon information and belief, Jakks Pacific offered to sell, sold and shipped the CREATURE CANNON to distributors and retailers. Exhibit E is a true and correct copy of a sales receipt for 2 CREATURE CANNONS purchased on February 9, 2008.

21.    The CREATURE CANNON infringes the '642 Patent.

22.    Upon information and belief, Jakks Pacific has sold, offered to sell or imported in or into the United States the CREATURE CANNON knowing the CREATURE CANNON is an infringement of the '642 Patent.

23.    On or about February 21, 2008, PTT notified Jakks Pacific of the rights conferred to PTT by the '642 Patent and the infringement of these rights by the CREATURE CANNON. By this letter, PTT also demanded cessation of sale, offers for sale, importation and distribution of JAKKS PACIFIC CREATURE CANNON and all similar products that infringe the '642 Patent. A true and correct copy of PTT's letter of February 21, 2008 is attached as Exhibit F.

24.    Upon information and belief, Jakks Pacific's commercial activities relating to the making, using, offering for sale, selling, and/or importing into the United States the CREATURE CANNON have continued and are continuing with knowledge of the '642 Patent, in spite of the objectively high likelihood that Jakks Pacific's actions constitute infringement of the '642 Patent. These commercial activities are, at a minimum, in reckless disregard of PTT's rights under the '642 Patent. Such acts of infringement have therefore been intentional, deliberate and willful.

## COUNT I
## PATENT INFRINGEMENT BY JAKKS PACIFIC OF U.S. PATENT NO. 7,281,642

25.    Paragraphs 1 through 24 of this Complaint are incorporated as if set forth in their entirety here.

26.    Jakks Pacific has infringed and is still infringing the '642 Patent by manufacturing, importing, selling and/or offering for sale the CREATURE CANNON and/or other toys which embody the subject matter claimed in the '642 Patent.

27.    Jakks Pacific has actively induced others to infringe the '642 Patent by the sale, offer for sale, importation and/or use of the JAKKS PACIFIC CREATURE CANNON, JAKKS PACIFIC CREATURE CANNON and/or other toys which embody the subject matter claimed in the '642 Patent.

28.    Jakks Pacific has sold, offered to sell or imported in or into the United States the CREATURE CANNON knowing these toys infringe the '642 Patent.

Thus, Jakks Pacific is contributorily infringing the '642 Patent by its actions with regard to the CREATURE CANNON.

29.    Upon information and belief, Jakks Pacific had notice of the '642 Patent as early as approximately October 2007.

30.    Upon information and belief, Jakks Pacific had actual notice of the '642 Patent at least as early as February 21, 2008.

31.    This is an exceptional case within the provisions of 35 U.S.C. §285 and, accordingly, PTT is entitled to an award of reasonable attorney's fees.

32.    PTT has suffered monetary damage as a result of Jakks Pacific's acts complained of herein, in an amount thus far not determined.

33.    PTT has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, PTT pray for judgment that:

A.    This Court declares that Jakks Pacific has infringed U.S. Patent No. 7,281,642 ("the '642 Patent") and that such infringement has been willful;

B.    Jakks Pacific and its officers, agents, servants, employees and attorneys and any and all persons in active concert or participation with Jakks Pacific, be enjoined from making, using, offering for sale,

selling, and/or importing into the United States toys that infringe
the '642 Patent;

C.    Jakks Pacific and its officers, agents, servants, employees and
attorneys and any and all persons in active concert or participation
with Jakks Pacific, be enjoined from inducing infringement of the
'642 Patent or contributorily infringing the '642 Patent;

D.    PTT be awarded damages adequate to compensate PTT for Jakks
Pacific infringement of the '642 Patent, including PTT's profits lost
as a result of infringement of the '642 Patent, and that the damages
be enhanced due to the willfulness of the infringement, in
accordance with 35 U.S.C. §284;

E.    Jakks Pacific be ordered to deliver up for destruction all toys in their
possession, custody or control that infringe the '642 Patent;

F.    This case is exceptional under 35 U.S.C. §285 and that PTT be
awarded their costs and attorney's fees, pursuant to 35 U.S.C. §285;
and

G.    PTT be awarded such other and further relief as the Court deems
just and equitable.

### Jury Demand

PTT hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN, LLP
90 Park Avenue
New York, New York  10016
Telephone No.: (212) 336-8000

Attorneys for Prime Time Toys, Ltd.

