Neil M. Zipkin (NZ 4718)
Chester Rothstein (CR 1417)
David A. Boag (DB 9899)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York  10016
(212) 336-8000

Attorneys for Plaintiff
Prime Time Toys, Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| PRIME TIME TOYS, LTD,<br><br>　　　　　　Plaintiff<br><br>　　v.<br><br>JAKKS PACIFIC, INC.,<br><br>　　　　　　Defendant. | 08-CV-02909-NRB<br>ECF Case |

- - - - - - - - - - - - - - - - - - - - - - - x

### REPLY TO COUNTERCLAIM

Prime Time Toys, Ltd. (hereinafter referred to as "PTT") answers the Counterclaim of Defendant Jakks Pacific, Inc. ("Jakks Pacific") as follows:

### JURISDICTION AND VENUE

1.　　PTT admits the allegations of Paragraph 1 of the Counterclaim.

2.　　PTT admits the allegations of Paragraph 2 of the Counterclaim.

3.　　PTT admits the allegations of Paragraph 3 of the Counterclaim.

4.　　PTT admits the allegations of Paragraph 4 of the Counterclaim.

404241.1

## BACKGROUND

5.    PTT admits the allegations of Paragraph 5 of the Counterclaim.

6.    PTT admits that in a February 27, 2008 letter, Jakks Pacific made several arguments that it did not infringe any of the independent claims of the '642 Patent, but denies the remaining allegations of Paragraph 6 of the Counterclaim.

7.    PTT admits that on or about March 25, 2008 counsel for PTT sent a letter to Jakks Pacific announcing that it had filed a suit for patent infringement, but denies the remaining allegations of Paragraph 7 of the Counterclaim.

8.    PTT admits that on or about April 8, 2008, counsel for PTT received a letter from Jakks Pacific in which it made several arguments that it did not infringe any of the independent claims of the '642 Patent, but denies the remaining allegations of Paragraph 8 of the Counterclaim.

9.    PTT admits that it did not provide a written response to the April 8, 2008 letter, but denies the remaining allegations of Paragraph 9 of the Counterclaim.

10.    PTT denies the allegations of Paragraph 10 of the Counterclaim.

## COUNT I

11.    PTT repeats its responses to Paragraphs 1 through 10 as if fully set forth herein.

12.    PTT admits that the '642 Patent has three independent claims, but denies the remaining allegations of Paragraph 12 of the Counterclaim.

13.    PTT admits that independent Claim 1 of the '642 Patent requires, in part, that the toy be "encased in the soft material along its entire length when in the contracted configuration," but denies the remaining allegations of Paragraph 13 of the Counterclaim.

14.    PTT denies the allegations of Paragraph 14 of the Counterclaim.

15.    PTT denies the allegations of Paragraph 15 of the Counterclaim.

16.    PTT admits that independent Claim 5 requires, in part, "an outer shell

covering the entire tubular housing from the first end to the second end to provide the toy with a cylinder shape, said tubular housing having a uniform cross-section along its entire length when said chamber is fully contracted," but denies the remaining allegations of Paragraph 16 of the Counterclaim.

17. PTT denies the allegations of Paragraph 17 of the Counterclaim.

18. PTT denies the allegations of Paragraph 18 of the Counterclaim.

19. PTT denies the allegations of Paragraph 19 of the Counterclaim.

20. PTT admits that in the remarks accompanying a June 15, 2007 Amendment, Applicant stated that: "although the Henderson Patent teaches the use of a foam rubber handle 28 on a toy that uses a whipping action to fling water, the handle is only disposed at one end of the toy, and not over substantially the entire length of the toy, as in the claimed invention." PTT denies the remaining allegations of Paragraph 20 of the Counterclaim.

21. PTT admits that in the June 15, 2007 Amendment, it amended application Claims 9 and 18 to require a "tubular housing having uniform cross-sections" along substantially the entire length when the chamber is fully contracted. PTT denies the remainder of the allegations in Paragraph 21 of the Counterclaim.

22. PTT denies the allegations of Paragraph 22 of the Counterclaim.

23. PTT denies the allegations of Paragraph 23 of the Counterclaim.

24. PTT admits that Claim 13 requires, in part, an "outer shell covering the tubular housing from adjacent the first end to adjacent the second end . . ." PTT denies the remainder of Paragraph 24 of the Counterclaim.

25. PTT admits that the specification of the '642 Patent discloses, in part, that "[t]ubular shell 138, preferably made of closed-cell polyethylene foam, surrounds tubular housing 106, to provide both a soft protective surface and buoyancy"; however, such disclosure is merely a preferred embodiment and does not limit the scope of the claims. PTT denies the remainder of Paragraph 25 of the Counterclaim.

26. PTT denies the allegations of Paragraph 26 of the Counterclaim.

27. PTT denies the allegations of Paragraph 27 of the Counterclaim.

28. PTT denies the allegations of Paragraph 28 of the Counterclaim.

29. PTT denies the allegations of Paragraph 29 of the Counterclaim.

30. PTT denies the allegations of Paragraph 30 of the Counterclaim.

31. PTT denies the allegations of Paragraph 31 of the Counterclaim.

## COUNT TWO

32. PTT repeats its responses to Paragraphs 1 to 31 of the Counterclaim as if set forth fully herein.

33. PTT denies the allegations of Paragraph 33 of the Counterclaim.

34. PTT denies the allegations of Paragraph 34 of the Counterclaim.

## AFFIRMATIVE DEFENSES

For its further and separate defenses to the Counterclaim, PTT alleges as follows:

1. Jakks Pacific's Counterclaims fail to state a claim upon which any relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, PTT respectfully demands judgment on Jakks Pacific's Counterclaim that:

A. The Court dismisses the Counterclaim of Jakks Pacific with prejudice;

B. The Court enters judgment in favor of PTT;

C. The Court finds this is an exceptional case and awards PTT its reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285; and,

D. The Court grants to PTT such other and further relief as this Court deems just and proper.

                    Respectfully submitted,

                    AMSTER, ROTHSTEIN & EBENSTEIN, LLP
                    90 Park Avenue
                    New York, New York  10016
                    Telephone No.: (212) 336-8000

                    Attorneys for Prime Time Toys, Ltd.

Dated:   July 11, 2008          By: _____/s/_____
                                          Neil M. Zipkin (NZ 4718)
                                          Chester Rothstein (CR 1417)
                                          David A. Boag (DB 9899)