Neil M. Zipkin (NZ 4718)
David A. Boag (DB9899)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
(212) 336-8000

Attorneys for Plaintiff
Prime Time Toys, Ltd.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - x

PRIME TIME TOYS, LTD.,

        Plaintiff

    v.

JAKKS PACIFIC, INC.,

        Defendant.

Civil Action No.: 08 Civ. 2909
(NRB/GWG)

ECF Case

- - - - - - - - - - - - - - - - - - - - - - x

**REPORT OF EARLY MEETING OF COUNSEL**

1.    Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on July 18, 2008 and was attended by:

    a.    Neil M. Zipkin and David Boag of Amster, Rothstein & Ebenstein, counsel for Plaintiff Prime Time Toys, Ltd. ("Prime Time"); and

    b.    Jonathan Honig and Larry Miller of Feder, Kaszovitz, Isaacson, Weber, Skala, Bass & Rhine, counsel for Defendant JAKKS Pacific, Inc. ("JAKKS").

2.    The parties discussed the nature and basis of the claims and defenses.

405545.1

3. JAKKS believes that the case can be resolved by a Fed. R. Civ. P. 12(c) motion to dismiss on the pleadings based on non-infringement of the patent and patent invalidity, and Prime Time objects to such motion but, if it is filed, proposes to cross-move for summary judgment of infringement. JAKKS objects to Prime Time's cross motion for summary judgment of infringement for the reasons set forth in its letters to the Court.

4. The parties agree to the proposed Case Management Plan set forth in the attached Proposed Case Management Plan, to the extent that the Court does not grant JAKKS' application to defer discovery pending the resolution of its 12( c ) motion..

5. The parties could not agree on the date for the exchange of initial disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(1). Prime Time has sought the exchange of initial disclosures on or before August 1, 2008, a date fourteen (14) days from the telephonic meeting. JAKKS proposes to delay the exchange until October 5, 2008 in view of its proposed Rule 12(c) motion.

6. The parties discussed settlement, and settlement does not appear likely at this time.

7. No changes will be required to the limitations on discovery imposed by the Federal Rules.

8. Notwithstanding the parties' respective objections to the proposed filings of Rule 12(c) and partial summary judgment motions, in the event that the motions are filed the parties propose the following tentative briefing schedule for JAKKS' Rule 12(c) motion and Prime Time's cross-motion:

    a. JAKKS to file its 12(c) motion: August 20, 2008;

    b. Prime Time to file its opposition and cross-motion: September 8, 2008;

      c.      JAKKS to file its reply and its opposition to Prime Time's motion by September 19, 2008; and

      d.      Prime Time to file its reply: September 29, 2008.

9.      The parties made the following miscellaneous agreements:

      a.      Only the final versions of expert reports will be produced. The parties agree not to seek the discovery of drafts of expert reports, working papers or notes generated by the experts as well as other work product of the experts unless disclosed in connection with an expert's testimony in the case or relied upon to refresh his or her recollection in connection with testimony given in the case.

      b.      The parties agree that neither party need produce a privilege log with respect to documents or things generated subsequent to March 19, 2008, the filing date of the present action.

      c.      The parties agree that service of documents by e-mail with a confirmation copy sent by Federal Express, next day delivery, is equivalent to service by hand effective on the day and time the e-mail is sent. Service by e-mail must be completed by 6:00 p.m. in the time zone of the party being served to be effective on that day.

      d.      The parties agree that the production of documents including ESI can be in hard copy form identified by Bates numbers or as PDF files and need not be in their native format. However, each party reserves its rights to seek production of metadata for specific documents.

      e.      The inadvertent production of any information protected from disclosure by the attorney-client privilege, the work product doctrine, the common interest doctrine, or other applicable immunities, shall not be deemed a waiver of any claim of privilege or protection from disclosure, provided that the producing party shall promptly notify the receiving party in

writing when the inadvertent production is discovered, request that the documents or materials containing such information be returned, and attach a privilege log including an entry pertaining to all such documents or materials. Within five (5) business days of receiving written notice from the producing party, the receiving party shall return or destroy all such privileged or protected information and all copies thereof. The receiving party shall also retrieve and destroy all descriptions of the privileged or protected information.

    f.  The parties intend to agree to a standard Confidentiality Agreement.

Respectfully submitted,

Neil M. Zipkin (NZ4718)
David Boag (DB9899)
AMSTER, ROTHSTEIN & EBENSTEIN, LLP
90 Park Avenue
New York, New York 10016
Telephone No.: (212) 336-8000

Attorneys for Plaintiff Prime Time Toys, Ltd.

Dated: July 23, 2008  By: /s/ Neil M. Zipkin

Jonathan Honig (JH7577)
Larry Miller (LM8323
Feder, Kaszovitz, Isaacson, Weber, Skala,
Bass & Rhine
750 Lexington Avenue
New York, New York 10022
Telephone No.: (212) 888-8200

Attorneys for Defendant JAKKS Pacific, Inc.

Dated: July 27, 2008  By: /s/