Dated:  March 19, 2008                    By:_____
                                              Neil M. Zipkin (NZ 4718)
                                              Chester Rothstein (CR 1417)
                                              Michael P. Kenney (MK 0740)

393178.1                                    9

# Exhibit A



Exhibit B



# Opentip.com

**Premium shopping. Factory outlet price.**

*Order Hotline* **1-888-882-8232**

SECURED BY GeoTrust 

| Sporting Goods & Events Tickets | Office Products | Home & Garden | Musical Instruments | Electronics & Computers | Jewelry & Watches | Apparel & Accessories | Gift & Promotion |
|---|---|---|---|---|---|---|---|

**Search:** All Categories [_____] GO

Top » Home & Garden » Toys & Games »
Activities & Learning » JAK-00315

My Account | Cart
Contents | Checkout

**Order Hotline**

## 877-673-6847

## 781-583-7536

## Call Us Online

### JAKKS CREATURE CANNON(Price per each), Activities & Learning, Toys & Games, Home & Garden

**Model:** JAK-00315 Have Questions?

**Price:** $4.36

Quantity: 36

*Click "Add to Shopping Cart" to calculate shipping.

**Live Chat**
*click for live support*

■**Notifications** ▶

Notify me of updates to **JAKKS CREATURE CANNON (Price per each), Activities & Learning, Toys & Games, Home & Garden**

Click to enlarge

## Product Description

Minimum order 3 packs.
NO BREAKING OF CASES WHERE A CASE QUANTITY IS DETERMINED.OTHERWISE YOUR ORDER WILL BE DENIED

Creature Cannon America's #1 selling pool toy. Drenching pool fun! Squirts water over 30 feet! Comes with 3 unique creature heads in a colorful counter display.

Master Pack of 12

■**Tell A Friend**



Tell someone you know about this product.

■**Reviews** ▶

Write a review on this product!

## Optional Related Products



Dot Richardson Prints,
Activities & Learning,
Toys & Games, Home &
Garden
Model: GIR-DR5
$7.36



Bulging Brains,Action
Figures
Model: GAL-LL21007
$11.64



Safari,Activities &
Learning
Model: FLA-SAF9OV
$314.74



ABC123,Activities &
Learning
Model: FLA-ABC1215
$499.28



Dot Richardson Go for
It! Prints, Activities &
Learning, Toys &
Games, Home & Garden
Model: GIR-DR3
$7.36



Left Brain™,Activities &
Learning,toys&games
Model: BAB-20029
$16.59

## Customer Reviews



There are currently no product reviews.

**Top » Home & Garden » Toys & Games » Activities & Learning » JAK-00315**
**Shipping & Returns | Privacy Notice | Site Map | About Us | Contact Us | Reseller | Affiliate |**
**Catalog Download | Links**
**Premium Shopping. Factory Pricing.**
Copyright © 2005 - 2008 Opentip.com

# Opentip.com

**Premium shopping. Factory outlet price.**



*Order Hotline* **1-888-882-8232**

SECURED BY GeoTrust
VISA MasterCard



| Sporting Goods & Events Tickets | Office Products | Home & Garden | Musical Instruments | Electronics & Computers | Jewelry & Watches | Apparel & Accessories | Gift & Promotion |
|---|---|---|---|---|---|---|---|

**Search:** All Categories | [GO]

**Top » Cart Contents**

**Order Hotline**

## 877-673-6847

## 781-583-7536

## Call Us Online



**Live Chat**
*click for live support*

**Free Shipping Promotion**


FREE Shipping

**Special Offers**

- **Scoreboards**
- **Overstock Clearance**
- **Monthly Promotion**
- **Featured Products**

**Categories**

▸ Apparel & Accessories
▸ Bulk Sale
▸ Electronics & Computers
▸ Gifts & Promotion
▸ Home & Garden
▸ Jewelry & Watch

# What's In My Cart?

| Remove | Model | Product(s) |
|---|---|---|
| ☐ | JAK-00315 |  **JAKKS CREATURE CANNON(Price per** Toys & Games, Home & Garden ( **Out of Stock** Temporarily, **Explore**, Sea |

**\* We're sorry! The product you have chosen is currently unavailable for purch**
**\* Products marked with "OUT OF STOCK" indicate that we are temporarily ou**
**\* Please remove them from your cart then you can purchase other items**

[ Update ]          [ Continue Shopping ]

**Shipping Estimate**

| Items: | 36 |
|---|---|
| Country: | United States | State/Province: Pl |

| Carrier | Delivery Methods |
|---|---|
| | Shipping to US(48 States) () |

**Order Total Estimate**

# Exhibit C





Exhibit D

US007281642B2

(12) **United States Patent**
Orlowski

(10) Patent No.: **US 7,281,642 B2**
(45) Date of Patent: **Oct. 16, 2007**

(54) **SQUIRTING TOY**

(75) Inventor: **Boguslaw Orlowski**, Oceanside, CA (US)

(73) Assignee: **Prime Time Toys, Ltd.**, Kwun Tong (HK)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 219 days.

(21) Appl. No.: **10/942,326**

(22) Filed: **Sep. 16, 2004**

(65) **Prior Publication Data**

US 2006/0060604 A1    Mar. 23, 2006

(51) **Int. Cl.**
*A63H 3/18*      (2006.01)
*G01F 11/00*     (2006.01)
*A62C 31/02*     (2006.01)

(52) **U.S. Cl.** .......................... 222/79; 222/409; 239/394

(58) **Field of Classification Search** .................. 222/79, 222/409; 446/153, 473; 482/55, 111; 92/249
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

213,050 A      3/1879    Lewis

| | | |
|---|---|---|
| D26,839 S | 3/1897 | Lines |
| 1,031,526 A | 7/1912 | Cloud, Jr. |
| 1,394,456 A | 10/1921 | Wanat |
| 2,573,375 A | 10/1951 | Winstead |
| D240,130 S | 6/1976 | Folke |
| 4,597,527 A | 7/1986 | Sands |
| 4,627,796 A | 12/1986 | Moore |
| 5,009,413 A | 4/1991 | Allen |
| 5,199,114 A | 4/1993 | Christopher |
| 5,231,951 A * | 8/1993 | Tagar et al. ................. 114/345 |
| 5,266,069 A * | 11/1993 | Thorne ....................... 482/111 |
| 5,928,053 A | 7/1999 | Henderson |
| 5,992,697 A | 11/1999 | James |

* cited by examiner

*Primary Examiner*—Gregory L. Huson
*Assistant Examiner*—Kristie A. Mahone
(74) *Attorney, Agent, or Firm*—Amster, Rothstein & Ebenstein

(57)        **ABSTRACT**

A squirting toy is comprised of a cylindrical housing and a piston that slides within to force water into or out of the housing via a hole therein. The housing is encased within a polyethylene closed cell foam shell. The shell is non-absorbing, so that the foam remains buoyant and keeps the gun afloat indefinitely when left in water. The foam is soft, so that the gun is not a safety hazard when left floating in a swimming pool.

**13 Claims, 4 Drawing Sheets**







*Fig. 3.*



Fig. 4.



*Fig. 5.*

US 7,281,642 B2

**1**

## SQUIRTING TOY

### FIELD OF THE INVENTION

The present invention is a water squirting apparatus for use at play. More specifically, it is a soft floating tubular piston type squirt gun for use such as in a swimming pool or swimming area by participants in or adjacent to the water.

### BACKGROUND AND OBJECTS OF THE INVENTION

Squirt guns are well known in many forms in the prior art. Numerous squirt guns and squirting toys are made and have been made over the years for use by persons while swimming in or standing adjacent to a swimming pool, which are adapted to quickly take in water from the swimming pool for squirting. One such toy is called Water Stix™ and is sold by Hearthsong Inc. This toy, representative of many such squirting toys, is basically comprised of a housing having a nozzle at its squirting end. A piston, which includes a graspable handle, is adapted to slide within the housing so that, when the nozzle end of the housing is submerged in the pool and the piston is pulled backwards, water is drawn into the housing through the nozzle. And when the piston is subsequently forced forwardly, that water is forced from the housing, through the nozzle, towards a target, in a powerful stream.

Additionally, many squirt guns of the prior art are constructed in a manner that entraps air and thereby inadvertently enables those guns to partially float in water. The degree of such buoyancy is relative to the amount of water that has been taken into the gun and the longevity of such buoyancy is relative to the to the amount of air leakage from the housing.

There are also floating toy "swimming noodles" in the prior art, which are made of resilient floating closed-cell polymer foam. These toys are used to provide buoyancy to the user while swimming. Because these toys are often left floating in the pool when not in use, their softness eliminates the safety threat that they would otherwise pose.

It is therefore an object of the present invention to provide an improved squirting toy that floats fully atop the surface of the water, whether filled with or empty of water.

It is a further object to provide a soft squirting toy that is safer that squirting toys of the prior art.

It is a further object to provide a squirting toy that is both buoyant and soft.

It is a further object to provide such a squirting toy that has a similar appearance to a "swimming noodle".

Further objects and advantages of the invention will be apparent upon a review of the following description and drawings of the invention, including the preferred embodiment thereof.

### SUMMARY OF THE INVENTION

The present invention comprises a squirting toy that is housed within a polyethylene (PE) closed cell foam shell. The closed cell shell is non-absorbing, so that the foam remains buoyant and keeps the gun afloat indefinitely. The foam is soft, so that the gun is not a safety hazard when left floating in a swimming pool. In the preferred embodiment, the squirting toy is comprised of a cylindrical housing and a piston that slides within to force water into or out of the housing via a hole therein. The foam shell of the preferred

**2**

embodiment is similar in size and shape to a "swimming noodle", and is therefore more attractive to a child who is familiar with such.

A more complete understanding of the invention will be realized upon review of the following description and drawings of the Preferred embodiment of the invention.

### BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is an action view of a squirting toy according to the preferred embodiment of the invention showing water being expelled there-from.

FIG. 2 is a cross-sectional view through the toy of FIG. 1 in its retracted/empty state.

FIG. 3 is an enlarged partial section of the toy of FIG. 1 floating in water,

FIG. 4 is an action cross-sectional view in showing the intake of water into the toy of FIG. 1, and

FIG. 5 is an action cross-sectional view in showing the expulsion of water from the toy of FIG. 1.

### DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

The Preferred embodiment of the invention is shown in FIGS. 1 though 5, where there is depicted a toy **100** for squirting a water stream **102**, and which is adapted to float on the water surface **104**.

The toy comprises a rigid tubular housing **106** that encloses a hollow cylindrical chamber **110**. The forward end **112** of the tubular housing is closed except for a small hole **114**. Piston **116** slides longitudinally within chamber **110** and is sealed against the cylindrical inner surface **120** of the chamber by o-ring **122**, which is seated within groove **124** of the piston. The piston separates the chamber **110** into a forward portion **110A** and a rear portion **110B**. The piston **116** is rigidly connected to shaft **124** at the forward end **126** thereof. Slide bushing **128** supports shaft **124** at the rear end **130** of the tubular housing **106**, while allowing longitudinal movement relative thereto. Handle portion **132** is rigidly connected to shaft **124** at the rearward end **134** thereof. Expansion of the handle portion **132** relative to the tubular housing **106**, while hole **114** is below the water surface **104**, as depicted in FIG. 4, causes water to be inhaled into the expanding forward chamber portion **110A**, through hole **114**. Subsequent retraction of the handle portion **132** relative to the tubular housing **106** causes that water to be exhaled through hole **114** in a powerful stream **102**.

Tubular shell **138**, preferably made of closed-cell polyethylene foam, surrounds tubular housing **106**, to provide both a soft protective surface and buoyancy. Other materials may be substituted for polyethylene foam, such as ethylene vinyl acetate closed-cell foam.

Handle portion **132** also includes handle shell **140**, which is preferable made of the same foam, and is rigidly connected shaft **124** by means of support bushings **144** and **146**. Alternatively, other materials having sufficient buoyancy, softness, and water impermeability, such as polyurethane foam, may be used for both the tubular and handle shells. Or the shells could instead be replaced by blow molded or rotationally molded air-filled cylindrical bladders. When the handle portion is retracts as in FIG. 2, the shells create a similar appearance and feel to those of a common "swimming noodle".

It will be appreciated by those skilled in the applicable arts that the foregoing is merely one of many possible

US 7,281,642 B2

3

embodiments of the invention, and that the invention should therefore only be limited according to the following claims.

I claim:

1. An expandable and contractible toy for receiving and storing water when disposed towards an expanded configuration, and squirting water when disposed towards a contracted configuration, the toy being encased in a soft material along its entire length when in the contracted configuration, the soft material having a buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water, the toy having a cylinder shape and a uniform cross section along its entire length when in the contracted configuration.

2. The toy of claim 1 wherein said soft material is closed-cell polymer foam.

3. The toy of claim 1 wherein said material is closed-cell polyethylene foam.

4. The toy of claim 1 wherein said material is closed-cell ethylene vinyl acetate foam.

5. A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, the outer shell covering the entire tubular housing from the first end to the second end to provide the toy with a cylinder shape, said tubular housing having a uniform cross-section along its entire length when said chamber is fully contracted.

6. The toy of claim 5 wherein said soft material is closed-cell polymer foam.

7. The toy of claim 5 wherein said material is closed-cell polyethylene foam.

4

8. The toy of claim 5 wherein said material is closed-cell ethylene vinyl acetate foam.

9. The toy of claim 5 wherein said chamber comprises a cylinder and said means for expansion and contraction of said chamber is a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

10. The toy of claim 5 wherein said soft material is closed-cell polymer foam.

11. The toy of claim 5 wherein said material is closed-cell polyethylene foam.

12. The toy of claim 5 wherein said material is closed-cell ethylene vinyl acetate foam.

13. A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, said outer shell covering the tubular housing from adjacent the first end to adjacent the second end, said chamber comprising a cylinder and said means for expansion and contraction of said chamber being a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber, said tubular housing having a uniform cross-section along its entire length when said chamber is fully contracted.

* * * * *

# Exhibit E



**TARGET**
EXPECT MORE. PAY LESS.

RIVERDALE - 973-850-2861
02/09/2008     12:04 PM
RECEIPT EXPIRES ON 05/09/08

091110192      FUNNOODLE      T      11.98
                   2 @ 5.99

                        SUBTOTAL      11.98
T = NJ TAX  7.0000% on   11.98       0.84
                         TOTAL       12.82

       *2987 MASTERCARD CHARGE       12.82

   RECEIPT ID# 2-8040-2247-0080-7129-5
      VCD# 752-258-648 TM#****2729

Exhibit F

# AMSTER ROTHSTEIN & EBENSTEIN LLP

*Intellectual Property Law*

90 Park Avenue
New York NY 10016
Main 212 336 8000
Fax 212 336 8001
Web www.arelaw.com

**Partners**
Morton Amster
Jesse Rothstein (1914-2001)
Daniel Ebenstein
Philip H. Gottfried
Michael J. Berger
Neil M. Zipkin
Anthony F. Lo Cicero
Kenneth P. George
Abraham Kasdan, Ph.D.
Ira E. Silfin
Chester Rothstein
Craig J. Arnold

Kenneth M. Bernstein
Joseph M. Casino
Michael V. Solomita
Charles R. Macedo

**Senior Counsel**
John S. Economou
Marion P. Metelski
Alan D. Miller, Ph.D.

**Associates**
Patrick Boland*
Holly Pekowsky

Michael P. Kenney
Max Vern
Brian A. Comack
Richard S. Mandaro
Marc J. Jason
David Mitnick
Charles W. Rath
David A. Boag
Matthieu Hausig
Jung S. Hahn
Reiko Kaji
Norajean McCaffrey
Benjamin M. Halpern*

Matthew A. Fox
Michael J. Kasdan
Rebecca R. Eisenberg
Stuart Shapley
Howard Wizenfeld
Steven B. Gauthier
Peter R. Vogel
Brett M. Pinkus*

*Not admitted in New York

February 21, 2008

Neil M. Zipkin
Direct 212 336 8120
E-mail nzipkin@arelaw.com

**_via_ Fax and Federal Express**

Legal Department
Jakks Pacific, Inc.
22619 Pacific Coast Highway
Malibu, CA 90265
Tel: 310-456-7799
Fax: 310-317-8527

      Re:    Prime Time Toys, Inc.
              Notice of Intellectual Property Rights
              Our File: 69281/93

Dear Sirs:

      We are U.S. intellectual property counsel to Prime Time Toys, Inc. ("Prime Time"). Prime Time is a designer, manufacturer, and seller of original, innovative high quality toys and games, which Prime Time protects through patents, trademarks, and copyrights. One such toy is the water product sold under the trademark MAX LIQUIDATOR. A representative photograph of the MAX LIQUIDATOR product is attached as Exhibit A.

      Prime Time is the owner of U.S. Patent No. 7,281,642 ("the '642 Patent") entitled "Squirting Toy" (a copy of which is attached to this letter as Exhibit B). Additionally, Prime Time is the owner of other U.S. Patents and pending patent applications covering related designs and subject matter, in the U.S. and throughout the world.

391331.1

Jakks Pacific, Inc.                          -2-                          February 21, 2008

      Prime Time has become aware of your company's offer for sale and sale in the United States of the "CREATURE CANNON", one example of which is shown below:

 

Prime Time is also aware of several modifications of the CREATURE CANNON involving the head disposed over the squirting end of the toy. The CREATURE CANNON, in all modified forms we have seen, violates Prime Time's intellectual property rights. Specifically, the CREATURE CANNON literally infringes the '642 Patent. The mere addition of an element, namely a fanciful head, to a product that infringes the '642 Patent, does not avoid infringement of the '642 Patent.

      It is Prime Time's policy to require infringers to (i) immediately cease all infringement of its intellectual property rights and recall infringing products from retailers; and (ii) compensate Prime Time for past infringement.

      Based on the foregoing and Prime Time's familiarity with and personal respect for your President, Mr. Jack Friedman, and your company, Prime Time would like to immediately discuss a prompt, economical and final resolution of this conflict. Please inform us of your willingness to discuss the matter as soon as possible, but in no event later than February 28, 2008.

391331.1

Jakks Pacific, Inc.                    -3-                    February 21, 2008

       Nothing in this letter is intended to waive our client's rights, all of which are expressly reserved.

                                       Very truly yours,

                               AMSTER, ROTHSTEIN & EBENSTEIN LLP

                               Neil Zipkin

NMZ/cab
Attachments

cc:    Francis Chia, Prime Time Toys, Ltd.

391331.1