**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

PRIME TIME TOYS, LTD.,            )

                                 )  2008-CV-2909 (NRB/GWG)

             Plaintiff,     )

                                 )  **NOTICE OF MOTION**

            v.                )

                                 )  ECF CASE

JAKKS PACIFIC, INC.,          )

                                 )

                                 )

            Defendant.    )

        **PLEASE TAKE NOTICE** that upon the Declaration of Larry Miller dated August 20, 2008, and the exhibits annexed thereto, and the accompanying Memorandum of Law, and upon all pleadings and proceedings heretofore had herein, defendant JAKKS Pacific, Inc. will move this Court, before the Hon. Naomi R. Buchwald, at the Courthouse thereof located at 500 Pearl Street, New York, New York, on the 24th day of September, 2008 at 3:30 P.M. or as soon thereafter as counsel can be heard, for an Order pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure declaring independent claim 13 of U.S. Patent No. 7,281,642 invalid for failure

to comply with the requirements of 35 U.S.C. § 112, paragraph 1 and for such other and further

relief as this Court deems just and necessary.

Dated: New York, New York
          August 20, 2008

                                    **FEDER, KASZOVITZ, ISAACSON,
                                     WEBER, SKALA, BASS & RHINE LLP**


                                    By: _____/s/ Larry Miller_____
                                          Larry Miller (LM-8323)

                                    Attorneys for Defendant,
                                    JAKKS Pacific, Inc.
                                    750 Lexington Avenue
                                    New York, New York 10022
                                    (212) 888-8200

r:\wpdoc\lm\JAKKS motion to dismiss – Notice of Motion.doc

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PRIME TIME TOYS, LTD., | ) |
| | ) 2008-CV-2909 (NRB/GWG) |
| Plaintiff, | ) |
| | ) |
| v. | ) ECF CASE |
| | ) |
| JAKKS PACIFIC, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DECLARATION OF LARRY MILLER**

LARRY MILLER declares, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am an associate at Feder, Kaszovitz, Isaacson, Weber, Skala, Bass & Rhine LLP, counsel for defendant in this matter.

2.      Attached hereto as Exhibit A is a copy of the complaint herein.

3.      Attached hereto as Exhibit B is a copy of the answer and counterclaims herein, with attachments including Exhibit 5 thereto, the File Wrapper of U.S. Pat. No. 7,281,642 ("the '642 Patent").

4.      For the convenience of the Court, attached hereto as Exhibit C is a copy of the File Wrapper of the '642 Patent, a copy of Exhibit 5 of Defendant's answer and counterclaim, except that it is paginated.

5.      Attached hereto as Exhibit D is a copy of Plaintiff's answer to the counterclaims.

6.      Attached hereto as Exhibit E is a copy of U.S. Pat. No. 5,928,053 ("Henderson").

7.      Attached hereto as Exhibit F is a copy of U.S. Pat. No. 4,597,527

("Sands").

8.      Attached hereto as Exhibit G is a copy of U.S. Pat. No. 5,231,951

("Tagar").

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       August 20, 2008


                              _____/s/ Larry Miller_____
                              **LARRY MILLER**


r:\wpdoc\jdh\ptt  mtdfrcp12c– Miller Declaration.doc

EXHIBIT A

# JUDGE BUCHWALD

Neil M. Zipkin (NZ 4718)
Chester Rothstein (CR 1417)
Michael P. Kenney (MK 0740)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York 10016
(212) 336-8000

Attorneys for Plaintiff
Prime Time Toys, Ltd.

# 08 CV 2909

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAR 1 9 2008

U.S.D.____ N.Y.
CASHIERS

- - - - - - - - - - - - - - - - - - - - - -x

PRIME TIME TOYS, LTD,

                 Plaintiff

          v.

JAKKS PACIFIC, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - -x

Civil Action No.: _____

            ECF Case

## COMPLAINT

Prime Time Toys, Ltd. (hereinafter referred to as "PTT") through their attorneys,

complaining of Jakks Pacific, Inc. (hereinafter referred to as "Jakks Pacific"), alleges as

follows:

## THE PARTIES

1.     Plaintiff PTT is a corporation duly organized and existing under the

laws of Hong Kong, having offices and places of business at Suite 5,2/F, Kwong Sang

393178.1

Hong Centre, Kwun Tong, Hong Kong and 200 Wanaque Avenue, Suite 101, Pompton

Lakes, NJ 07442. PTT is transacting and doing business within this judicial district.

2.    Upon information and belief, defendant Jakks Pacific is a

corporation organized and existing under the laws of the State of Delaware, having a

principal office at 22619 Pacific Coast Hwy, Malibu, CA 90265 and an office at 11 East

26th Street, New York, NY 10010.

3.    This action arises under the patent laws of the United States, 35

U.S.C. § 100 *et seq*. This Court has jurisdiction over these claims pursuant to 28 U.S.C.

§§1331 and 1338.

4.    Venue is proper pursuant to 28 U.S.C. §§1391 and 1400(a).

5.    Upon information and belief, Exhibit A is a true and correct

photograph of two floating squirting toys offered for sale, sold and/or imported into the

United States by Defendant Jakks Pacific, this toy hereinafter referred to as "the

CREATURE CANNON".

6.    Upon information and belief, Exhibit B is a true and correct print-

out of a website offering for sale the Jakks Pacific CREATURE CANNON and offering the

option, by drop-down menu, to ship the CREATURE CANNON within New York State

and this judicial district.

7. Upon information and belief, Jakks Pacific has an office within the State of New York and within this judicial district, has offered to sell the CREATURE CANNON within the State of New York.

8. Upon information and belief, Jakks Pacific annually participates as an exhibitor at the Toy Industry Association, Inc. (hereinafter "TIA"), Toy Fair held at the Jacob Javits Center on 11th Avenue between West 34th Street and West 39th Street. Upon information and belief, Jakks Pacific offered the CREATURE CANNON for sale at the TIA Toy Fair from February 17-20, 2008 and orders for the CREATURE CANNON were taken at the 2008 TIA Toy Fair.

9. By way of example only and without limitation, upon information and belief, Jakks Pacific has directly and/or indirectly, through the internet, convention participation, distributors, retailers, an agent and/or otherwise, offered for sale, sold and/or delivered the CREATURE CANNON, including within the State of New York and this judicial district.

10. Upon information and belief, Jakks Pacific derives substantial revenue from interstate commerce.

11. The aforementioned actions subject Jakks Pacific to personal jurisdiction under New York's "long arm" statute, C.P.L.R. §302, and the exercise of such jurisdiction comports with due process.

12. More specifically, upon information and belief, the aforementioned acts constitute Jakks Pacific transacting business within the State of New York,

contracting to supply goods in the State of New York and/or committing a tortious act outside the State of New York causing injury to person or property within the State of New York with the expectation or reasonable expectation that the tortious act will have consequences in the State of New York.

13.   This Court has personal jurisdiction over defendant Jakks Pacific under Rule 4 of the Federal Rules of Civil Procedure, in that Jakks Pacific is domiciled within the State of New York and this judicial district, has committed acts of patent infringement within the State of New York and this judicial district and has committed acts of patent infringement having effects within the State of New York and this judicial district.

## BACKGROUND

14.   PTT is engaged, *inter alia*, in the design, manufacture, marketing, distribution, and sale of toys.  PTT sells toys to retailers and distributors.

15.   PTT currently sells in the United States a toy under the trademark "MAX LIQUIDATOR".  A true and correct copy of packaging material for PTT's MAX LIQUIDATOR is attached as Exhibit C.

16.   On October 16, 2007, the U.S. Patent and Trademark Office issued U.S. Patent No. 7,281,642 B2, which is entitled "SQUIRTING TOY" (hereinafter "the '642 Patent").  The '642 Patent is valid and subsisting and is entitled to a presumption of validity under 35 U.S.C. §282.  A true and correct copy of the '642 Patent is attached as Exhibit D.

17.     PTT is the sole owner of the '642 Patent.

18.     MAX LIQUIDATOR is a commercial embodiment of the '642 Patent.

19.     Every MAX LIQUIDATOR sold by PTT in the United States has been marked "U.S. Patent No. 7,281,642" since shortly after issuance of the '642 Patent in October 2007.

20.     Upon information and belief, Jakks Pacific offered to sell, sold and shipped the CREATURE CANNON to distributors and retailers.  Exhibit E is a true and correct copy of a sales receipt for 2 CREATURE CANNONS purchased on February 9, 2008.

21.     The CREATURE CANNON infringes the '642 Patent.

22.     Upon information and belief, Jakks Pacific has sold, offered to sell or imported in or into the United States the CREATURE CANNON knowing the CREATURE CANNON is an infringement of the '642 Patent.

23.     On or about February 21, 2008, PTT notified Jakks Pacific of the rights conferred to PTT by the '642 Patent and the infringement of these rights by the CREATURE CANNON.  By this letter, PTT also demanded cessation of sale, offers for sale, importation and distribution of JAKKS PACIFIC CREATURE CANNON and all similar products that infringe the '642 Patent.  A true and correct copy of PTT's letter of February 21, 2008 is attached as Exhibit F.

24.    Upon information and belief, Jakks Pacific's commercial activities relating to the making, using, offering for sale, selling, and/or importing into the United States the CREATURE CANNON have continued and are continuing with knowledge of the '642 Patent, in spite of the objectively high likelihood that Jakks Pacific's actions constitute infringement of the '642 Patent. These commercial activities are, at a minimum, in reckless disregard of PTT's rights under the '642 Patent. Such acts of infringement have therefore been intentional, deliberate and willful.

## COUNT I
## PATENT INFRINGEMENT BY JAKKS PACIFIC OF U.S. PATENT NO. 7,281,642

25.    Paragraphs 1 through 24 of this Complaint are incorporated as if set forth in their entirety here.

26.    Jakks Pacific has infringed and is still infringing the '642 Patent by manufacturing, importing, selling and/or offering for sale the CREATURE CANNON and/or other toys which embody the subject matter claimed in the '642 Patent.

27.    Jakks Pacific has actively induced others to infringe the '642 Patent by the sale, offer for sale, importation and/or use of the JAKKS PACIFIC CREATURE CANNON, JAKKS PACIFIC CREATURE CANNON and/or other toys which embody the subject matter claimed in the '642 Patent.

28.    Jakks Pacific has sold, offered to sell or imported in or into the United States the CREATURE CANNON knowing these toys infringe the '642 Patent.

Thus, Jakks Pacific is contributorily infringing the '642 Patent by its actions with regard to the CREATURE CANNON.

29.    Upon information and belief, Jakks Pacific had notice of the '642 Patent as early as approximately October 2007.

30.    Upon information and belief, Jakks Pacific had actual notice of the '642 Patent at least as early as February 21, 2008.

31.    This is an exceptional case within the provisions of 35 U.S.C. §285 and, accordingly, PTT is entitled to an award of reasonable attorney's fees.

32.    PTT has suffered monetary damage as a result of Jakks Pacific's acts complained of herein, in an amount thus far not determined.

33.    PTT has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, PTT pray for judgment that:

A.    This Court declares that Jakks Pacific has infringed U.S. Patent No. 7,281,642 ("the '642 Patent") and that such infringement has been willful;

B.    Jakks Pacific and its officers, agents, servants, employees and attorneys and any and all persons in active concert or participation with Jakks Pacific, be enjoined from making, using, offering for sale,

selling, and/or importing into the United States toys that infringe the '642 Patent;

C.    Jakks Pacific and its officers, agents, servants, employees and attorneys and any and all persons in active concert or participation with Jakks Pacific, be enjoined from inducing infringement of the '642 Patent or contributorily infringing the '642 Patent;

D.    PTT be awarded damages adequate to compensate PTT for Jakks Pacific infringement of the '642 Patent, including PTT's profits lost as a result of infringement of the '642 Patent, and that the damages be enhanced due to the willfulness of the infringement, in accordance with 35 U.S.C. §284;

E.    Jakks Pacific be ordered to deliver up for destruction all toys in their possession, custody or control that infringe the '642 Patent;

F.    This case is exceptional under 35 U.S.C. §285 and that PTT be awarded their costs and attorney's fees, pursuant to 35 U.S.C. §285; and

G.    PTT be awarded such other and further relief as the Court deems just and equitable.

### Jury Demand

PTT hereby demand a trial by jury as to all issues so triable.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN, LLP
90 Park Avenue
New York, New York  10016
Telephone No.: (212) 336-8000

Attorneys for Prime Time Toys, Ltd.

Dated:   March 19, 2008          By:_____
                                     Neil M. Zipkin (NZ 4718)
                                     Chester Rothstein (CR 1417)
                                     Michael P. Kenney (MK 0740)

Exhibit A



# Exhibit B



# Opentip.com

**Premium shopping. Factory outlet price.**

**Order Hotline** 1-888-882-8232


SECURED BY GeoTrust

| Sporting Goods & Events Tickets | Office Products | Home & Garden | Musical Instruments | Electronics & Computers | Jewelry & Watches | Apparel & Accessories | Gift & Promotion |
|---|---|---|---|---|---|---|---|

**Search:** All Categories [ ] GO

Top » Home & Garden » Toys & Games » Activities & Learning » JAK-00315

My Account | Cart Contents | Checkout

**Order Hotline**

**877-673-6847**

**781-583-7536**

**Call Us Online**

## JAKKS CREATURE CANNON(Price per each), Activities & Learning, Toys & Games, Home & Garden



Click to enlarge

**Model:** JAK-00315 Have Questions?

**Price:** $4.36

Quantity: 36


Add to Shopping Cart

\* Click "Add to Shopping Cart" to calculate shipping.

**Live Chat**
*click for live support*

**Notifications** ▶

Notify me of updates to **JAKKS CREATURE CANNON (Price per each), Activities & Learning, Toys & Games, Home & Garden**

**Tell A Friend**

✉

Tell someone you know about this product.

**Reviews** ▶

Write a review on this product!

## Product Description

Minimum order 3 packs.
NO BREAKING OF CASES WHERE A CASE QUANTITY IS DETERMINED.OTHERWISE YOUR ORDER WILL BE DENIED

Creature Cannon America's #1 selling pool toy. Drenching pool fun! Squirts water over 30 feet! Comes with 3 unique creature heads in a colorful counter display.

Master Pack of 12

## Optional Related Products



Dot Richardson Prints,
Activities & Learning,
Toys & Games, Home &
Garden
Model: GIR-DR5
$7.36



Bulging Brains,Action
Figures
Model: GAL-LL21007
$11.64



Safari,Activities &
Learning
Model: FLA-SAF9OV
$314.74



ABC123,Activities &
Learning
Model: FLA-ABC1215
$499.28



Dot Richardson Go for
It! Prints, Activities &
Learning, Toys &
Games, Home & Garden
Model: GIR-DR3
$7.36



Left Brain™,Activities &
Learning,toys&games
Model: BAB-20029
$16.59

## Customer Reviews



Write Review

There are currently no product reviews.

**Top » Home & Garden » Toys & Games » Activities & Learning » JAK-00315**
**Shipping & Returns | Privacy Notice | Site Map | About Us | Contact Us | Reseller | Affiliate |**
**Catalog Download | Links**
**Premium Shopping. Factory Pricing.**
Copyright © 2005 - 2008 Opentip.com

# Opentip.com

**Premium shopping. Factory outlet price.**

*Order Hotline* **1-888-882-8232**

SECURED BY GeoTrust 

| Sporting Goods & Events Tickets | Office Products | Home & Garden | Musical Instruments | Electronics & Computers | Jewelry & Watches | Apparel & Accessories | Gift & Promotion |
|---|---|---|---|---|---|---|---|

**Search:** All Categories [                    ] GO

**Top » Cart Contents**

■Order Hotline

## 877-673-6847

## 781-583-7536

## Call Us Online

 **Live Chat**
*click for live support*

■Free Shipping Promotion



■Special Offers

- **Scoreboards**
- **Overstock Clearance**
- **Monthly Promotion**
- **Featured Products**

■Categories

▸Apparel & Accessories
▸Bulk Sale
▸Electronics & Computers
▸Gifts & Promotion
▸Home & Garden
▸Jewelry & Watch

# What's In My Cart?

| Remove | Model | Product(s) | |
|---|---|---|---|
| ☐ | JAK-00315 |  | **JAKKS CREATURE CANNON(Price per** Toys & Games, Home & Garden ( **Out of Stock** Temporarily, **Explore**, Sea |

**\* We're sorry! The product you have chosen is currently unavailable for purch
\* Products marked with "OUT OF STOCK" indicate that we are temporarily ou
\* Please remove them from your cart then you can purchase other items**

[⟲ *Update*]          [Continue Shopping]

■**Shipping Estimate**

**Items:**            36

Country:  United States                    State/Province:  Pl

| Carrier | Delivery Methods |
|---|---|
| | Shipping to US(48 States) () |

■**Order Total Estimate**

Exhibit C





392617.1

# Exhibit D



US007281642B2

## (12) United States Patent
### Orlowski

(10) Patent No.: **US 7,281,642 B2**
(45) Date of Patent: **Oct. 16, 2007**

(54) **SQUIRTING TOY**

(75) Inventor: **Boguslaw Orlowski**, Oceanside, CA (US)

(73) Assignee: **Prime Time Toys, Ltd.**, Kwun Tong (HK)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 219 days.

(21) Appl. No.: **10/942,326**

(22) Filed: **Sep. 16, 2004**

(65)                **Prior Publication Data**

US 2006/0060604 A1      Mar. 23, 2006

(51) **Int. Cl.**
*A63H 3/18*      (2006.01)
*G01F 11/00*    (2006.01)
*A62C 31/02*    (2006.01)

(52) **U.S. Cl.** .......................... **222/79**; 222/409; 239/394

(58) **Field of Classification Search** ................ 222/79, 222/409; 446/153, 473; 482/55, 111; 92/249
See application file for complete search history.

(56)            **References Cited**

U.S. PATENT DOCUMENTS

213,050 A      3/1879  Lewis

D26,839 S      3/1897  Lines
1,031,526 A    7/1912  Cloud, Jr.
1,394,456 A    10/1921 Wanat
2,573,375 A    10/1951 Winstead
D240,130 S     6/1976  Folke
4,597,527 A    7/1986  Sands
4,627,796 A    12/1986 Moore
5,009,413 A    4/1991  Allen
5,199,114 A    4/1993  Christopher
5,231,951 A *  8/1993  Tagar et al. ................ 114/345
5,266,069 A *  11/1993 Thorne ....................... 482/111
5,928,053 A    7/1999  Henderson
5,992,697 A    11/1999 James

* cited by examiner

*Primary Examiner*—Gregory L. Huson
*Assistant Examiner*—Kristie A. Mahone
(74) *Attorney, Agent, or Firm*—Amster, Rothstein & Ebenstein

(57)                **ABSTRACT**

A squirting toy is comprised of a cylindrical housing and a piston that slides within to force water into or out of the housing via a hole therein. The housing is encased within a polyethylene closed cell foam shell. The shell is non-absorbing, so that the foam remains buoyant and keeps the gun afloat indefinitely when left in water. The foam is soft, so that the gun is not a safety hazard when left floating in a swimming pool.

13 Claims, 4 Drawing Sheets





Fig.1.

Fig.2.



Fig. 3.



*Fig. 4.*

Case 1:08-cv-02909-NRB    Document 12-3    Filed 08/20/2008    Page 24 of 32



*Fig. 5.*

US 7,281,642 B2

<table>
<tr><td>1</td><td>2</td></tr>
</table>

**SQUIRTING TOY**

FIELD OF THE INVENTION

The present invention is a water squirting apparatus for use at play. More specifically, it is a soft floating tubular piston type squirt gun for use such as in a swimming pool or swimming area by participants in or adjacent to the water.

BACKGROUND AND OBJECTS OF THE INVENTION

Squirt guns are well known in many forms in the prior art. Numerous squirt guns and squirting toys are made and have been made over the years for use by persons while swimming in or standing adjacent to a swimming pool, which are adapted to quickly take in water from the swimming pool for squirting. One such toy is called Water Stix™ and is sold by Hearthsong Inc. This toy, representative of many such squirting toys, is basically comprised of a housing having a nozzle at its squirting end. A piston, which includes a graspable handle, is adapted to slide within the housing so that, when the nozzle end of the housing is submerged in the pool and the piston is pulled backwards, water is drawn into the housing through the nozzle. And when the piston is subsequently forced forwardly, that water is forced from the housing, through the nozzle, towards a target, in a powerful stream.

Additionally, many squirt guns of the prior art are constructed in a manner that entraps air and thereby inadvertently enables those guns to partially float in water. The degree of such buoyancy is relative to the amount of water that has been taken into the gun and the longevity of such buoyancy is relative to the to the amount of air leakage from the housing.

There are also floating toy "swimming noodle" in the prior art, which are made of resilient floating closed-cell polymer foam. These toys are used to provide buoyancy to the user while swimming. Because these toys are often left floating in the pool when not in use, their softness eliminates the safety threat that they would otherwise pose.

It is therefore an object of the present invention to provide an improved squirting toy that floats fully atop the surface of the water, whether filled with or empty of water.

It is a further object to provide a soft squirting toy that is safer that squirting toys of the prior art.

It is a further object to provide a squirting toy that is both buoyant and soft.

It is a further object to provide such a squirting toy that has a similar appearance to a "swimming noodle".

Further objects and advantages of the invention will be apparent upon a review of the following description and drawings of the invention, including the preferred embodiment thereof.

SUMMARY OF THE INVENTION

The present invention comprises a squirting toy that is housed within a polyethylene (PE) closed cell foam shell. The closed cell shell is non-absorbing, so that the foam remains buoyant and keeps the gun afloat indefinitely. The foam is soft, so that the gun is not a safety hazard when left floating in a swimming pool. In the preferred embodiment, the squirting toy is comprised of a cylindrical housing and a piston that slides within to force water into or out of the housing via a hole therein. The foam shell of the preferred embodiment is similar in size and shape to a "swimming noodle", and is therefore more attractive to a child who is familiar with such.

A more complete understanding of the invention will be realized upon review of the following description and drawings of the Preferred embodiment of the invention.

BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is an action view of a squirting toy according to the preferred embodiment of the invention showing water being expelled there-from.

FIG. 2 is a cross-sectional view through the toy of FIG. 1 in its retracted/empty state.

FIG. 3 is an enlarged partial section of the toy of FIG. 1 floating in water,

FIG. 4 is an action cross-sectional view in showing the intake of water into the toy of FIG. 1, and

FIG. 5 is an action cross-sectional view in showing the expulsion of water from the toy of FIG. 1.

DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

The Preferred embodiment of the invention is shown in FIGS. 1 though 5, where there is depicted a toy 100 for squirting a water stream 102, and which is adapted to float on the water surface 104.

The toy comprises a rigid tubular housing 106 that encloses a hollow cylindrical chamber 110. The forward end 112 of the tubular housing is closed except for a small hole 114. Piston 116 slides longitudinally within chamber 110 and is sealed against the cylindrical inner surface 120 of the chamber by o-ring 122, which is seated within groove 124 of the piston. The piston separates the chamber 110 into a forward portion 110A and a rear portion 110B. The piston 116 is rigidly connected to shaft 124 at the forward end 126 thereof. Slide bushing 128 supports shaft 124 at the rear end 130 of the tubular housing 106, while allowing longitudinal movement relative thereto. Handle portion 132 is rigidly connected to shaft 124 at the rearward end 134 thereof. Expansion of the handle portion 132 relative to the tubular housing 106, while hole 114 is below the water surface 104, as depicted in FIG. 4, causes water to be inhaled into the expanding forward chamber portion 110A, through hole 114. Subsequent retraction of the handle portion 132 relative to the tubular housing 106 causes that water to be exhaled through hole 114 in a powerful stream 102.

Tubular shell 138, preferably made of closed-cell polyethylene foam, surrounds tubular housing 106, to provide both a soft protective surface and buoyancy. Other materials may be substituted for polyethylene foam, such as ethylene vinyl acetate closed-cell foam.

Handle portion 132 also includes handle shell 140, which is preferable made of the same foam, and is rigidly connected shaft 124 by means of support bushings 144 and 146. Alternatively, other materials having sufficient buoyancy, softness, and water impermeability, such as polyurethane foam, may be used for both the tubular and handle shells. Or the shells could instead be replaced by blow molded or rotationally molded air-filled cylindrical bladders. When the handle portion is retracts as in FIG. 2, the shells create a similar appearance and feel to those of a common "swimming noodle".

It will be appreciated by those skilled in the applicable arts that the foregoing is merely one of many possible

US 7,281,642 B2

| 3 | 4 |

embodiments of the invention, and that the invention should therefore only be limited according to the following claims.

I claim:

1. An expandable and contractible toy for receiving and storing water when disposed towards an expanded configuration, and squirting water when disposed towards a contracted configuration, the toy being encased in a soft material along its entire length when in the contracted configuration, the soft material having a buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water, the toy having a cylinder shape and a uniform cross section along its entire length when in the contracted configuration.

2. The toy of claim 1 wherein said soft material is closed-cell polymer foam.

3. The toy of claim 1 wherein said material is closed-cell polyethylene foam.

4. The toy of claim 1 wherein said material is closed-cell ethylene vinyl acetate foam.

5. A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, the outer shell covering the entire tubular housing from the first end to the second end to provide the toy with a cylinder shape, said tubular housing having a uniform cross-section along its entire length when said chamber is fully contracted.

6. The toy of claim 5 wherein said soft material is closed-cell polymer foam.

7. The toy of claim 5 wherein said material is closed-cell polyethylene foam.

8. The toy of claim 5 wherein said material is closed-cell ethylene vinyl acetate foam.

9. The toy of claim 5 wherein said chamber comprises a cylinder and said means for expansion and contraction of said chamber is a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

10. The toy of claim 5 wherein said soft material is closed-cell polymer foam.

11. The toy of claim 5 wherein said material is closed-cell polyethylene foam.

12. The toy of claim 5 wherein said material is closed-cell ethylene vinyl acetate foam.

13. A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, said outer shell covering the tubular housing from adjacent the first end to adjacent the second end, said chamber comprising a cylinder and said means for expansion and contraction of said chamber being a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber, said tubular housing having a uniform cross-section along its entire length when said chamber is fully contracted.

*    *    *    *    *

# Exhibit E



# Exhibit F

# AMSTER ROTHSTEIN & EBENSTEIN LLP

*Intellectual Property Law*

90 Park Avenue
New York NY 10016
Main  212 336 8000
Fax    212 336 8001
Web   www.arelaw.com

| | | | |
|---|---|---|---|
| *Partners* | Kenneth M. Bernstein | Michael P. Kenney | Matthew A. Fox |
| Morton Amster | Joseph M. Casino | Max Vern | Michael J. Kasdan |
| Jesse Rothstein (1914-2001) | Michael V. Solomita | Brian A. Comack | Rebecca R. Eisenberg |
| Daniel Ebenstein | Charles R. Macedo | Richard S. Mandaro | Stuart Shapley |
| Philip H. Gottfried | | Marc J. Jason | Howard Wizenfeld |
| Michael J. Berger | *Senior Counsel* | David Mitnick | Steven B. Gauthier |
| Neil M. Zipkin | John S. Economou | Charles W. Rath | Peter R. Vogel |
| Anthony F. Lo Cicero | Marion P. Metelski | David A. Boag | Brett M. Pinkus* |
| Kenneth P. George | Alan D. Miller, Ph.D. | Matthieu Hausig | |
| Abraham Kasdan, Ph.D. | | Jung S. Hahn | |
| Ira E. Silfin | *Associates* | Reiko Kaji | |
| Chester Rothstein | Patrick Boland* | Norajean McCaffrey | |
| Craig J. Arnold | Holly Pekowsky | Benjamin M. Halpern* | *Not admitted in New York |

February 21, 2008

Neil M. Zipkin
Direct 212 336 8120
E-mail nzipkin@arelaw.com

***via* Fax and Federal Express**

Legal Department
Jakks Pacific, Inc.
22619 Pacific Coast Highway
Malibu, CA 90265
Tel:  310-456-7799
Fax:  310-317-8527

      Re:   Prime Time Toys, Inc.
              Notice of Intellectual Property Rights
              Our File: 69281/93

Dear Sirs:

      We are U.S. intellectual property counsel to Prime Time Toys, Inc. ("Prime Time").  Prime Time is a designer, manufacturer, and seller of original, innovative high quality toys and games, which Prime Time protects through patents, trademarks, and copyrights.  One such toy is the water product sold under the trademark MAX LIQUIDATOR.  A representative photograph of the MAX LIQUIDATOR product is attached as Exhibit A.

      Prime Time is the owner of U.S. Patent No. 7,281,642 ("the '642 Patent") entitled "Squirting Toy" (a copy of which is attached to this letter as Exhibit B). Additionally, Prime Time is the owner of other U.S. Patents and pending patent applications covering related designs and subject matter, in the U.S. and throughout the world.

391331.1

Jakks Pacific, Inc.                      -2-                      February 21, 2008

Prime Time has become aware of your company's offer for sale and sale in the United States of the "CREATURE CANNON", one example of which is shown below:

 

Prime Time is also aware of several modifications of the CREATURE CANNON involving the head disposed over the squirting end of the toy. The CREATURE CANNON, in all modified forms we have seen, violates Prime Time's intellectual property rights. Specifically, the CREATURE CANNON literally infringes the '642 Patent. The mere addition of an element, namely a fanciful head, to a product that infringes the '642 Patent, does not avoid infringement of the '642 Patent.

It is Prime Time's policy to require infringers to (i) immediately cease all infringement of its intellectual property rights and recall infringing products from retailers; and (ii) compensate Prime Time for past infringement.

Based on the foregoing and Prime Time's familiarity with and personal respect for your President, Mr. Jack Friedman, and your company, Prime Time would like to immediately discuss a prompt, economical and final resolution of this conflict. Please inform us of your willingness to discuss the matter as soon as possible, but in no event later than February 28, 2008.

Jakks Pacific, Inc.                    -3-                    February 21, 2008

       Nothing in this letter is intended to waive our client's rights, all of which are expressly reserved.

                          Very truly yours,

                    AMSTER, ROTHSTEIN & EBENSTEIN LLP

                    Neil Zipkin

NMZ/cab
Attachments

cc:    Francis Chia, Prime Time Toys, Ltd.

EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| PRIME TIME TOYS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | 2008-CV-2909 (NRB/GWG) |
| | ) | |
| v. | ) | **ANSWER and COUNTERCLAIM** |
| | ) | |
| JAKKS PACIFIC, INC., | ) | ECF CASE |
| | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER and COUNTERCLAIM

   JAKKS PACIFIC, INC. ("JAKKS" or "Defendant") responds to the Complaint filed by Plaintiff Prime Time Toys, Ltd. ("PTT" or "Plaintiff") as follows:

## THE PARTIES

   1.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies them.

   2.   Defendant admits the allegations of paragraph 2 of the Complaint.

   3.   The allegations contained in Paragraph 3 of the Complaint are legal conclusions and require no response from Defendant. To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in Paragraph 3 of the Complaint to admit or deny and, on that basis, denies each and every allegation contained therein.

   4.   The allegations contained in Paragraph 4 of the Complaint are legal conclusions and require no response from Defendant. To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in Paragraph 4 of the Complaint to admit or deny and, on that basis, denies each and every allegation contained therein.

   5.   Defendant admits the allegations of paragraph 5 of the Complaint.

   6.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, and therefore denies them.

7.  Defendant admits the allegations of paragraph 7 of the Complaint.

8.  Defendant admits that it participated in the 2008 Toy Fair, and that it displayed its Creature Cannon products there; Defendant denies the remaining allegations of paragraph 8 of the Complaint.

9.  Defendant admits the allegations of paragraph 9 of the Complaint.

10. Defendant admits the allegations of paragraph 10 of the Complaint.

11. Defendant admits that it is subject to this Court's jurisdiction. Defendant avers that the remaining allegations contained in Paragraph 11 of the Complaint are legal conclusions and require no response from Defendant. To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in Paragraph 11 of the Complaint to admit or deny and, on that basis, denies each and every allegation contained therein.

12. The allegations contained in Paragraph 12 of the Complaint are legal conclusions and require no response from Defendant. To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the allegations in Paragraph 12 of the Complaint to admit or deny and, on that basis, denies each and every allegation contained therein.

13. JAKKS denies all allegations of patent infringement alleged in Paragraph 13 of the Complaint.  The remaining allegations contained in Paragraph 13 of the Complaint are legal conclusions and require no response from Defendant.  To the extent a response is required, Defendant lacks sufficient knowledge or information regarding the remaining allegations in Paragraph 13 of the Complaint to admit or deny and, on that basis, denies each and every allegation contained therein.

**BACKGROUND**

14.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore denies them.

2

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint, and therefore denies them.

16. Defendant admits that United States patent no. 7,281,642 B2 ("the '642 Patent") issued on October 16, 2007 and that a copy of such patent is annexed as Exhibit D of the Complaint.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 16 of the Complaint, and therefore denies them.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint, and therefore denies them.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore denies them.

19. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and therefore denies them.

20. Defendant admits that it has sold and shipped products under the Creature Cannon mark to retailers; Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 of the Complaint, and therefore denies them.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

22. Defendant denies the allegations of paragraph 22 of the Complaint.

23. Defendant admits that a true and correct copy of a letter sent by PTT's counsel to JAKKS is annexed as Exhibit F to the Complaint and that the letter speaks for itself. JAKKS denies the remaining allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

### COUNT I
### PATENT INFRINGEMENT

25. Defendant repeats and realleges its answers to the allegations appearing in paragraphs 1-24 as if fully set forth herein.

3

26. Defendant denies the allegations of paragraph 26 of the Complaint.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Defendant denies the allegations of paragraph 28 of the Complaint.

29. Defendant denies the allegations of paragraph 29 of the Complaint.

30. Defendant admits that it received a letter dated February 21, 2008 sent by PTT's counsel to JAKKS annexed as Exhibit F to the Complaint and that the letter speaks for itself. JAKKS denies the remaining allegations contained in paragraph 30 of the Complaint.

31. Defendant denies the allegations of paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of paragraph 33 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

34. The complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

35.  Upon information and belief, the plaintiff has failed to provide the proper notice of the patent involved in this litigation on products sold by or under the authority of the patent owner as required by 35 U.S.C. § 287 and, therefore, the claims for damages for patent infringement prior to actual notice of the patents are barred.

### THIRD AFFIRMATIVE DEFENSE

36. The '642 patent asserted against Defendant is, upon information and belief, invalid for failure to comply with one or more of the provisions entitled Title 35 U.S.C. §§ 101, 102, 103 and 112.

### FOURTH AFFIRMATIVE DEFENSE

37. Upon information and belief, with respect to any Creature Cannon product sold by the Defendant which may have included any alleged patented configurations assigned to plaintiff, such configurations were known to the trade more than 1 year prior to the filing of the applications which matured into the '642 patent.

## FIFTH AFFIRMATIVE DEFENSE

38. Plaintiff is precluded from recovering any relief sought in the complaint by reason of its own unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation and/or filing periods.

## SEVENTH AFFIRMATIVE DEFENSE

40. At all times relevant to this suit, Defendant has acted in good faith and had reasonable grounds for believing its actions were not in violation of law.

## EIGHTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred to the extent it has committed fraud upon the Patent and Trademark Office.

## NINTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred by waiver, equitable estoppel, and file wrapper estoppel.

## TENTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are frivolous, unreasonable, and groundless; accordingly defendants should recover all costs and attorneys' fees incurred herein.

## ELEVENTH AFFIRMATIVE DEFENSE

44.  Plaintiff's claims are barred by plaintiff's knowledge, consent and acquiescence, license, and laches.

TWELTH AFFIRMATIVE DEFENSE

45. Plaintiff is barred from recovery because there are no valid and enforceable claims of the `642 Patent.

THIRTEENTH AFFIRMATIVE DEFENSE

46. Plaintiff is barred from recovery because of its patent misuse of the `642 Patent.

FOURTEENTH AFFIRMATIVE DEFENSE

47.  Defendant alleges that it cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusory terms used in the Complaint. Accordingly, Defendant expressly reserves the right to assert further defenses if, and to the extent that such affirmative defenses become available.

FIFTEENTH AFFIRMATIVE DEFENSE

48.  Defendant has not infringed, induced infringement of, or contributed to the infringement of any valid claim of the '642 Patent.

## COUNTERCLAIM

JAKKS Pacific, Inc. (hereinafter "JAKKS" or "Counterclaimant") by and through its undersigned attorneys, hereby alleges and counterclaims as follows:

## JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over the Counterclaim, which seeks a declaratory judgment that its Creature Cannon product does not infringe United States Patent No. 7,281,642 B2 (hereinafter "the '642 Patent") and that the '642 Patent is invalid pursuant to 28 U.S.C.§§ 1331, 1332, 1338(a), and 2201 *et seq*.

2.  There is a justiciable and actual case and controversy between the parties with respect to the non-infringement and invalidity of the `642 Patent.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

4.   PTT commenced the within action in which its Complaint expressly charges JAKKS with patent infringement.  PTT thus has submitted itself to the jurisdiction and venue of this Court.

## BACKGROUND

5.   On or about February 21, 2008, JAKKS received a communication from counsel for PTT alleging that JAKKS' Creature Cannon product infringed the '642 Patent.  Exh. F to the Complaint ("Exh. F at ___").

6.   On or about February 27, 2008, counsel for JAKKS responded by pointing out that the Creature Cannon did not infringe any of the independent claims of the '642 Patent.  See Exh. 1 hereto.

7.   On or about March 25, 2008, counsel for PTT responded to that letter by announcing that it had filed suit for patent infringement.  See Exh. 2 hereto.

8.   On or about April 8, 2008, counsel for JAKKS responded to the March 25 letter by again pointing out based on the limitations of the claims, the file wrapper history and inspection of the Creature Cannon product, the Creature Cannon did not infringe the '642 Patent. See Exh. 3 hereto.

9.   PTT never responded to the April 8, 2008 letter from counsel for JAKKS.

10. Upon information and belief, at all times herein, PTT was aware or should have been aware that its claim that the Creature Cannon infringed the '642 patent should be was and is without merit.

## <u>COUNT I</u>
### <u>(Declaratory Judgment of Non-Infringement of the '642 Patent</u>

11. JAKKS repeats and realleges the allegations appearing in paragraphs 1-10 of the Counterclaim as if fully set forth herein.

12. The '642 Patent is composed of three independent claims (1, 5 and 13) none of which is infringed by the Creature Cannon products.

13. Independent Claim 1 of the '642 Patent 1 requires that the toy be "encased in a soft material along its *entire* length when in the contracted configuration" Exh. F at col. 3, lines 7-8.

14. The soft shell of the Creature Cannon products does not cover the entire toy since the tubular housing of the Creature Cannon product juts out beyond the outer length of the outer foam.  See Exh. 4 hereto.





15. Because the soft shell of the Creature Cannon products does not cover the entire toy since the tubular housing of the Creature Cannon product juts out beyond the outer length of the outer foam, the Creature Cannon does not infringe independent claim 1 of the '642 patent, nor any of the claims dependent upon claim 1.

16. Independent claim 5 requires an "outer shell covering ***the entire tubular housing from the first end to the second end*** to provide the toy with a cylinder shape, said tubular housing having a ***uniform cross-section along its entire length*** when said chamber is fully contracted."  Exh. F at col. 3, ll. 32-36 (illustrated in figure 3 below).



Fig. 3.

17. The tubular housing of the Creature Cannon extends beyond the soft outer shell covering.



18. The tubular housing of the Creature Cannon does not have a uniform diameter as it is threaded at both ends.

19. Because the tubular housing of the Creature Cannon is threaded, it does not have a uniform cross-section along its entire length.

20. During the prosecution of the '642 Patent, PTT unsuccessfully attempted to broaden the coverage of the '642 by claiming the toy has "substantially uniform cross-section along its entire length when fully contracted." See Exh. 5 hereto, the File Wrapper of the '642 Patent.

21. Instead PTT limited its claim to "said tubular housing having a *uniform cross-section along its entire length.*" Exh 5, Supplemental Amendment filed on July 10, 2007 at 5.

22. The doctrine of file wrapper estoppel estops PTT from asserting that the Creature Cannon tubular housing infringes according to the "doctrine of equivalents."

9

23. Therefore, the Creature Cannon does not infringe independent claim 5 of the '642 Patent, nor any of the claims dependent on it.

24. Independent Claim 13 requires that an outer shell cover a tubular housing from "adjacent the first end to adjacent the second end of the tubular housing". Exh. F at col. 4, lines 29-31.  However, the term "adjacent" is not supported by the specification or drawings of the '642 patent or even the original claims as filed—It was added by amendment on July 10, 2007. Exh. 5, Supplemental Amendment filed on July 10, 2007 at 5.

25. The '642 patent discloses a toy whose soft outer shell covers the *entire* tubular housing.  See, e.g. col. 2, lines 49-53 stating that the "tubular shell 138 . . .  *surrounds tubular housing 106*".

26. Surrounds means "to enclose or encircle entirely."

27. Claim13 is invalid under 35 USC § 112 (first paragraph) because (1) the 642 patent only discloses a water gun toy with a soft outer shell covering the entire tubular housing; (2) the term "adjacent" is not supported in the specification or drawings of the 642 patent; and, (3) the term adjacent was not part of the original application as filed.

28. Therefore, Claim 13 and all its dependent claims are invalid.

29. In light of the foregoing, the Creature Cannon does not infringe independent Claim 13 nor any of the claims dependent on claim 13.

30. Because the Creature Cannon does not infringe any of the independent claims of the '642 patent nor any of the claims that are dependent on such independent claims, JAKKS is entitled to a declaratory judgment that its Creature Cannon does not infringe the '642 patent.

31. Because PTT is or was aware that the Creature Cannon does not infringe the '642 but nonetheless filed the instant complaint and declined to withdraw it after additional notice of the deficiencies of its claim of infringement, JAKKS is entitled to a finding that this is an exceptional case under 35 U.S.C. § 285.

## COUNT II
## (Declaratory Judgment of Invalidity of the '642 Patent

32. JAKKS repeats and realleges the allegations appearing in paragraphs 1-31 of the Counterclaim as if fully set forth herein.

33. Upon information and belief, the claims of the '642 Patent are invalid, void, and unenforceable for, *inter alia*, failure to meet the requirements of a patent and patent validity set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

34. In light of the foregoing, JAKKS is entitled to a judgment that the '642 Patent is invalid.

WHEREFORE, Defendant JAKKS Pacific, Inc. requests judgment against the Plaintiff as follows:

A.        Judgment dismissing the Complaint with prejudice;

B.        Judgement in its favor on its Counterclaims declaring:

   i.   That the '642 patent is invalid and is not infringed;

   ii.  That this is an exceptional case under 35 U.S.C. § 285.

C.        Judgement awarding JAKKS interest as authorized by law for all

          payments made by JAKKS for its attorney's fees, disbursements and costs

          necessitated by the defense of this action; and

D.        Such further relief as the Court deems just and proper.


Dated:  June 20, 2008
         New York, NY
                              **FEDER, KASZOVITZ, ISAACSON,**
                                **WEBER, SKALA, BASS & RHINE LLP**


                              By:      /s/ Larry Miller_____
                                     Larry Miller (LM-8323)
                              Attorneys for Defendant
                              JAKKS Pacific, Inc.
                              750 Lexington Avenue
                              New York, New York 10022
                              Tel:     212- 888-8200
                              Fax:     212-752-4632

*R:\WPDOC\LM\JAKKS\PRIME TIME TOYS LTD\62008answertoptwcounterclaims.doc*

EXHIBIT 1

# TOPE-MCKAY & ASSOCIATES
## INTELLECTUAL PROPERTY PRACTITIONERS

23852 Pacific Coast Highway                                    Tel: 310.266.5663
Suite 311                                                      Fax: 310.943.2736
Malibu, CA 90265
mrisso@topemckay.com

February 27, 2008

Neil M. Zipkin
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, N.Y. 10016

Sent via U.S. Postal and e-mail to nzipkin@arelaw.com

RE: Prime Time Toys, Inc.; Your file: 69281/93

Dear Mr. Zipkin,

My name is Marcus Risso and I am a patent attorney with Tope-McKay & Associates. Our office serves as intellectual property counsel for JAKKS Pacific, Inc. ("JAKKS"), located at 22619, P.C.H., Malibu, CA.

It was recently brought to our attention that you are alleging patent infringement with respect to your client's utility patent, U.S. Patent No. 7,281,642 ("the '642 patent") and JAKKS Creature Cannon product. As you can imagine, allegations of patent infringement are something that we take very seriously and investigate with the utmost diligence.

Upon a thorough review of the cited patent and the alleged infringing items, we believe it is highly unlikely that any court would ultimately find that the Creature Cannon is infringing the cited patent.

To determine whether a product infringes a U.S. patent, the court looks to the patent's claims. The claims are numbered and are located at the end of the patent. For each claim, there is a two-step inquiry. First, the court construes or interprets the claim. That is, the court resolves any disputes as to the meaning of the particular claim terminology. Second, the properly construed claim is compared to the accused product to determine whether there is literal infringement or infringement under doctrine equivalents, if applicable. *Mas-Hamilton Group v. LaGard, Inc*., 156 F.3d 1206, 1211-12, 48 U.S.P.Q.2d 1010, 1014-15 (Fed. Cir. 1998).

To determine literal infringement, the relevant inquiry is whether _all_ the elements contained in the claim appear in the product under consideration. The product is said to

1

infringe literally when it has _everything_ mentioned in the claim. *Stiftung v. Renishaw PLC*, 945 F.2d 1173, 1178, 20 U.S.P.Q.2d 1094, 1098 (Fed. Cir. 1991). On the other hand, a product that does not have each and every element recited in the claim should not be considered a literal infringement. *Mas-Hamilton*, 156 F.3d at 1211, 48 U.S.P.Q.2d at 1015.

As applied to the present case, there are three independent claims, Claims 1, 5, and 13. For clarity, each independent claim will be addressed in turn.

Claim 1 reads as follows:

> "An expandable and contractible toy for receiving and storing water when disposed towards an expanded configuration, and squirting water when disposed towards a contracted configuration, the toy being encased in a soft material along its entire length when in the contracted configuration, the soft material having a buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water, the toy having a cylinder shape and a uniform cross-section along its entire length when in the contracted configuration" (emphasis added).

As noted in your letter dated February 21, 2008, the Creature Cannon includes a head at one end that operates as a nozzle to expel the water. Thus, the "toy" includes a head nozzle, which is most certainly NOT encased in a soft material. As such, the "entire" length of the "toy" is not encased in a soft material. Further, given the inclusion of the head nozzle, the "toy" does not have a uniform cross section along its "entire" length.

Assuming arguendo that the head nozzle is removed, the toy includes a tubular housing that extends beyond the encasement of the soft material. More specifically, the tubular housing protrudes well beyond the end of the soft material to extend the housing chamber and also provide threads upon which the head nozzle is screwed. Thus, assuming arguendo that the head nozzle is removed, the tubular housing is NOT encased in soft material along its "entire" length, nor does it have a uniform cross-section along its "entire" length. As such, Claim 1 is NOT literally infringed.

Claim 5 reads as follows:

> "A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, the outer shell covering the entire tubular housing from the first end to the second end to provide

2

the toy with a cylinder shape, <u>said tubular housing having a uniform cross-section along its entire length</u> when said chamber is fully contracted" (emphasis added).

As was the case above, the Creature Cannon does not include an outer shell that covers the "entire" tubular housing from the first end to the second end. Additionally, because the tubular housing is not covered entirely by the outer shell, the tubular housing also lacks a uniform cross-section along its "entire" length. Thus, once again, the Creature Cannon is NOT literally infringing Claim 5.

Claim 13 reads as follows:

> "A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, <u>said outer shell covering the tubular housing from adjacent the first end to adjacent the second end</u>, said chamber comprising a cylinder and said means for expansion and contraction of said chamber being a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber, <u>said tubular housing having a uniform cross-section along its entire length when said chamber is fully contracted</u>" (emphasis added).

Finally, assuming arguendo that the head nozzle is removed, the Creature Cannon includes a tubular housing that extends well beyond the outer shell (i.e., the outer shell covers only a portion of the tubular housing). Thus, the Creature Cannon does NOT include the element of an "…outer shell covering the tubular housing from adjacent the first end to adjacent the second end…" Further, because the outer shell does not cover the tubular housing from adjacent the first end to adjacent the second end, the tubular housing does NOT have a uniform cross-section along its "entire" length. Therefore, the Creature Cannon is also NOT literally infringing Claim 13.

It is noted that the patentee is prevented from arguing a broad scope of equivalents because of amendments made during the prosecution of the present application. *Wang Lab., Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1578, 41 U.S.P.Q.2d 1263, 1269 (Fed. Cir.), *cert. denied*, 522 U.S. 818 (1997). The essence of prosecution history estoppel is that a patentee should not be able to obtain, through litigation, coverage of subject matter relinquished during prosecution. Ordinarily, prosecution history estoppel arises when an applicant affirmatively relinquishes subject matter (either through an amendment or argument) in the course of prosecution. *Lockwood v. American Airlines, Inc.*, 107 F.3d 1565, 1574, 41 U.S.P.Q.2d 1961, 1968 (Fed. Cir. 1997).

In reviewing the prosecution history of the '642 patent, it is noted that both amendments AND arguments were made that specifically limited the claims to having an outer shell that covers the <u>entire</u> tubular housing, and a tubular housing having a uniform cross-section along its <u>entire</u> length.

For example, I direct you to the Agenda for Examiner Interview, dated June 11, 2007. In the Agenda for Examiner Interview, the patentee suggested amending the claims to emphasize that the claimed toy has a uniform cross-section along its entire length when in a contracted configuration (in fact, the patentee later made such a narrowing amendment). The patentee further argued that "None of the applied references teach this feature. [The] Sands [patent], for example, discloses a toy water gun having numerous protrusions along its length, particularly at the longitudinal end portions. The uniform cross-section allows the inventive toy to take on the appearance of a 'swimming noodle'." In other words, the patentee argued that a point of novelty resides in the fact that there are no protrusions along the length of the toy and therefore it has a uniform cross-section along its entire length.

Upon a review of the Creature Cannon, it is readily apparent that it includes a protrusion along its length, particularly at the longitudinal end portion. The protrusion is in the form of head portion that operates as a nozzle. While the patentee argued that the '642 patent was different from the prior art in that it took on the appearance of a 'swimming noodle' and had a uniform cross-section along its entire length, you are now claiming that the addition of the head nozzle is immaterial with respect to infringement. This is NOT true. Applying prosecution history estoppel, the courts are unlikely to broaden the scope of this element.

Further, in the Agenda for Examiner Interview, the patentee suggested amending the claims to recite that the soft material that encases the toy extends across the entire length of the toy (in fact, the patentee later made such a narrowing amendment). The patentee continued by arguing that the "soft material provides both buoyancy and protection from injury. None of the applied references teach this feature. [The] Henderson [patent], for example, teaches the use of a foam rubber handle 28, but the foam rubber is only disposed at one end of the toy. Thus, the whipping action of the Henderson toy is particularly dangerous, since the end to be whipped is not encased in a soft material." In other words, the patentee argued that a point of novelty resides in the fact that the foam covers both ends of the toy.

Upon a review of the Creature Cannon, it is also readily apparent both ends of the toy are NOT encased in a soft material. The head nozzle (or end of the toy) is not covered in the outer shell, as required by the claims and corresponding prosecution arguments. While the patentee argued that the '642 patent was different than the prior art because it was covered in foam at both ends, you are now claiming that the addition of the head nozzle is immaterial with respect to infringement. Once again, this is NOT true. Applying the same principles of estoppel, the courts are again unlikely to broaden the scope of this element as well. In any event, assuming arguendo that the head nozzle is removed, the tubular housing extends beyond the outer shell.

4

I would like to emphasize that we respect your client's intellectual property rights. However, in this case, we feel strongly that your claims of patent infringement are misguided at best.  I would recommend that you have a heart-felt conversation with your client and provide them with the very real facts in this case.  Mainly, that the Creature Cannon is NOT literally infringing the '642 patent and that due to the narrowing amendments and related arguments that were made during the prosecution of the patent, the courts will NOT interpret the claims broadly.

With that understanding, I think your client will agree that the Creature Cannon does not infringe upon the '642 patent.

Should you have any questions or comments, please feel free to call me at the number listed above.


Best regards,

Marcus Risso
mrisso@topemckay.com
(310) 266-5663

EXHIBIT 2

**AMSTER ROTHSTEIN & EBENSTEIN** LLP

*Intellectual Property Law*

90 Park Avenue
New York NY 10016

Main   212 336 8000
Fax    212 336 8001
Web   www.arelaw.com

Ruston
Morton Amster
Jesse Rothstein *(1944 - 2007)*
Daniel Ebenstein
Philip H. Gottfried
Michael J. Berger
Neil M. Zipkin
Anthony F. Lo Cicero
Kenneth P. George
Abraham Kasdan, Ph.D.
Ira E. Silfin
Chester Rothstein
Craig J. Arnold

Kenneth M. Bernstein
Joseph M. Casino
Michael V. Solomita
Charles R. Macedo

*Senior Counsel*
John S. Economou
Marion P. Metelski
Alan D. Miller, Ph.D.

*Associates*
Patrick Boland*
Holly Pekowsky

Michael P. Kenney
Max Vern
Brian A. Comack
Richard S. Mandaro
Marc J. Jason
David Mitnick
Charles W. Rath
David A. Boag
Matthieu Hausig
Jung S. Hahm
Reiko Koji
Nenquan McCaffery
Benjamin M. Halpern*

Matthew A. Fox
Michael J. Kasdan
Rebecca R. Eisenberg
Stuart Shapley
Howard Wizenfeld
Steven B. Gauthier
Peter R. Vogel
Brett M. Pinkus*

*Not admitted in New York

March 25, 2008

Underline: Via Federal Express

Marcus Risso
Tope-McKay & Associates
23852 Pacific Coast Highway
Suite 311
Malibu, CA 90265

Neil M. Zipkin
Direct 212 336 8120
E-mail nzipkin@arelaw.com

Re:   Jakks Pacific, Inc., Infringement of Prime Time's '642 Patent by
      CREATURE CANNON
      Our File: 69281/93

Dear Mr. Risso:

We are in receipt of your letter of February 27, 2008.

As an initial matter we note that Prime Time, in order to effectively protect its rights and interests, has filed a patent infringement action against Jakks Pacific in the Southern District of New York. We have enclosed a courtesy copy of the complaint.

Although you refer to the two-step inquiry for claim construction in your letter, you ignore the first step and address only the second step. That is, you have made no attempt to interpret the claim and merely compare the unconstrued claim to the CREATURE CANNON toy. The result is an erroneous infringement analysis.

With regard to the all elements rule, while your characterization of the *Stiftung v. Renishaw PLC*, 945 F.2d 1173 (Fed. Cir. 1991) generally seems accurate, you leave out a key holding directly relevant to the present matter. That is, claims which use the term "comprising" read on devices which contain additional elements. *Id.* at 1178 ("It is fundamental that one cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device." Quoting *A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 703 (Fed. Cir. 1983), cert. denied, 464 U.S. 1042 (1984)).

392018.1

Marcus Risso                              -2-                        March 25, 2008

You provide no interpretation of "tubular housing", the claim term upon which your analysis is based. The claims and specification of the '642 Patent make it perfectly clear that the claimed "tubular housing" is the "rigid" portion of the squirting toy "that encloses a hollow cylindrical chamber 110" (Col. 2, lines 30-31; Col. 3, lines 21-22 and Col. 4, lines 17-18). In addition, Claims 5-13 include the requirement: "said tubular housing having a uniform cross-section along its entire length" (Col. 3, lines 35-36 and Col. 4, lines 36-37). Thus, the term "tubular housing" is clearly defined in the claims and specification of the '642 Patent as an enclosure of uniform cross-section along its entire length, defining a hollow cylindrical chamber for receiving water.

Based on the proper construction of the term "tubular housing" found in the '642 Patent, the tubular housing of the CREATURE CANNON toy is that part of the CREATURE CANNON toy enclosing a cylindrical chamber and having a uniform cross-section. The "threads" and "head nozzle" of the CREATURE CANNON toy are distinct from the "tubular housing" of the CREATURE CANNON toy. The threads and head nozzle, like the creature head itself, are merely "added elements" and do not avoid infringement of the '642 Patent by the CREATURE CANNON toy. *Stiftung v. Renishaw PLC*, 945 F.2d at 1178.

When properly construed, the tubular housing of the CREATURE CANNON toy is covered with foam from its handle end to its distal end, as seen in this photograph of the CREATURE CANNON toy distal end:



Thus, the tubular housing of the CREATURE CANNON toy is covered "from the first end to the second end" by an outer shell as claimed in Claim 5. Similarly, the tubular

Marcus Risso                      -3-                      March 25, 2008

housing of the CREATURE CANNON toy is covered "from adjacent[1] the first end to adjacent the second end" with an outer shell as claimed in Claim 13.

The "threads", "head nozzle" and "head" are merely 'add-on' elements that do not avoid infringement of the '642 Patent by the CREATURE CANNON toy. See, e.g., *Stiftung v. Renishaw*, 945 F.2d at 1178. Based on your February 27, 2008 letter, we can anticipate that you will argue that the threads, head nozzle and creature head of the CREATURE CANNON toy are "protrusions" and some estoppel applies. Prior to making some argument along these lines, please first consider: (1) There is literal infringement in this case; and (2) the "protrusions" were contrasted with the uniform cross-section of the "toy" in Claim 1, while Claims 5-13 only require that the tubular housing have a "uniform cross-section". Further, there is no disclaimer of claim scope: "[t]he presence of an undesirable prior art feature in addition to the elements recited in the claim, even when the undesirability of that feature formed the basis of an amendment and argument overcoming a rejection during prosecution, does not limit the claim unless there is a clear and unmistakable disclaimer of claim scope", *Free Motion Fitness, Inc. v. Cybex Int'l*, 423 F.3d 1343, 1353 (Fed. Cir. 2005).

In light of the literal infringement of the '642 Patent by the CREATURE CANNON toy, please refer to Prime Time's demands in our earlier letter and provide Jakks Pacific's plan for complying with these demands. To the extent that Jakks Pacific does not plan to abide by these demands, Prime Time requests that your firm will be authorized to accept service of the summons and complaint on behalf of Jakks Pacific. If you inform us of such authorization then we shall send you the appropriate documents.

*Nothing in this letter is intended to waive any of our client's rights or remedies, all of which are expressly reserved.*

Very truly yours,

AMSTER ROTHSTEIN & EBENSTEIN LLP

Neil M. Zipkin

NMZ/
cc:    Target Corporation
       Prime Time Toys, Ltd.

---

[1] The term "adjacent" has been interpreted by the Federal Circuit as meaning "relatively near" or "not distant". See, e.g., *Free Motion Fitness, Inc. v. Cybex Int'l*, 423 F.3d 1343, 1349 (Fed. Cir. 2005)("One definition is "not distant" and the other is "relatively near and having nothing of the same kind intervening.") Under either interpretation, it is clear that the CREATURE CANNON literally satisfies this claim element even assuming, arguendo, that the "head nozzle" and/or just the "threads" are part of the tubular housing.

392018.1

EXHIBIT 3

# TOPE-MCKAY & ASSOCIATES
### INTELLECTUAL PROPERTY PRACTITIONERS

23852 Pacific Coast Highway
Suite 311
Malibu, CA 90265
mrisso@topemckay.com

Tel: 310.266.5663
Fax: 310.943.2736

April 4, 2008

Neil M. Zipkin
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, N.Y. 10016

Sent via U.S. Postal and e-mail to nzipkin@arelaw.com

RE: Prime Time Toys, Inc.; Your file: 69281/93

Dear Mr. Zipkin,

We are in receipt of your letter dated March 25, 2008 regarding your client's ("Prime Time") utility patent, U.S. Patent No. 7,281,642 ("the '642 patent"), and JAKKS Creature Cannon product.

As a preliminary matter, please note that we are NOT authorized to accept service and will accept no such documents or service.

With respect to your comment that the analysis was erroneous, I respectfully disagree as the letter was focused on several of the more salient points as opposed to providing you the benefit of a formal non-infringement opinion. Having said that, in your letter of March 25, 2008, you expanded upon the two-step inquiring by attempting to provide a claim interpretation with respect to the term, "tubular housing." I have reviewed your analysis and disagree with your interpretation of the term "tubular housing," as you have misinterpreted the case law upon which you base your interpretation.

You have cited to *Free Motion Fitness, Inc. v. Cybex Int'l*, to support your claim that there is no disclaimer of the claim scope. The citation reads, "[t]he presence of an undesirable prior art feature in addition to the elements recited in the claim, even when the undesirability of that feature formed the basis of an amendment and argument overcoming a rejection during prosecution, does not limit the claim unless there is a clear and unmistakable disclaimer of claim scope. <u>Here, there is no such disclaimer</u>" *Free Motion Fitness, Inc. v. Cybex Int'l*, 423 F. 3d 1343, 1353 (Fed. Cir. 2005) (emphasis added). While I agree in principle to the cited law, I disagree with your application and analysis.

1

In *Free Motion*, the patentee "overcame a rejection to the prior art Fitzpatrick patent by amending the claims to include a 'rotating about an axis substantially parallel to the second axis' limitation and made the following argument in connection with the amendment:

> The undesirable forces created by the transverse orientation of the pulley 38 disclosed by Fitzpatrick is [sic] in direct contrast with the claimed invention where the axes of the respective pulleys are is [sic] substantially parallel to the axes of rotation of the extension arms. The claimed assembly provides for virtually no variation in cable tension when the extension arms are selectively rotated." *See id.*

For further clarity, the patents at issue in *Free Motion* describe the arms of a weight-lifting machine that are attached to the pulley assembly of the machine such the axes of their respective pulleys are substantially parallel to the axes of rotation of the extension arms. Thus, each arm pivots in a single plane that it shares with a pulley. Alternatively, the cited prior art (Fitzpatrick) discloses an exercise device wherein the axes of rotation of the arms are transverse to the axes of rotation of the pulleys. Thus, in Fitzpatrick, each arm pivots in a plane that is in a transverse relationship (cross-direction) to the axis of rotation of the pulley. In prosecuting the patents, the patent holder appropriately pointed out that the cited prior art did not include each element of the claimed invention, which is common practice.

However, unlike the patented devices, the arms of Defendant-Appellees' (in *Free Motion*) devices were attached to the resistance assembly of the machine such that they pivoted in two different planes. In other words, Defendant-Appellees' devices included arms that pivoted in a plane that it shared with a pulley (as was patented by Free Motion), in addition to pivoting in a plane that is transverse to the axis of rotation of the pulley.

The Court in *Free Motion* held that a patent holder is not estopped from asserting infringement by a device that—although including extension arms with axes of rotation substantially parallel to the pulleys—ALSO had the undesirable features of the prior art Fitzpatrick patent.

In other words, the Court in *Free Motion* held that although a patent holder may argue that a particular prior art feature is undesirable, as long as the infringing device includes the claimed elements, the patent holder is not stopped from asserting infringement even though the infringing device may ALSO include the undesirable feature.

Thus, in *Free Motion*, there was no disclaimer of the scope of the claims because the patent holder was not defining the limitations of the claims but rather contrasting distinct and claimed structural items between the cited prior art and the patent at issue. In other words, the patent holder did not further describe or discuss the claim limitations outside of what was already in the scope of the claims (as amended).

2

While seemingly similar to the present issue, this is not the case. In the present case, Prime Time made a clear and unmistakable disclaimer of the claim scope during prosecution of the '642 patent. More specifically, in reviewing the prosecution history of the '642 patent, it is noted that both amendments AND arguments were made that specifically limited the claims to having an outer shell that covers the <u>entire</u> tubular housing such that the ends are encased in a soft material. Other amendments and arguments were made that were directed to the <u>entire</u> tubular housing having a uniform cross-section such that the end product takes on the appearance of a "swimming noodle," which again supports Prime Time's argument that the entire toy is encased in a soft material.

For example, I direct you to the Agenda for Examiner Interview, dated June 11, 2007. In the Agenda for Examiner Interview, Prime Time suggested "amending the claims to emphasize that the claimed toy has a uniform cross-section along its <u>entire length</u> when in a contracted configuration" (in fact, Prime Time later made such a narrowing amendment). Prime Time further argued that "None of the applied references teach this feature. [The] Sands [patent], for example, discloses a toy water gun having numerous protrusions along its length, particularly at the longitudinal end portions. The uniform cross-section allows the inventive toy to take on the appearance of a 'swimming noodle'."

In the same Agenda for Examiner Interview, Prime Time further suggested "amending the claims to recite that the soft material that encases the toy extends across the <u>entire toy</u>" (in fact, Prime Time later made such a narrowing amendment). Prime Time contrasted the invention to the prior art (i.e., Henderson) where only one end of the toy was encased in the soft material.

In other words, Prime Time argued that a point of novelty resides in the fact that there are no protrusions along the length of the toy and therefore it has a uniform cross-section along its <u>entire length</u>, and further that <u>the entire length of the toy is encased by the soft material so that no ends exist that are not encased in the soft material</u>. To be contrasted with *Free Motion*, the arguments made above are a clear and unmistakable disclaimer of the claim scope. <u>In other words, during prosecution of the '642 patent, Prime Time defined the limitations of the '642 patent in absolute terms (i.e., "entire") and, therefore, there is a clear disclaimer in the scope of the claims</u>. Thus, as a general statement, any toy that has a length that is not entirely encased by the soft material is outside of the claimed scope of the '642 patent and would not constitute patent infringement.

As noted before, to determine whether a product infringes a U.S. patent, the court looks to the patent's claims. The claims are numbered and are located at the end of the patent. For each claim, there is a two-step inquiry. First, the court construes or interprets the claim. That is, the court resolves any disputes as to the meaning of the particular claim terminology. Second, the properly construed claim is compared to the accused product to determine whether there is literal infringement or infringement under doctrine equivalents, if applicable. *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1211-12, 48 U.S.P.Q.2d 1010, 1014-15 (Fed. Cir. 1998).

3

This brings us to the issue of claim interpretation. As noted in my letter of February 27, 2008, a distinction between the Creature Cannon and the '642 patent can be found in the fact that the outer foam material does NOT cover the entire length of the "tubular housing." You have appropriately stated that that the claimed "tubular housing" is the "rigid" portion of the squirting toy "that encloses a hollow cylinder chamber 110" (Col. 2, lines 30-31). The specification continues by stating that "the forward end 112 of the tubular housing is closed except for a small hole 114" (Col. 2, lines 31-33), while the "[slide] bushing 128 supports shaft 124 at the rear end 130 of the tubular housing 106…" (Col. 2, lines 39-40). In other words and as clearly defined by the specification, the "tubular housing" is the rigid portion of the squirting toy that encloses a hollow cylinder chamber and extends from the forward end (which is closed except for a small hole) to a rear end. While it is true that the tubular housing in the '642 patent has a uniform cross-section along its entire length, this is an additional narrowing limitation to the interpretation set forth above and does not form the basic definition of the component.

You have erroneously analyzed the threaded portions of the Creature Cannon to somehow not be part of the tubular housing. As clearly evident in the picture of the Creature Cannon (as provided in your letter of March 25, 2008), the threaded portions of the Creature Cannon form the forward end of the tubular housing. Also as noted in the picture, the forward end can be closed except for a small hole using the attached nozzle. Therefore, given the proper interpretation of the term "tubular housing," the threaded portions of the Creature Cannon are an integral part of the "tubular housing" as they are required to comply with the definition of a rigid portion of the squirting toy that encloses a hollow cylinder chamber and extends from the forward end (which is delimited as being closed except for a small hole) to a rear end.

In addressing the first step and as noted above, it is clear that the "tubular housing" is the rigid portion of the squirting toy that encloses a hollow cylinder chamber and extends from the forward end (which is closed except for a small hole) to a rear end. Given the proper interpretation of the term "tubular housing," it is highly unlikely that any court would ultimately find that the Creature Cannon is infringing the cited patent.

Another claim interpretation resides with the term "adjacent." In this case, the term "adjacent" cannot be properly characterized by a dictionary alone but instead by intrinsic evidence as prosecution history estoppel applies. Interpreting the term must ensure that any reliance on dictionaries accords with the intrinsic evidence: the claims themselves, the specification, and the prosecution history. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed.Cir.2005). Under *Phillips*, the rule that "a court will give a claim term the full range of its ordinary meaning," *Rexnord Corp. v. Laitram Corp.*, 274 F.3d 1336, 1342 (Fed.Cir.2001), does not mean that the term will presumptively receive its broadest dictionary definition or the aggregate of multiple dictionary definitions, *Phillips*, 415 F.3d at 1320-1322. Rather, in those circumstances where reference to dictionaries is appropriate, the task is to scrutinize the intrinsic evidence in order to determine the most appropriate definition. *Id.* at 1322-23, 1324.

The dictionaries provide several possible definitions, including those proffered by you in your letter of March 25, 2008. However, to be contrasted with *Free Motion* where there was no intrinsic evidence, in this case, the prosecution history suggests the term

4

.

"adjacent" means "immediately adjoining without intervening space." *WordNet ® 3.0*, © 2006 by Princeton University, taken from http://www.dictionary.com on April 3, 2008. This definition is supported by Prime Time's arguments that the toy and corresponding tubular housing are covered "entirely" by the soft material (i.e., outer shell). This definition is also supported by Prime Time's comparisons to Henderson, insinuating that no ends exist that are not encased in the outer shell. For the tubular housing to be covered entirely by the outer shell such that no ends exists that are not encased by the outer shell, there must be no exposed external surface of the tubular housing. Thus, the outer shell covers the tubular housing such that no intervening space exists between a first end of the tubular housing and the outer shell. Or at the other end, the outer shell covers the tubular housing such that no intervening space exists between a second end of the tubular housing and the outer shell. In other words, the outer shell covers the tubular housing from adjacent the first end to adjacent the second end. Therefore, based on the intrinsic evidence in this case, the term "adjacent" can be properly defined as immediately adjoining without intervening space.

To determine literal infringement, the relevant inquiry is whether *all* the elements contained in the claim appear in the product under consideration. The product is said to infringe literally when it has *everything* mentioned in the claim. *Stiftung v. Renishaw PLC*, 945 F.2d 1173, 1178, 20 U.S.P.Q.2d 1094, 1098 (Fed. Cir. 1991). On the other hand, a product that does not have each and every element recited in the claim should not be considered a literal infringement. *Mas-Hamilton*, 156 F.3d at 1211, 48 U.S.P.Q.2d at 1015.

When applied to the present case, there are three independent claims, Claims 1, 5, and 13. As a courtesy, each independent claim will again be addressed in turn.

Claim 1 reads as follows:

"An expandable and contractible toy for receiving and storing water when disposed towards an expanded configuration, and squirting water when disposed towards a contracted configuration, the toy being encased in a soft material along its entire length when in the contracted configuration, the soft material having a buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water, the toy having a cylinder shape and a uniform cross-section along its entire length when in the contracted configuration" (emphasis added).

As noted in your letter dated February 21, 2008, the Creature Cannon includes a head at one end that operates as a nozzle to expel the water. Thus, the "toy" includes a head nozzle, which is most certainly NOT encased in a soft material. As such, the "entire" length of the "toy" is not encased in a soft material. Further, given the inclusion of the head nozzle, the "toy" does not have a uniform cross section along its "entire" length.

Assuming arguendo that the head nozzle is removed, the toy includes a tubular housing with a threaded portion that extends beyond the encasement of the soft material. More specifically, the tubular housing protrudes well beyond the end of the soft material

5

to extend the hollow cylinder chamber and also provide threads (threaded portion) upon which the head nozzle is screwed. As noted above, the threaded portion is indeed part of the tubular housing. Thus, assuming arguendo that the head nozzle is removed, the tubular housing is NOT encased in soft material along its "entire" length, nor does it have a uniform cross-section along its "entire" length. In your letter of March 25, 2008, you did not directly address my comments with respect to Claim 1 and as such, I can only assume that you agree with the assertion that Claim 1 is NOT literally infringed.

Claim 5 reads as follows:

> "A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, the outer shell covering the entire tubular housing from the first end to the second end to provide the toy with a cylinder shape, said tubular housing having a uniform cross-section along its entire length when said chamber is fully contracted" (emphasis added).

As was the case above, the Creature Cannon does not include an outer shell that covers the "entire" tubular housing from the first end to the second end because the threaded portion of the Creature Cannon extends well beyond the outer shell. Additionally, because the tubular housing includes the threaded portion, the tubular housing also lacks a uniform cross-section along its "entire" length. Thus, once again, the Creature Cannon is NOT literally infringing Claim 5.

Claim 13 reads as follows:

> "A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, said outer shell covering the tubular housing from adjacent the first end to adjacent the second end, said chamber comprising a cylinder and said means for expansion and contraction of said chamber being a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within

the chamber, <u>said tubular housing having a uniform cross-section along its entire length when said chamber is fully contracted</u>" (emphasis added).

Finally, assuming arguendo that the head nozzle is removed, the Creature Cannon has a tubular housing with a threaded portion that extends well beyond the outer shell (e.g., the outer shell does not cover the threaded portion of the tubular housing).

You had raised an issue with respect to the term "adjacent" and stated that, citing *Free Motion*, the term "adjacent" has been interpreted by the Federal Circuit as meaning "relatively near" or "not distant." Erroneously using either interpretation, you argued that the Creature Cannon literally satisfies this claim element even assuming arguendo that the "head nozzle" or "threads" are part of the tubular housing.

Your definition of "adjacent" fails to account for the intrinsic evidence. Taking into consideration the prosecution history, the term "adjacent" can be properly defined as "immediately adjoining without intervening space." Using this definition, it is clear that the threaded portion of the tubular housing resides between the first end and the outer shell and as such, an intervening space exists between the first end and the outer shell. Thus, the Creature Cannon does NOT include the element of an "...outer shell covering the tubular housing from adjacent the first end to adjacent the second end..."

Further, it is also noted that through the threaded portion, the tubular housing does NOT have a uniform cross-section along its "entire" length. Therefore, for at least the reasons set forth above, the Creature Cannon is also NOT literally infringing Claim 13.

As a final note, you had also addressed the term "comprising," stating that "one cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device." Quoting *A.B. Dick Co. v. Burroughs Corp.*, 713 F. 2d 700, 703(Fed. Cir. 1983). While this statement of law is true, prosecution history estoppels applies in that the outer shell must cover the "entire" tubular housing (or toy). An extension of the tubular housing (or toy) beyond the outer shell is not merely an added element but a device that is outside of the scope of the '642 patent.

It is unfortunate that you have decided to pursue a costly litigation with little, if any, chance of success. In any event, I would ask that you again consult with your client and provide them with the very real facts in this case. Mainly, that the Creature Cannon is NOT literally infringing the '642 patent and that due to the narrowing amendments and related arguments that were made during the prosecution of the patent, the courts will NOT interpret the claims broadly.

///
///
///

7

Should you have any questions or comments, please feel free to call me at the number listed above.

*Nothing in this letter is intended or shall be construed to constitute an express or implied waiver of any rights or remedies which our client may possess in connection with this matter, all of which are hereby expressly reserved.*

Best regards,

Marcus Risso
mrisso@topemckay.com
(310) 266-5663


cc: Mike Dwyer, JAKKS Pacific, Inc.

8

EXHIBIT 4















EXHIBIT 5
File Wrapper Part 1 of  7,281,642 B2

17698
091604
U.S. PTO

PTO/SB/05 (04-04)
Approved for use through 07/31/2006. OMB 0651-0032
U.S. Patent and Trademark Office. U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# UTILITY
# PATENT APPLICATION
# TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| Attorney Docket No. | PT-007 |
| First Inventor | Boguslaw Orlowski |
| Title | Squirting Toy |
| Express Mail Label No. | |

17548 10/942326  U.S. PTO  091604

## APPLICATION ELEMENTS
*See MEPEP chapter 600 concerning utility patent application contents.*

**ADDRESS TO:**  Commissioner for Patents
P.O. Box 1450
Alexandria VA  22313-1450

1. ☒ Fee Transmittal Form (e.g., PTO/SB/17)
   *(Submit an original and a duplicate for fee processing)*
2. ☒ Applicant claims small entity status.
   See 37 CFR 1.27.
3. ☒ Specification          [Total Pages  9  ]
   *(preferred arrangement set forth below)*
   - Descriptive title of the invention
   - Cross Reference to Related Applications
   - Statement Regarding Fed sponsored R & D
   - Reference to sequence listing, a table,
     or a computer program listing appendix
   - Background of the Invention
   - Brief Summary of the Invention
   - Brief Description of the Drawings *(if filed)*
   - Detailed Description
   - Claim(s)
   - Abstract of the Disclosure

4. ☒ Drawing(s) (35 U.S.C. 113)   [Total Sheets  4  ]

5. Oath or Declaration          [Total Sheets  2  ]
   a. ☒ Newly executed (original or copy)

   b. ☐ Copy from a prior application (37 CFR 1.63(d))
      *(for continuation/divisional with Box 18 completed)*

      i. ☐ DELETION OF INVENTOR(S)
      Signed statement attached deleting inventor(s)
      name in the prior application, see 37 CFR
      1.63(d)(2) and 1.33(b).

6. ☐ Application Data Sheet. See 37 CFR 1.76

7. ☐ CD-ROM or CD-R in duplicate, large table or
   Computer Program *(Appendix)*
8. Nucleotide and/or Amino Acid Sequence Submission
   *(if applicable, all necessary)*
   a. ☐ Computer Readable Form (CRF)

   b. Specification Sequence Listing on:

      i. ☐ CD-ROM or CD-R (2 copies); or

      ii. ☐ Paper

   c. ☐ Statements verifying identity of above copies

## ACCOMPANYING APPLICATION PARTS

9. ☐ Assignment Papers (cover sheet & document(s))
10. ☐ 37 CFR 3.73(b) Statement    ☒ Power of
    *(when there is an assignee)*         Attorney
11. ☐ English Translation Document *(if applicable)*
12. ☐ Information Disclosure    ☐ Copies of IDS
    Statement (IDS)/PTO-1449       Citations
13. ☐ Preliminary Amendment
14. ☒ Return Receipt Postcard (MPEP 503)
    *(Should be specifically itemized)*
15. ☐ Certified Copy of Priority Document(s)
    *(if foreign priority is claimed)*
16. ☐ Nonpublication Request under 35 U.S.C. 122
    (b)(2)(B)(i). Applicant must attach form PTO/SB/35
    or its equivalent.
17. ☒ Other:  $385 FILING FEE

18. If a CONTINUING APPLICATION, check appropriate box, and supply the requisite information below and in the first sentence of the specification following the title, or in an Application Data Sheet under 37 CFR 1.76:

☐ Continuation    ☐ Divisional    ☐ Continuation-in-part (CIP)    of prior application No.:

Prior application information:        Examiner        Art Unit:

For CONTINUATION OR DIVISIONAL APPS only; The entire disclosure of the prior application, from which an oath or declaration is supplied under Box 5b, is considered a part of the disclosure of the accompanying continuation or divisional application and is hereby incorporated by reference. The incorporation can only be relied upon when a portion has been inadvertently omitted from the submitted application parts.

## 19. CORRESPONDENCE ADDRESS

☒ Customer Number:  26250    OR  ☐ Correspondence address below

| | |
|---|---|
| Name | FRANK MARINO |
| Address | 394 MEREDITH NECK RD |
| City | MEREDITH |  State  NH  | Zip Code  03253 |
| Country | USA |  Telephone  603-279-0159  | Fax  6032790159 |

| | |
|---|---|
| Name (Print/Type) | FRANK MARINO |  Registration No. (Attorney/Agent)  37879 |
| Signature | [signature] |  Date  9/10/04 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case.  Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/17 (10-03)
Approved for use through 07/31/2006. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# FEE TRANSMITTAL
# for FY 2004
*Effective 10/01/2003. Patent fees are subject to annual revision.*

[X] Applicant claims small entity status. See 37 CFR 1.27

| TOTAL AMOUNT OF PAYMENT | ($) 385 |

**Complete if Known**

| Application Number | |
| Filing Date | HEREWITH |
| First Named Inventor | BOGUSLAW ORLOWSKI |
| Examiner Name | |
| Art Unit | |
| Attorney Docket No. | PT-007 |

## METHOD OF PAYMENT (check all that apply)

[X] Check  [ ] Credit card  [ ] Money Order  [ ] Other  [ ] None

[ ] Deposit Account:

Deposit Account Number: _____

Deposit Account Name: _____

**The Director is authorized to:** *(check all that apply)*

[ ] Charge fee(s) indicated below  [ ] Credit any overpayments
[ ] Charge any additional fee(s) or any underpayment of fee(s)
[ ] Charge fee(s) indicated below, except for the filing fee to the above-identified deposit account.

## FEE CALCULATION

### 1. BASIC FILING FEE

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 1001 | 770 | 2001 | 385 | Utility filing fee | 385 |
| 1002 | 340 | 2002 | 170 | Design filing fee | |
| 1003 | 530 | 2003 | 265 | Plant filing fee | |
| 1004 | 770 | 2004 | 385 | Reissue filing fee | |
| 1005 | 160 | 2005 | 80 | Provisional filing fee | |

| SUBTOTAL (1) | ($) 385 |

### 2. EXTRA CLAIM FEES FOR UTILITY AND REISSUE

| | Extra Claims | Fee from below | Fee Paid |
|---|---|---|---|
| Total Claims 17 | -20** = 0 | X 0 | = 0 |
| Independent Claims 3 | - 3** = 0 | X 0 | = 0 |
| Multiple Dependent | | | |

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description |
|---|---|---|---|---|
| 1202 | 18 | 2202 | 9 | Claims in excess of 20 |
| 1201 | 86 | 2201 | 43 | Independent claims in excess of 3 |
| 1203 | 290 | 2203 | 145 | Multiple dependent claim, if not paid |
| 1204 | 86 | 2204 | 43 | ** Reissue independent claims over original patent |
| 1205 | 18 | 2205 | 9 | ** Reissue claims in excess of 20 and over original patent |

| SUBTOTAL (2) | ($) 0 |

**or number previously paid, if greater; For Reissues, see above

## FEE CALCULATION (continued)

### 3. ADDITIONAL FEES

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 1051 | 130 | 2051 | 65 | Surcharge - late filing fee or oath | |
| 1052 | 50 | 2052 | 25 | Surcharge - late provisional filing fee or cover sheet | |
| 1053 | 130 | 1053 | 130 | Non-English specification | |
| 1812 | 2,520 | 1812 | 2,520 | For filing a request for ex parte reexamination | |
| 1804 | 920* | 1804 | 920* | Requesting publication of SIR prior to Examiner action | |
| 1805 | 1,840* | 1805 | 1,840* | Requesting publication of SIR after Examiner action | |
| 1251 | 110 | 2251 | 55 | Extension for reply within first month | |
| 1252 | 420 | 2252 | 210 | Extension for reply within second month | |
| 1253 | 950 | 2253 | 475 | Extension for reply within third month | |
| 1254 | 1,480 | 2254 | 740 | Extension for reply within fourth month | |
| 1255 | 2,010 | 2255 | 1,005 | Extension for reply within fifth month | |
| 1401 | 330 | 2401 | 165 | Notice of Appeal | |
| 1402 | 330 | 2402 | 165 | Filing a brief in support of an appeal | |
| 1403 | 290 | 2403 | 145 | Request for oral hearing | |
| 1451 | 1,510 | 1451 | 1,510 | Petition to institute a public use proceeding | |
| 1452 | 110 | 2452 | 55 | Petition to revive - unavoidable | |
| 1453 | 1,330 | 2453 | 665 | Petition to revive - unintentional | |
| 1501 | 1,330 | 2501 | 665 | Utility issue fee (or reissue) | |
| 1502 | 480 | 2502 | 240 | Design issue fee | |
| 1503 | 640 | 2503 | 320 | Plant issue fee | |
| 1460 | 130 | 1460 | 130 | Petitions to the Commissioner | |
| 1807 | 50 | 1807 | 50 | Processing fee under 37 CFR 1.17(q) | |
| 1806 | 180 | 1806 | 180 | Submission of Information Disclosure Stmt | |
| 8021 | 40 | 8021 | 40 | Recording each patent assignment per property (times number of properties) | |
| 1809 | 770 | 2809 | 385 | Filing a submission after final rejection (37 CFR 1.129(a)) | |
| 1810 | 770 | 2810 | 385 | For each additional invention to be examined (37 CFR 1.129(b)) | |
| 1801 | 770 | 2801 | 385 | Request for Continued Examination (RCE) | |
| 1802 | 900 | 1802 | 900 | Request for expedited examination of a design application | |

Other fee (specify) _____

*Reduced by Basic Filing Fee Paid

| SUBTOTAL (3) | ($) |

## SUBMITTED BY

*(Complete if applicable)*

| Name (Print/Type) | FRANK MARINO | Registration No. (Attorney/Agent) | 37879 | Telephone | 603-279-0159 |
| Signature | | | Date | 9-10-04 |

**WARNING:** Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.

This collection of information is required by 37 CFR 1.17 and 1.27. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/92 (08-03)
Approved for use through 07/31/2006. OMB 0561-0031
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# Certificate of Mailing under 37 CFR 1.8

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to:

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

on    9/10/ 04
        Date

_____
Signature

FRANK MARINO
Typed or printed name of person signing Certificate

Note: Each paper must have its own certificate of mailing, or this certificate must identify each submitted paper.

- LETTERS PATENT APPL FOR "SQUIRTING TOY" INCLUDING
      SPECIFICATION (9 PAGES) AND DRAWINGS (4 SHEETS)
- DECLARATION OF AND POWER OF ATTORNEY BY INVENTOR BOGUSLAW
      ORLOWSKI FOR ABOVE APPL.
- $ 385 SMALL ENTITY FILING FEE FOR ABOVE APPL.

This collection of information is required by 37 CFR 1.8. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1.8 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

Docket PT-007
Date 08/01/04

Application for United States Letters Patent

For:

<u>Squirting Toy</u>

Invented By:

Boguslaw Orlowski

FIELD OF THE INVENTION:

The present invention is a water squirting apparatus for use at play. More specifically, it is a soft floating tubular piston type squirt gun for use such as in a swimming pool or swimming area by participants in or adjacent to the water.

BACKGROUND AND OBJECTS OF THE INVENTION:

Squirt guns are well known in many forms in the prior art. Numerous squirt guns and squirting toys are made and have been made over the years for use by persons while swimming in or standing adjacent to a swimming pool, which are adapted to quickly take in water from the swimming pool for squirting. One such toy is called Water Stix™ and is sold by Hearthsong Inc. This toy, representative of many such squirting toys, is basically comprised of a housing having a nozzle at its squirting end. A piston, which includes a graspable handle, is adapted to slide within the housing so that, when the nozzle end of the housing is submerged in the pool and the piston is pulled backwards, water is drawn into the housing through the nozzle. And when the piston is subsequently forced forwardly, that water is forced from the housing, through the nozzle, towards a target, in a powerful stream.

Additionally, many squirt guns of the prior art are constructed in a manner that entraps air and thereby inadvertently enables those guns to partially float in water. The degree of such buoyancy is relative to the amount of water that has been taken into the gun and the longevity of such buoyancy is relative to the to the amount of air leakage from the housing.

There are also floating toy "swimming noodles" in the prior art, which are made of resilient floating closed-cell polymer foam. These toys are used to provide buoyancy to the user while swimming. Because these toys are often left floating in the pool when not in use, their softness eliminates the safety threat that they would otherwise pose.

It is therefore an object of the present invention to provide an improved squirting toy that floats fully atop the surface of the water, whether filled with or empty of water.

It is a further object to provide a soft squirting toy that is safer that squirting toys of the prior art.

It is a further object to provide a squirting toy that is both buoyant and soft.

It is a further object to provide such a squirting toy that has a similar appearance to a "swimming noodle".

Further objects and advantages of the invention will be apparent upon a review of the following description and drawings of the invention, including the preferred embodiment thereof.

SUMMARY OF THE INVENTION:

The present invention comprises a squirting toy that is housed within a polyethylene (PE) closed cell foam shell. The closed cell shell is non-absorbing, so that the foam remains buoyant and keeps the gun afloat indefinitely. The foam is soft, so that the gun is not a safety hazard when left floating in a swimming pool. In the preferred embodiment, the squirting toy is comprised of a cylindrical housing and a piston that slides within to force water into or out of the housing via a hole therein. The foam shell

of the preferred embodiment is similar in size and shape to a "swimming noodle", and is therefore more attractive to a child who is familiar with such.

A more complete understanding of the invention will be realized upon review of the following description and drawings of the Preferred embodiment of the invention.

BRIEF DECRIPTION OF THE DRAWINGS:

Figure 1 is an action view of a squirting toy according to the preferred embodiment of the invention showing water being expelled there-from.

Figure 2 is a cross-sectional view through the toy of Figure 1 in its retracted/empty state.

Figure 3 is an enlarged partial section of the toy of Figure 1 floating in water,

Figure 4 is an action cross-sectional view in showing the intake of water into the toy of Figure 1, and

Figure 5 is an action cross-sectional view in showing the expulsion of water from the toy of Figure 1.

DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT:

The Preferred embodiment of the invention is shown in Figures 1 though 5, where there is depicted a toy 100 for squirting a water stream 102, and which is adapted to float on the water surface 104.

The toy comprises a rigid tubular housing 106 that encloses a hollow cylindrical chamber 110. The forward end 112 of the tubular housing is closed except for a small hole 114. Piston 116 slides longitudinally within chamber 110 and is sealed against the

cylindrical inner surface 120 of the chamber by o-ring 122, which is seated within groove 124 of the piston. The piston separates the chamber 110 into a forward portion 110A and a rear portion 110B. The piston 116 is rigidly connected to shaft 124 at the forward end 126 thereof. Slide bushing 128 supports shaft 124 at the rear end 130 of the tubular housing 106, while allowing longitudinal movement relative thereto. Handle portion 132 is rigidly connected to shaft 124 at the rearward end 134 thereof. Expansion of the handle portion 132 relative to the tubular housing 106, while hole 114 is below the water surface 104, as depicted in Figure 4, causes water to be inhaled into the expanding forward chamber portion 110A, through hole 114. Subsequent retraction of the handle portion 132 relative to the tubular housing 106 causes that water to be exhaled through hole 114 in a powerful stream 102.

Tubular shell 138, preferably made of closed-cell polyethylene foam, surrounds tubular housing 106, to provide both a soft protective surface and buoyancy. Other materials may be substituted for polyethylene foam, such as ethylene vinyl acetate closed-cell foam.

Handle portion 132 also includes handle shell 140, which is preferable made of the same foam, and is rigidly connected shaft 124 by means of support bushings 144 and 146. Alternatively, other materials having sufficient buoyancy, softness, and water impermeability, such as polyurethane foam, may be used for both the tubular and handle shells. Or the shells could instead be replaced by blow molded or rotationally molded air-filled cylindrical bladders. When the handle portion is retracts as in Figure 2, the shells create a similar appearance and feel to those of a common "swimming noodle".

It will be appreciated by those skilled in the applicable arts that the foregoing is merely one of many possible embodiments of the invention, and that the invention should therefore only be limited according to the following claims.

I CLAIM:

1. An encasement for a partially hollow squirting toy comprised of a soft material that has buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water.

2. The encasement of Claim 1 wherein said soft material is closed-cell polymer foam.

3. The encasement of Claim 1 wherein said material is closed-cell polyethylene foam.

4. The encasement of Claim 1 wherein said material is closed-cell ethylene vinyl acetate foam.

5. A toy for receiving, storing, and squirting water and encased in a soft material that has a buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water.

6. The toy of Claim 5 wherein said soft material is closed-cell polymer foam.

7. The toy of Claim 1 wherein said material is closed-cell polyethylene foam.

8. The toy of Claim 1 wherein said material is closed-cell ethylene vinyl acetate foam.

9. A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water

through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water.

10. The toy of Claim 9 wherein said soft material is closed-cell polymer foam.

11. The toy of Claim 9 wherein said material is closed-cell polyethylene foam.

12. The toy of Claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

13. The toy of Claim 9 wherein said chamber comprises a cylinder and said means for expansion and contraction of said chamber is a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

14. The toy of Claim 13 wherein said outer shell is cylindrically shaped.

15. The toy of Claim 14 wherein said soft material is closed-cell polymer foam.

16. The toy of Claim 14 wherein said material is closed-cell polyethylene foam.

17. The toy of Claim 14 wherein said material is closed-cell ethylene vinyl acetate foam.

ABSTRACT:

A squirting toy is comprised of a cylindrical housing and a piston that slides within to force water into or out of the housing via a hole therein. The housing is encased within a polyethylene closed cell foam shell. The shell is non-absorbing, so that the foam remains buoyant and keeps the gun afloat indefinitely when left in water. The foam is soft, so that the gun is not a safety hazard when left floating in a swimming pool.

1/4





2/4



*Fig.3.*

3/4



Fig. 4.



4/4



Fig. 5.

PTO/SB/01 (05-03)
Approved for use through 04/30/2003. OMB 0651-0032
U.S. Patent and Trademark Officer, U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| DECLARATION FOR UTILITY OR DESIGN PATENT APPLICATION (37 CFR 1.63) | Attorney Docket Number | PT-007 |
|---|---|---|
| | First Named Inventor | BOGUSLAW ORLOWSKI |
| | COMPLETE IF KNOWN | |
| | Application Number | |
| | Filing Date | HEREWITH |
| | Art Unit | |
| | Examiner Name | |

☒ Declaration Submitted With Initial Filing.  **OR**  ☐ Declaration Submitted after Initial Filing (surcharge (37 CFR 1.16 (e)) required)

**I hereby declare that:**

Each inventor's residence, mailing address, and citizenship are as stated below next to their name.

I believe the inventor(s) named below to be the original and first inventor(s) of the subject matter which is claimed and for which a patent is sought on the invention entitled:

SQUIRTING TOY

*(Title of the Invention)*

the specification of which

☒ is attached hereto

**OR**

☐ was filed on (MM/DD/YYYY) _____ as United States Application Number or PCT International

Application Number _____ and was amended on (MM/DD/YYYY) _____ (if applicable).

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment specifically referred to above.

I acknowledge the duty to disclose information which is material to patentability as defined in 37 CFR 1.56, including for continuation-in-part applications, material information which became available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

I hereby claim foreign priority benefits under 35 U.S.C. 119(a)-(d) or (f), or 365(b) of any foreign application(s) for patent, inventor's or plant breeder's rights certificate(s), or 365(a) of any PCT international application which designated at least one country other than the United States of America, listed below and have also identified below, by checking the box, any foreign application for patent, inventor's or plant breeder's rights certificate(s), or any PCT international application having a filing date before that of the application on which priority is claimed.

| Prior Foreign Application Number(s) | Country | Foreign Filing Date (MM/DD/YYYY) | Priority Not Claimed | Certified Copy Attached? Yes    No |
|---|---|---|---|---|
| | | | ☐ | ☐    ☐ |
| | | | ☐ | ☐    ☐ |
| | | | ☐ | ☐    ☐ |
| | | | ☐ | ☐    ☐ |

☐ Additional foreign application numbers are listed on a supplemental priority data sheet PTO/SB/02B attached hereto.

[Page 1 of 2]

This collection of information is required by 37 CFR 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 21 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/01 (05-03)
Approved for use through 04/30/2003. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# DECLARATION — Utility or Design Patent Application

| Direct all correspondence to: | ☒ Customer Number or Bar Code Label | 26250 | OR | ☐ Correspondence address below |
| --- | --- | --- | --- | --- |

**Name**
FRANK MARINO

**Address**
394 MEREDITH NECK RD

| City MEREDITH | State NH | ZIP 03253 |
| --- | --- | --- |

| Country USA | Telephone 603-279-0159 | Fax 603-279-0159 |
| --- | --- | --- |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001 and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

**NAME OF SOLE OR FIRST INVENTOR:**    ☐ A petition has been filed for this unsigned inventor

| Given Name (first and middle [if any]) BOGUSLAW | Family Name or Surname ORLOWSKI |
| --- | --- |

| Inventor's Signature *Boguslaw Olowski* | Date 08/04/2004 |
| --- | --- |

| Residence: City OCEANSIDE | State CALIFORNIA | Country U.S.A | Citizenship U.S.A. |
| --- | --- | --- | --- |

**Mailing Address** 705 SHADOWTREE DR.

| City OCEANSIDE | State CALIFORNIA | ZIP 92054 | Country U.S.A |
| --- | --- | --- | --- |

**NAME OF SECOND INVENTOR:**    ☐ A petition has been filed for this unsigned inventor

| Given Name (first and middle [if any]) | Family Name or Surname |
| --- | --- |

| Inventor's Signature | Date |
| --- | --- |

| Residence: City | State | Country | Citizenship |
| --- | --- | --- | --- |

**Mailing Address**

| City | State | ZIP | Country |
| --- | --- | --- | --- |

☐ Additional inventors or a legal representative are being named on the ___ supplemental sheet(s) PTO/SB/02A or 02LR attached hereto.

[Page 2 of 2]

PTO/SB/81 (05-03)
Approved for use through 11/30/2005. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# POWER OF ATTORNEY OR AUTHORIZATION OF AGENT

| Application Number | |
|---|---|
| Filing Date | HEREWITH |
| First Named Inventor | BOGUSLAW ORLOWSKI |
| Title | SQUIRTING TOY |
| Art Unit | |
| Examiner Name | |
| Attorney Docket Number | PT-007 |

I hereby appoint:

[X] Practitioners at Customer Number    **26250**    →    Place Customer Number Bar Code Label here

OR

[ ] Practitioner(s) named below:

| Name | Registration Number |
|---|---|
| FRANK MARINO | 37879 |
| | |
| | |
| | |

as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith.

Please change the correspondence address for the above-identified application to:

[ ] The above-mentioned Customer Number.

OR

[ ] Practitioners at Customer Number.    →    Place Customer Number Bar Code Label here

OR

| Firm or Individual Name | FRANK MARINO |
|---|---|
| Address | 394 MEREDITH NECK RD |
| Address | |
| City | MEREDITH | State | NH | Zip | 03253 |
| Country | USA |
| Telephone | 603-279-0159 | Fax | 603-279-0159 |

I am the:

[X] Applicant/Inventor.

[ ] Assignee of record of the entire interest. See 37 CFR 3.71.
    Statement under 37 CFR 3.73(b) is enclosed. (Form PTO/SB/96).

**SIGNATURE of Applicant or Assignee of Record**

| Name | BOGUSLAW ORLOWSKI |
|---|---|
| Signature | Boguslaw Orlowski |
| Date | 08-04-2004 | Telephone | (760) 439.3041 |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required; see below*.

[ ] *Total of ____ forms are submitted.

This collection of information is required by 37 CFR 1.31 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PATENT APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

09/20/2004 EHAILE1  00000002 10942326

01 FC:2001                    385.00 OP

PTO-1556
(5/87)

*U.S. Government Printing Office: 2002 — 489-267/69033

# PATENT APPLICATION FEE DETERMINATION RECORD
### Effective October 1, 2003

Application or Docket Number

*10942326*

## CLAIMS AS FILED - PART I

|  | (Column 1) | (Column 2) |
|---|---|---|
| TOTAL CLAIMS | 17 |  |
| FOR | NUMBER FILED | NUMBER EXTRA |
| TOTAL CHARGEABLE CLAIMS | 17 minus 20= | * — |
| INDEPENDENT CLAIMS | 3 minus 3 = | — |
| MULTIPLE DEPENDENT CLAIM PRESENT | ☐ | |

\* If the difference in column 1 is less than zero, enter "0" in column 2

| SMALL ENTITY TYPE ☐ | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | FEE | | RATE | FEE |
| BASIC FEE | 385.00 | OR | BASIC FEE | 770.00 |
| XS 9= | | OR | XS18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL | 385 | OR | TOTAL | |

## CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|---|
| Total | * | | Minus | ** | = |
| Independent | * | | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ | |

| SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|
| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
| X$ 9= | | OR | X$18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|---|
| Total | * | | Minus | ** | = |
| Independent | * | | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ | |

| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|---|---|
| Total | * | | Minus | ** | = |
| Independent | * | | Minus | *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | ☐ | |

| RATE | ADDITIONAL FEE | | RATE | ADDITIONAL FEE |
|---|---|---|---|---|
| X$ 9= | | OR | X$18= | |
| X43= | | OR | X86= | |
| +145= | | OR | +290= | |
| TOTAL ADDIT. FEE | | OR | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

FORM PTO-875   (Rev. 10/03)                    Patent and Trademark Office, U.S. DEPARTMENT OF COMMERCE



New Attorney Dkt. No. 69281/54
Old Attorney Dkt. No. PT-007

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.   : 10/942,326                    Confirmation No. 9683

Applicant        : Boguslaw Orlowski

Filed            : September 16, 2004

For:             : SQUIRTING TOY

TC/A.U.          : 3752

Examiner         : TBD

Customer No.     : 1912

| "Express Mail" mailing label No. | EL 996368350 US |
|---|---|
| Date of Deposit: | August 31, 2005 |

I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

Name:     Vivian Campbell
Signature:

**SUBMISSION OF INFORMATION DISCLOSURE STATEMENT AND
REVOCATION OF POWER OF ATTORNEY WITH NEW POWER OF ATTORNEY
AND CHANGE OF CORRESPONDENCE ADDRESS**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22323-1450

Sir:

       Applicant respectfully requests, pursuant to 37 C.F.R. §§§ 1.56, 1.97

and 1.98, that the references listed on the attached PTO/SB/08A Form (Substitute

Form for PTO-1449) be considered and cited in the examination of the above-

identified patent application.

       We also enclose a Revocation of Power of Attorney With New Power

of Attorney and Change of Correspondence Address for the above-identified

application.

       No fee is deemed necessary in connection with the filing of this

Information Disclosure Statement. However, if any fee is required to preserve the

320241.1              **Page 1 of 2**

New Attorney Dkt. No. 69281/54
Old Attorney Dkt. No. PT-007

pendency of the application, authorization is hereby given to charge the amount

of any such fee to deposit Account No. 01-1785.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Applicant(s)
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated:   New York, New York        By: _____
         August 31, 2005                Benjamin M. Halpern
                                         Registration No.: 46,494

PTO/SB/08A (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT
*(Use as many sheets as necessary)*

| Complete if Known | |
|---|---|
| Application Number | 10/942,326 |
| Filing Date | September 16,2004 |
| First Named Inventor | Boguslaw Orlowski |
| Art Unit | 3752 |
| Examiner Name | Unknown |
| Attorney Docket Number | 69281/54 |

Sheet 1 of 1

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.1 | Document Number — Number-Kind Code2 (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US- 213,050 | 03/11/1879 | P.C. Lewis | |
| | | US- 1,031,526 | 07/02/1912 | N.H. Cloud, Jr. | |
| | | US- 1,394,456 | 10/18/1921 | J. Wanat | |
| | | US- 2,573,375 | 10/30/1951 | T.W. Winstead | |
| | | US- 4,597,527 | 07/01/1986 | Sands | |
| | | US- 4,627,796 | 12/09/1986 | Moore | |
| | | US- 5,009,413 | 04/23/1991 | Allen | |
| | | US- 5,199,114 | 04/06/1993 | Christopher | |
| | | US- 5,928,053 | 07/27/1999 | Henderson | |
| | | US- 5,992,697 | 11/30/1999 | James | |
| | | US- Des. 26,839 | 03/30/1897 | J. Lines | |
| | | US- Des. 240,130 | 06/01/1976 | William A. Folke | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.1 | Foreign Patent Document — Country Code3-Number4-Kind Code5 (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T6 |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MEPE 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. 1 Applicant's unique citation designation number (optional). 2 See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. 3 Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). 4 For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. 5 Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. 6 Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

PTO/SB/82 (09-03)
Approved for use through 11/30/2005. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## REVOCATION OF POWER OF ATTORNEY WITH NEW POWER OF ATTORNEY AND CHANGE OF CORRESPONDENCE ADDRESS

| Application Number | 10/942,326 |
|---|---|
| Filing Date | September 16, 2004 |
| First Named Inventor | Boguslaw Orlowski |
| Art Unit | 3752 |
| Examiner Name | |
| Attorney Docket Number | 69281/54 (old no. PT-007) |

**I hereby revoke all previous powers of attorney given in the above-identified application.**

☐ A Power of Attorney is submitted herewith.

*OR*

☑ I hereby appoint the practitioners associated with the Customer Number: 1912

☑ Please change the correspondence address for the above-identified application to:

☑ The address associated with Customer Number: 1912

*OR*

| ☐ Firm *or* Individual Name | |
|---|---|
| Address | |
| Address | |
| City | State | Zip |
| Country | |
| Telephone | Fax |

I am the:

☑ Applicant/Inventor.

☐ Assignee of record of the entire interest. See 37 CFR 3.71.
Statement under 37 CFR 3.73(b) is enclosed. (Form PTO/SB/96)

### SIGNATURE of Applicant or Assignee of Record

| Name | Boguslaw Orlowski |
|---|---|
| Signature | *Boguslaw Orlowski* |
| Date | 08·25·2005 | Telephone | |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

☑ *Total of 1 forms are submitted.

This collection of information is required by 37 CFR 1.36. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

26



## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.  : 10/942,326                    Confirmation No. 9683

Applicants      : Boguslaw Orlowski

Filed           : September 16, 2004

TC/A.U.         : 3752

Examiner        : TBD

Docket No.      : 69281/54 (old Docket No. PT-007)

Customer No.    : 1912 (old Customer No. 26250)

"Express Mail" mailing label No. | EV 725788849 US
Date of Deposit: | February 17, 2006
    I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
Name: Vivian Campbell
Signature:

### STATUS INQUIRY

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

      Applicant respectfully inquires as to the status of the above-identified application.  The last correspondence receive from the U.S. Patent Office was a postcard confirming receipt of a submission of an Information Disclosure Statement and a Revocation of Power of Attorney With New Power of Attorney and Change of Correspondence Address dated August 31, 2005.  To date, we have not received any further correspondence.

      Respectfully submitted,

      AMSTER, ROTHSTEIN & EBENSTEIN LLP
      Attorneys for Applicant
      90 Park Avenue
      New York, NY 10016
      (212) 336-8000

Dated: New York, New York          By: _____
       February 17, 2006              Benjamin M. Halpern, Reg. No. 46,494

Page 1 of 1

334712.1

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371 (c) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 |

1912
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

**CONFIRMATION NO. 9683**


*OC000000019081986*

Date Mailed: 06/02/2006

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 08/31/2005.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

LYNN LAM
PTOSS (703) 308-9150

OFFICE COPY

28



**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371 (c) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | PT- 007 |

26250
FRANCIS EDWARD MARINO
394 MEREDITH NECK ROAD
MEREDITH, NH 03253

**CONFIRMATION NO. 9683**

*OC000000019081947*

Date Mailed: 06/02/2006

## NOTICE REGARDING CHANGE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 08/31/2005.

• The Power of Attorney to you in this application has been revoked by the applicant. Future correspondence will be mailed to the new address of record(37 CFR 1.33).

LYNN LAM
PTOSS (703) 308-9150

OFFICE COPY

# EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 0 | (222/079).CCLS. | US-PGPUB; USPAT | OR | OFF | 2006/09/18 08:24 |
| L2 | 0 | "222"."."079".ccls. | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:25 |
| L3 | 0 | "222"."."079".ccls. | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:25 |
| L4 | 0 | 222/079.ccls. | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:26 |
| L5 | 0 | (222/079).CCLS. | US-PGPUB; USPAT | OR | OFF | 2006/09/18 08:26 |
| L6 | 337 | (222/79).CCLS. | US-PGPUB; USPAT | OR | OFF | 2006/09/18 09:15 |
| L7 | 123376 | float | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:27 |
| L8 | 2989 | squirt | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:27 |
| L9 | 991250 | tube | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:27 |
| L10 | 4 | 6 and 7 and 8 and 9 | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:32 |
| L11 | 498814 | polyethylene | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:33 |
| L12 | 246302 | foam | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:33 |
| L13 | 3534 | 7 and 11 and 12 | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:33 |
| L14 | 14 | 8 and 9 and 13 | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:33 |
| L15 | 217 | (482/55).CCLS. | US-PGPUB; USPAT | OR | OFF | 2006/09/18 09:15 |
| L16 | 256 | (482/111).CCLS. | US-PGPUB; USPAT | OR | OFF | 2006/09/18 09:21 |
| L17 | 16 | 6 and pool | US-PGPUB; USPAT | OR | ON | 2006/09/18 09:57 |
| L18 | 301 | (92/249).CCLS. | US-PGPUB; USPAT | OR | OFF | 2006/09/18 09:57 |
| L19 | 0 | 6 and 18 | US-PGPUB; USPAT | OR | ON | 2006/09/18 09:58 |
| L20 | 1 | pool and 18 | US-PGPUB; USPAT | OR | ON | 2006/09/18 09:58 |
| S1 | 0 | ("45238995670747").PN. | USPAT | OR | OFF | 2006/08/29 10:12 |
| S2 | 1 | ("4523899").PN. | USPAT | OR | OFF | 2004/08/13 08:51 |



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

1912      7590      09/27/2006

AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY  10016

| EXAMINER |
|---|
| HUSON, GREGORY L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3764 | |

DATE MAILED: 09/27/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

| *Office Action Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | Examiner | Art Unit | |
| | Gregory L. Huson | 3764 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133). Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>17 February 2006</u>.

2a)☐ This action is **FINAL**.     2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-17</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-17</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on _____ is/are: a)☒ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All    b)☐ Some * c)☐ None of:

        1.☐ Certified copies of the priority documents have been received.

        2.☐ Certified copies of the priority documents have been received in Application No. _____.

        3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date <u>8/31/05</u>.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____.

5)☐ Notice of Informal Patent Application

6)☐ Other: _____.

Application/Control Number: 10/942,326                                    Page 2
Art Unit: 3764

1.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

2.      The factual inquiries set forth in *Graham* **v.** *John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under 35 U.S.C. 103(a) are summarized as follows:

      1.      Determining the scope and contents of the prior art.
      2.      Ascertaining the differences between the prior art and the claims at issue.
      3.      Resolving the level of ordinary skill in the pertinent art.
      4.      Considering objective evidence present in the application indicating
              obviousness or nonobviousness.

3.      Claims 1-17 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Sands in view of Henderson as taught by Tagar et al..

        Sands shows a similar squirt toy that utilizes a piston in a reciprocating motion to

load and discharge water (see the drawing figures and col. 2 lines 14-22).

        Sands fails to show the toy encased in foam (of a particular type) to provide

buoyancy when the device is used in a pool.

        Henderson shows a water toy for use in a pool that provides buoyancy at 20 by

means of encasing the tubular toy in 'foam rubber, cork, Styrofoam or the like' for safety

(easy to grasp) and buoyancy (to enable it to float to the surface if dropped).

        Tagar et al. teach providing buoyancy (through 22) to a similar water squirt toy

(fig. 7 and col. 5 lines 19-23) in a pool environment.

Application/Control Number: 10/942,326                                    Page 3
Art Unit: 3764

Thus, it would have been obvious to one of ordinary skill in the art to have

provided the Sands' toy with an outer casing of foam or the like as shown by Henderson

to provide increased safety and buoyancy in a pool environment as taught by Tagar et

al. The particular foam or buoyant material chosen is a function of the size and weight

of the device, and the cost of manufacture, as suggested by Henderson and also by

applicant's use of multiple materials, and thus represents an obvious design choice to

one of ordinary skill in the art.

4.      The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure. Thorne shows it is known to use a closed cell polyethylene foam

for buoyancy on an aquatic exercise device.

5.      Any inquiry concerning this communication should be directed to Gregory L.

Huson at telephone number 571-272-4887.

Gregory L. Huson
Supervisory Patent Examiner
Art Unit 3764

OTPE IAP33
AUG 3 1 2006
PATENT & TRADEMARK OFFICE

PTO/SB/08A (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT
*(Use as many sheets as necessary)*

Sheet | 1 | of | 1

| Complete if Known | |
|---|---|
| Application Number | 10/942,326 |
| Filing Date | September 16, 2004 |
| First Named Inventor | Boguslaw Orlowski |
| Art Unit | 3752 |
| Examiner Name | Unknown |
| Attorney Docket Number | 69281/54 |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.¹ | Document Number / Number-Kind Code² (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| GH | ✓ | US- 213,050 | 03/11/1879 | P.C. Lewis | |
| GH | ✓ | US- 1,031,526 | 07/02/1912 | N.H. Cloud, Jr. | |
| GH | ✓ | US- 1,394,456 | 10/18/1921 | J. Wanat | |
| GH | ✓ | US- 2,573,375 | 10/30/1951 | T.W. Winstead | |
| GH | ✓ | US- 4,597,527 | 07/01/1986 | Sands | |
| GH | ✓ | US- 4,627,796 | 12/09/1986 | Moore | |
| GH | ✓ | US- 5,009,413 | 04/23/1991 | Allen | |
| GH | ✓ | US- 5,199,114 | 04/06/1993 | Christopher | |
| GH | ✓ | US- 5,928,053 | 07/27/1999 | Henderson | |
| GH | ✓ | US- 5,992,697 | 11/30/1999 | James | |
| GH | ✓ | US- Des. 26,839 | 03/30/1897 | J. Lines | |
| GH | ✓ | US- Des. 240,130 | 06/01/1976 | William A. Folke | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.¹ | Foreign Patent Document Country Code³ Number⁴ Kind Code⁵ (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T⁶ |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /Gregory Huson/ | Date Considered | 09/18/2006 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. ¹ Applicant's unique citation designation number (optional). ² See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. ³ Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). ⁴ For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. ⁵Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. ⁶ Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

| Notice of References Cited | | Application/Control No.<br>10/942,326 | Applicant(s)/Patent Under Reexamination<br>ORLOWSKI, BOGUSLAW | |
|---|---|---|---|---|
| | | Examiner<br>Gregory L. Huson | Art Unit<br>3764 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-5,266,069 | 11-1993 | Thorne, Lewis C. | 482/111 |
| * | B | US-5,231,951 | 08-1993 | Tagar et al. | 114/345 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number<br>Country Code-Number-Kind Code | Date<br>MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    Notice of References Cited                    Part of Paper No. 20060918

| | *Index of Claims* | | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|---|---|
| | | | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | | | Examiner | Art Unit |
| | | | Gregory L. Huson | 3764 |

| √ | Rejected | – | (Through numeral) Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | ÷ | Restricted | I | Interference | O | Objected |

| Claim | | Date | Claim | | Date | Claim | | Date |
|---|---|---|---|---|---|---|---|---|
| Final | Original | 9/18/06 | Final | Original | | Final | Original | |
| | 1 | √ | | | | | | |
| | 2 | √ | | | | | | |
| | 3 | √ | | | | | | |
| | 4 | √ | | | | | | |
| | 5 | √ | | | | | | |
| | 6 | √ | | | | | | |
| | 7 | √ | | | | | | |
| | 8 | √ | | | | | | |
| | 9 | √ | | | | | | |
| | 10 | √ | | | | | | |
| | 11 | √ | | | | | | |
| | 12 | √ | | | | | | |
| | 13 | √ | | | | | | |
| | 14 | √ | | | | | | |
| | 15 | √ | | | | | | |
| | 16 | √ | | | | | | |
| | 17 | √ | | | | | | |

U.S. Patent and Trademark Office

Part of Paper No.  20060918

| Search Notes  | Application/Control No.<br><br>10/942,326 | Applicant(s)/Patent under Reexamination<br>ORLOWSKI, BOGUSLAW | |
|---|---|---|---|
| | Examiner<br><br>Gregory L. Huson | Art Unit<br><br>3764 | |

## SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 222 | 79, 409 | 9/18/2006 | GLH |
| 446 | 153, 473 | 9/18/2006 | GLH |
| 482 | 55, 111 | 9/18/2006 | GLH |
| 92 | 249 | 9/18/2006 | GLH |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

## SEARCH NOTES (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| Consulted Look (92), Crow (482), Yu (446). Also see east text search attached | 9/18/2006 | GLH |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

## INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

Part of Paper No. 20060918





IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.   :  10/942,326                    Confirmation No. 9683

Applicants       :  Boguslaw Orlowski

Filed            :  September 16, 2004

TC/A.U.          :  3764

Examiner         :  Huson, Gregory L.

Docket No.       :  69281/54

Customer No.     :  1912

| "Express Mail" mailing label  No. | EV 725788588 US |
|---|---|
| Date of Deposit: | November 8, 2006 |
| I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450. | |
| Name: | Vivian Campbell |
| Signature: | Vivian Campbell |

## AMENDMENT UNDER 37 C.F.R. 1.111 IN RESPONSE TO OFFICE ACTION DATED SEPTEMBER 27, 2006

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In response to the Office Action mailed September 27, 2006, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 5 of this paper.

Page 1 of 6

Appl. No. 10/942,326
Amdt. Filed 11/8/06 in response to
9/27/06 Office Action

## Amendments to the Claims:

This listing of claims will replace all prior versions, and listings, of claims in the application:

## Listing of Claims:

1. (canceled)

2. (canceled)

3. (canceled)

4. (canceled)

5. (currently amended) An <u>expandable and contractible</u> toy for receiving<s>,</s> <u>and</u> storing <u>water when disposed towards an expanded configuration,</u> and squirting water <u>when disposed towards a contracted configuration, the toy</u> <s>and</s> <u>being</u> encased in a soft material that has a buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water<u>, the toy having a cylinder shape when in the contracted configuration.</u>

6. (original) The toy of claim 5 wherein said soft material is closed-cell polymer foam.

7. (original) The toy of claim 1 wherein said material is closed-cell polyethylene foam.

8. (original) The toy of claim 1 wherein said material is closed-cell ethylene vinyl acetate foam.

354830.1

Appl. No. 10/942,326
Amdt. Filed 11/8/06 in response to
9/27/06 Office Action

9. (currently amended) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, the outer shell covering the tubular housing to provide the toy with a cylinder shape.

10. (original) The toy of claim 9 wherein said soft material is closed-cell polymer foam.

11. (original) The toy of claim 9 wherein said material is closed-cell polyethylene foam.

12. (original) The toy of claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

13. (original) The toy of claim 9 wherein said chamber comprises a cylinder and said means for expansion and contraction of said chamber is a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

14. (canceled)

15. (original) The toy of claim 14 wherein said soft material is closed-cell polymer foam.

16. (original) The toy of claim 14 wherein said material is closed-cell polyethylene foam.

Page 3 of 6

354830.1

Appl. No. 10/942,326
Amdt. Filed 11/8/06 in response to
9/27/06 Office Action

17. (original) The toy of claim 14 wherein said material is closed-cell ethylene vinyl acetate foam.

Appl. No. 10/942,326
Amdt. Filed 11/8/06 in response to
9/27/06 Office Action

## REMARKS

Claims 1-13 and 15-17 are pending.  By this Amendment, claims 1-4 and 14 are canceled, and claims 5 and 9 are amended.

Reconsideration based on the following remarks is respectfully requested.

The Office Action rejects claims 1-17 under 35 U.S.C. 103(a) over Sands (U.S. Patent No. 4,597,527) in view of Henderson (U.S. Patent No. 5,928,053), further in view of Tagar (U.S. Patent No. 5,231,951).  This rejection is respectfully traversed.

The applied references, either taken alone or in combination, do not disclose or suggest an expandable and contractible squirting toy where, inter alia, the toy has a cylinder shape when in the contracted condition, as recited in claim 5, and as similarly recited in claim 9.

One of the advantages provided by the claimed invention is that it resembles a "swimming noodle", particularly when in the contracted configuration, thus making it a more attractive source of entertainment for a child.  This is explained in the specification at, for example, page 3, line 24 - page 4, line 2.

The Sands toy is not cylinder shaped, but instead has various protrusions at both ends, so that it does not resemble the "swimming noodle".  Thus, the Sands toy is much less attractive to a child compared to the inventive squirting toy.  Further, the Henderson patent discloses providing a foam casing only on the handle portion of the toy, so that one would not be motivated based on the teaching of Henderson to encase the entire Sands toy in foam material to provide the Sands toy with a "swimming noodle"-type shape.  Tagar is directed to mounting a squirting toy on a flotation device, and is not at

Page 5 of 6

Appl. No. 10/942,326
Amdt. Filed 11/8/06 in response to
9/27/06 Office Action

all related to encasing such a toy in foam or similar material, or for that matter encasing a toy to provide the toy with a cylinder shape.

For at least these reasons, it is respectfully submitted that independent claims 5 and 9 are in condition for allowance. The dependent claims are also in condition for allowance for the reasons discussed above as well as for the additional features they recite.

Applicant respectfully requests that a timely Notice of Allowance be issued in this case.

If any further fees are required to preserve the pendency of the subject application, please debit Deposit Account No. 01-1785. Likewise, if there is overpayment, please credit the same account. Enclosed is a copy of this document.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Applicants
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated:  New York, New York
        November 8, 2006

By: _____
      Benjamin M. Halpern
      Registration No.:  46,494

Page 6 of 6

354830.1

44

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 10/942,326 | Filing Date 09/16/2004 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

SMALL ENTITY ☒   OR   OTHER THAN SMALL ENTITY

| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
|---|---|---|---|---|---|---|
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

### APPLICATION AS AMENDED – PART II

OTHER THAN SMALL ENTITY   OR   SMALL ENTITY

**AMENDMENT**

| 11/08/2006 | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * 12 | Minus | ** 17 | = 0 | X $25 = | 0 | X $ = | |
| Independent (37 CFR 1.16(h)) | * 2 | Minus | *** 3 | = 0 | X $100 = | 0 | X $ = | |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | OR | | | |
| | | | | | TOTAL ADD'L FEE | 0 | TOTAL ADD'L FEE | |

**AMENDMENT**

| | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| Total (37 CFR 1.16(i)) | * | Minus | ** | = | X $ = | | X $ = | |
| Independent (37 CFR 1.16(h)) | * | Minus | *** | = | X $ = | | X $ = | |
| ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | OR | | | |
| | | | | | TOTAL ADD'L FEE | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than three, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
catherine d. smith

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.    :  10/942,326                          Confirmation No. 9683

Applicants         :  Boguslaw Orlowski

Filed              :  September 16, 2004

TC/A.U.            :  3764

Examiner           :  Huson, Gregory L.

Docket No.         :  69281/54

Customer No.       :  1912

| "Express Mail" mailing label  No. | EV 725833239 US |
|---|---|
| Date of Deposit: | February 8, 2007 |
| I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450. | |
| Name: | Vivian Campbell |
| Signature: | Vivian Campbell |

## SUPPLEMENTAL AMENDMENT

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

     Further to the Amendment filed November 8, 2006, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 5 of this paper.

Appl. No. 10/942,326
Supplemental Amdt. Filed 2/8/06

## Amendments to the Claims:

This listing of claims will replace all prior versions, and listings, of claims in the application:

## Listing of Claims:

1. (canceled)

2. (canceled)

3. (canceled)

4. (canceled)

5. (previously presented) An expandable and contractible toy for receiving, and storing water when disposed towards an expanded configuration, and squirting water when disposed towards a contracted configuration, the toy being encased in a soft material that has a buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water, the toy having a cylinder shape when in the contracted configuration.

6. (original) The toy of claim 5 wherein said soft material is closed-cell polymer foam.

7. (currently amended) The toy of claim 1 5 wherein said material is closed-cell polyethylene foam.

8. (currently amended) The toy of claim 1 5 wherein said material is closed-cell ethylene vinyl acetate foam.

Page 2 of 5

361989.1

Appl. No. 10/942,326
Supplemental Amdt. Filed 2/8/06

9. (previously presented) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, the outer shell covering the tubular housing to provide the toy with a cylinder shape.

10. (original) The toy of claim 9 wherein said soft material is closed-cell polymer foam.

11. (original) The toy of claim 9 wherein said material is closed-cell polyethylene foam.

12. (original) The toy of claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

13. (original) The toy of claim 9 wherein said chamber comprises a cylinder and said means for expansion and contraction of said chamber is a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

14. (canceled)

15. (currently amended) The toy of claim ~~14~~ 9 wherein said soft material is closed-cell polymer foam.

Appl. No. 10/942,326
Supplemental Amdt. Filed 2/8/06

16. (currently amended) The toy of claim ~~14~~ 9 wherein said material is closed-cell polyethylene foam.

17. (currently amended) The toy of claim ~~14~~ 9 wherein said material is closed-cell ethylene vinyl acetate foam.

18. (new) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, said chamber comprising a cylinder and said means for expansion and contraction of said chamber being a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

Appl. No. 10/942,326
Supplemental Amdt. Filed 2/8/06

## REMARKS

Claims 1-13 and 15-18 are pending.  By this Amendment, claims 7, 8 and 15-17 are amended and claim 18 is added.

Reconsideration of the application based on the remarks presented in the November 8, 2006 Amendments is respectfully requested.

If any further fees are required to preserve the pendency of the subject application, please debit Deposit Account No. 01-1785.  Likewise, if there is overpayment, please credit the same account.  Enclosed is a copy of this document.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Applicants
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated:  New York, New York
        February 8, 2007

By: _____
    Benjamin M. Halpern
    Registration No.: 46,494

Page 5 of 5

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 10/942,326 | Filing Date 09/16/2004 | ☐ To be Mailed |
|---|---|---|---|

## APPLICATION AS FILED – PART I

| | | | SMALL ENTITY ☒ | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | | | | SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 02/08/2007 | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 13 Minus | ** 20 | = 0 | X $25 = | 0 | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | * 3 Minus | *** 3 | = 0 | X $100 = | 0 | OR X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | |
| | | | | | TOTAL ADD'L FEE | 0 | OR TOTAL ADD'L FEE | |

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | Total (37 CFR 1.16(i)) | * Minus | ** | = | X $ = | | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | * Minus | *** | = | X $ = | | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | |
| | | | | | TOTAL ADD'L FEE | | OR TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
Linda W. Badie

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

| | |
|---|---|
| 1912        7590        03/30/2007 | EXAMINER |
| AMSTER, ROTHSTEIN & EBENSTEIN LLP | HUSON, GREGORY L |
| 90 PARK AVENUE | |
| NEW YORK, NY 10016 | ART UNIT / PAPER NUMBER |
| | 3751 |

| SHORTENED STATUTORY PERIOD OF RESPONSE | MAIL DATE | DELIVERY MODE |
|---|---|---|
| 3 MONTHS | 03/30/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

If NO period for reply is specified above, the maximum statutory period will apply and will expire 6 MONTHS from the mailing date of this communication.

PTOL-90A (Rev. 10/06)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | Examiner | Art Unit | |
| | Gregory L. Huson | 3751 | |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☐ Responsive to communication(s) filed on <u>08 November 2006 and 08 February 2007</u>.

2a)☒ This action is **FINAL**.      2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☐ Claim(s) <u>5-13 and 15-18</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☐ Claim(s) <u>5-13 and 15-18</u> is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on _____ is/are: a)☒ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All  b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☐ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☐ Information Disclosure Statement(s) (PTO/SB/08)
    Paper No(s)/Mail Date _____.

4)☐ Interview Summary (PTO-413)
    Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____ .

Application/Control Number: 10/942,326                                    Page 2
Art Unit: 3751

1.     This action is responsive to applicant's amendments and arguments presented

11/8/06 and 2/8/07.

2.     The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

3.     The factual inquiries set forth in *Graham* v. *John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under 35 U.S.C. 103(a) are summarized as follows:

1.     Determining the scope and contents of the prior art.
2.     Ascertaining the differences between the prior art and the claims at issue.
3.     Resolving the level of ordinary skill in the pertinent art.
4.     Considering objective evidence present in the application indicating
       obviousness or nonobviousness.

4.     Claims 5-13 and 15-18 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Sands in view of Henderson as taught by Tagar et al..

       Sands shows a similar squirt toy that utilizes a piston in a reciprocating motion to

load and discharge water (see the drawing figures and col. 2 lines 14-22). The Sands

toy having a cylinder shape 19, over the greatest portion of its length, when the toy is in

the contracted configuration.

       Sands fails to show the toy encased in foam (of a particular type) to provide

buoyancy when the device is used in a pool.

Application/Control Number: 10/942,326                                Page 3
Art Unit: 3751

Henderson shows a water toy for use in a pool that provides buoyancy at 20 by means of encasing the tubular toy in 'foam rubber, cork, Styrofoam or the like' for safety (easy to grasp) and buoyancy (to enable it to float to the surface if dropped).

Tagar et al. teach providing buoyancy (through 22) to a similar water squirt toy (fig. 7 and col. 5 lines 19-23) in a pool environment.

Thus, it would have been obvious to one of ordinary skill in the art to have provided the Sands' toy with an outer casing of foam or the like as shown by Henderson to provide increased safety and buoyancy in a pool environment as taught by Tagar et al. The particular foam or buoyant material chosen is a function of the size and weight of the device, and the cost of manufacture, as suggested by Henderson and also by applicant's use of multiple materials, and thus represents an obvious design choice to one of ordinary skill in the art.

5.      Applicant's arguments with respect to claims 5-13 and 15-18 have been considered but are moot in view of the new ground(s) of rejection.

6.      Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the

55

Application/Control Number: 10/942,326                                    Page 4
Art Unit: 3751

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

7.      Any inquiry concerning this communication should be directed to Gregory L.

Huson at telephone number 571-272-4887.

Gregory L. Huson
Supervisory Patent Examiner
Art Unit 3751

## Index of Claims

| | |
|---|---|
| Application/Control No. | Applicant(s)/Patent under Reexamination |
| 10/942,326 | ORLOWSKI, BOGUSLAW |
| Examiner | Art Unit |
| Gregory L. Huson | 3764 |

| | | | |
|---|---|---|---|
| √ | Rejected | − | (Through numeral) Cancelled |
| = | Allowed | + | Restricted |

| | | | |
|---|---|---|---|
| N | Non-Elected | A | Appeal |
| I | Interference | O | Objected |

| Final | Original | 9/18/06 |
|---|---|---|
| | 1 | √ |
| | 2 | √ |
| | 3 | √ |
| | 4 | √ |
| | 5 | √ √ |
| | 6 | √ √ |
| | 7 | √ √ |
| | 8 | √ √ |
| | 9 | √ √ |
| | 10 | √ √ |
| | 11 | √ √ |
| | 12 | √ √ |
| | 13 | √ √ |
| | 14 | √ |
| | 15 | √ √ |
| | 16 | √ √ |
| | 17 | √ √ |
| | 18 | √ √ |

| **Search Notes** | | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|---|
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ | | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | | Examiner | Art Unit |
| | | Gregory L. Huson | 3764 |

**SEARCHED**

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 222 | 79, 409 | 9/18/2006 | GLH |
| 446 | 153, 473 | 9/18/2006 | GLH |
| 482 | 55, 111 | 9/18/2006 | GLH |
| 92 | 249 | 9/18/2006 | GLH |
| above | updated | 3/28/07 | *(signature)* |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**INTERFERENCE SEARCHED**

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**SEARCH NOTES**
**(INCLUDING SEARCH STRATEGY)**

| | DATE | EXMR |
|---|---|---|
| Consulted Look (92), Crow (482), Yu (446). Also see east text search attached | 9/18/2006 | GLH |
| Updated | 3/28/07 | *(signature)* |
| | | |
| | | |
| | | |
| | | |
| | | |

Part of Paper No.  20060918

*06-18-07*

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Application No. | : 10/942,326 | Confirmation No. 9683 |
| Applicants | : Boguslaw Orlowski | |
| Filed | : September 16, 2004 | |
| TC/A.U. | : 3764 | |
| Examiner | : Huson, Gregory L. | |
| Docket No. | : 69281/54 | |
| Customer No. | : 1912 | |

| "Express Mail" mailing label  No. | EV 725790272 US |
|---|---|
| Date of Deposit: | June 15, 2007 |
| I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450. | |
| Name: | Vivian Campbell |
| Signature: | *Vivian Campbell* |

## AMENDMENT UNDER 37 C.F.R. 1.116 IN RESPONSE TO

## FINAL REJECTION DATED MARCH 30, 2007

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In response to the Office Action mailed March 30, 2007, and further to the telephone interview conducted by Applicant's representative with Examiner Huson on June 12, 2007, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 5 of this paper.

Appl. No. 10/942,326
Amdt. Filed on June 15, 2007 In Response to
Office Action mailed 3/30/07

## Amendments to the Claims:

This listing of claims will replace all prior versions, and listings, of claims in the application:

## Listing of Claims:

1. (canceled)

2. (canceled)

3. (canceled)

4. (canceled)

5. (currently amended) An expandable and contractible toy for receiving and storing water when disposed towards an expanded configuration, and squirting water when disposed towards a contracted configuration, the toy being encased in a soft material along substantially its entire length when in the contracted configuration, the soft material ~~that has~~having a buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water, the toy having a cylinder shape and a uniform cross section along substantially its entire length when in the contracted configuration.

6. (original) The toy of claim 5 wherein said soft material is closed-cell polymer foam.

7. (previously presented) The toy of claim 5 wherein said material is closed-cell polyethylene foam.

Page 2 of 6

Appl. No. 10/942,326
Amdt. Filed on June 15, 2007 In Response to
Office Action mailed 3/30/07

8. (previously presented) The toy of claim 5 wherein said material is closed-cell ethylene vinyl acetate foam.

9. (currently amended) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, the outer shell covering substantially the entire tubular housing from the first end to the second end to provide the toy with a cylinder shape, said tubular housing having a uniform cross-section along substantially its entire length when said chamber is fully contracted.

10. (original) The toy of claim 9 wherein said soft material is closed-cell polymer foam.

11. (original) The toy of claim 9 wherein said material is closed-cell polyethylene foam.

12. (original) The toy of claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

13. (original) The toy of claim 9 wherein said chamber comprises a cylinder and said means for expansion and contraction of said chamber is a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

Page 3 of 6

Appl. No. 10/942,326
Amdt. Filed on June 15, 2007 In Response to
Office Action mailed 3/30/07

14. (canceled)

15. (previously presented) The toy of claim 9 wherein said soft material is closed-cell polymer foam.

16. (previously presented) The toy of claim 9 wherein said material is closed-cell polyethylene foam.

17. (previously presented) The toy of claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

18. (currently amended) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, said outer shell covering the tubular housing from adjacent the first end to adjacent the second end, said chamber comprising a cylinder and said means for expansion and contraction of said chamber being a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber, said tubular housing having a uniform cross-section substantially along its entire length when said chamber is fully contracted.

Page 4 of 6

Appl. No. 10/942,326
Amdt. Filed on June 15, 2007 In Response to
Office Action mailed 3/30/07

## REMARKS

Claims 5-13 and 15-18 are pending.  By this Amendment, claims 5, 9 and 18 are amended.

Applicant appreciates the courtesies extended to Applicant's representative by Examiner Huson during the June 12, 2007 telephone interview.

Reconsideration based on the following remarks is respectfully requested.

The Office Action rejects claims 5-13 and 15-18 under 35 U.S.C. 103(a) over Sands (U.S. Patent No. 4,597,527) in view of Henderson (U.S. Patent No. 5,928,053) and Tagar et al. (U.S. Patent No. 5,231,951).  This rejection is respectfully traversed.

Sands, alone or in combination with Henderson and Tagar, does not disclose or suggest a squirting toy the cylinder of which is encased in a soft material along substantially its entire length when in a contracted configuration and that has a uniform cross-section along substantially its entire length, as recited in claim 5, and as similar recited in claims 9 and 18.

The Sands toy does not have a uniform cross section along its length, but instead has various protrusions at both ends.  Thus, the Sands toy does not resemble the "swimming noodle", and is much less attractive to a child compared to the inventive squirting toy.

The Office Action cites the Henderson patent to show that it would have been obvious to encase the toy in a soft material.  Although the Henderson patent teaches the use of a foam rubber handle 28 on a toy that uses a whipping action to fling water, the handle is only disposed at one end of the toy, and not over substantially the entire length

Page 5 of 6

Appl. No. 10/942,326
Amdt. Filed on June 15, 2007 In Response to
Office Action mailed 3/30/07

of the toy, as in the claimed invention.  Thus, the whipping action of the Henderson toy

presents a hazard to children using the toy since the end to be whipped is not encased in

a soft material.  In contrast, the inventive toy is encased in a soft material, providing a

much safer product as compared to the prior art.

Tagar is directed to mounting a squirting toy on a flotation device, and is not at

all related to encasing such a toy in foam or similar material.

For at least these reasons, it is respectfully submitted that independent claims 5, 9

and 18 are in condition for allowance.  The dependent claims are also in condition for

allowance for the reasons discussed above as well as for the additional features they

recite.

Applicant respectfully requests that a timely Notice of Allowance be issued in this

case.

If any further fees are required to preserve the pendency of the subject

application, please debit Deposit Account No. 01-1785.  Likewise, if there is

overpayment, please credit the same account.  Enclosed is a copy of this document.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Applicants
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated:  New York, New York          By: _____
            June 15, 2007                         Benjamin M. Halpern
                                                         Registration No.: 46,494

Page 6 of 6

372212.1

EXHIBIT 5
File Wrapper Part 2 of  7,281,642 B2

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 10/942,326 | Filing Date 09/16/2004 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

| | | | SMALL ENTITY ☒ | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | | X $ = | | OR X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 02/08/2007 | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | • 13 | Minus ** 20 | = 0 | X $25 = | 0 | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | • 3 | Minus *** 3 | = 0 | X $100 = | 0 | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | 0 | OR | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 6/16/07 | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | | | | |
| | Total (37 CFR 1.16(i)) | • 15 | Minus • 20 | = 0 | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | • 3 | Minus *** 3 | = 0 | X $ = | | OR | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
Linda W. Badie

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

1912        7590        06/22/2007
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

| EXAMINER |
|---|
| MAHONE, KRISTIE ANNETTE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3751 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/22/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A  (Rev. 04/07)

| **Interview Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | Examiner | Art Unit | |
| | Gregory L. Huson | 3751 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Gregory L. Huson_.                    (3)_____.

(2) _Ben Halpern_.                         (4)_____.

Date of Interview: _12 June 2007_.

Type:  a)☒  Telephonic   b)☐  Video Conference
       c)☐  Personal [copy given to: 1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
   If Yes, brief description: _____.

Claim(s) discussed: _5-13 and 15-18_.

Identification of prior art discussed: _of record, as applied_.

Agreement with respect to the claims f)☒ was reached.   g)☐ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _See Continuation Sheet_.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note: You must sign this form unless it is an
Attachment to a signed Office action.                    _____
                                                          Examiner's signature, if required

U.S. Patent and Trademark Office
PTOL-413 (Rev. 04-03)                    Interview Summary                    Paper No. 20070612

Continuation of Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments:  It was agreed that adding the limitations "the toy having a uniform cross section across it's entire length when in the contracted configuration" and "the soft bouyant material encasing the toy along it's entire length when in the contracted configuration" to all of the independent claims appears to overcome the prior art as applied.  An updated search will be conducted when an amendment after final containing the proposed limitations is filed. Applicant's informal fax of 6/11/07 is attached to this interview summary .

6/12/87

Primary Examiner



**AMSTER
ROTHSTEIN
& EBENSTEIN** LLP
*Intellectual Property Law*

# FACSIMILE

90 Park Avenue
New York NY 10016
Main     212 336 8000
Fax      212 336 8001
Web      www.arelaw.com

June 11, 2007

| | | | |
|---|---|---|---|
| To: | Examiner Huson | Fax: | 571-273-4887 |
| | U.S. PTO | Voice: | 571-272-4887 |
| From: | Benjamin M. Halpern, Esq. | | |
| Re: | U.S. Patent Application Ser. No. 10/942,326 (69281/54) (69281.54) | | |
| Prepd. by: | bmh      Return to:      bmh | No. of pages including cover: | 2 |

Examiner Huson:

As requested, attached is a proposed agenda for the telephone interview to be conducted in the above-identified patent application.

After you have reviewed the agenda, please contact me to schedule a time for the telephone interview.  I am available any day this week.

Thanks.

Benjamin M. Halpern
212-336-8095( phone)
212-336-8001 (fax)

This transmission is intended only for the party to whom it is addressed and may contain privileged or confidential information.  If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this transmission is prohibited. If you received this transmission in error, please notify us immediately by telephone and return this transmission and any copies to us by mail.  For missing or illegible pages please call the fax operator at 212-336-8000.

## U.S. PATENT APPLICATION SERIAL NO. 10/942,326
## AGENDA FOR EXAMINER INTERVIEW

The following is an agenda for the telephone interview to be conducted by Applicant's representative with Examiner Huson:

1.      Applicant suggests amending the claims to emphasize that the claimed toy has a uniform cross section along its entire length when in the contracted configuration. None of the applied references teach this feature. Sands, for example, discloses a toy water gun having numerous protrusions along its length, particularly at the longitudinal end portions. The uniform cross section allows the inventive toy to take on the appearance of a "swimming noodle".

2.      Applicant also suggests amending the claims to recite that the soft material that encases the toy extends across the entire length of the toy. The soft material provides both buoyancy and protection from injury. None of the applied references teach this feature. Henderson, for example, teaches the use of a foam rubber handle 28, but the foam rubber is only disposed at one end of the toy. Thus, the whipping action of the Henderson toy is particularly dangerous, since the end to be whipped is not encased in a soft material.

The Applicant is willing to submit one or both of the above-suggested amendments to further distinguish from the applied references. Any other suggestions by the Examiner would of course be appreciated.

After reviewing this agenda, Examiner Huson is kindly requested to contact Applicant's representative to schedule a time for the telephone interview.

372036.1

07-11-07

*IFW* 

OIPE IAP17
JUL 10 2007
PATENT & TRADEMARK OFFICE

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.   : 10/942,326                    Confirmation No. 9683

Applicants        : Boguslaw Orlowski

Filed             : September 16, 2004

TC/A.U.           : 3764

Examiner          : Huson, Gregory L.

Docket No.        : 69281/54

Customer No.      : 1912

| "Express Mail" mailing label  No. | EV 725790167 US |
|---|---|
| Date of Deposit: | July 10, 2007 |
| I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450. | |
| Name: | Vivian Campbell |
| Signature: | |

**SUPPLEMENTAL AMENDMENT**

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

  Further to the Amendment filed June 15, 2007, and further in response to the

Office Action mailed March 30, 2007, please amend the above-identified application as

follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on

page 2 of this paper.

**Remarks** begin on page 5 of this paper.

Appl. No. 10/942,326
Amdt. Filed on July 10, 2007 In Response to
Office Action mailed 3/30/07

## Amendments to the Claims:

This listing of claims will replace all prior versions, and listings, of claims in the

application:

## Listing of Claims:

1. (canceled)

2. (canceled)

3. (canceled)

4. (canceled)

5. (currently amended) An expandable and contractible toy for receiving and storing
water when disposed towards an expanded configuration, and squirting water when
disposed towards a contracted configuration, the toy being encased in a soft material
along ~~substantially~~ its entire length when in the contracted configuration, the soft
material having a buoyancy sufficient to keep the toy afloat in water when the toy is
filled to its maximum capacity with water, the toy having a cylinder shape and a uniform
cross section along ~~substantially~~ its entire length when in the contracted configuration.

6. (original) The toy of claim 5 wherein said soft material is closed-cell polymer foam.

7. (previously presented) The toy of claim 5 wherein said material is closed-cell
polyethylene foam.

8. (previously presented) The toy of claim 5 wherein said material is closed-cell ethylene

374511.1

Appl. No. 10/942,326
Amdt. Filed on July 10, 2007 In Response to
Office Action mailed 3/30/07

vinyl acetate foam.

9. (currently amended) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, the outer shell covering substantially the entire tubular housing from the first end to the second end to provide the toy with a cylinder shape, said tubular housing having a uniform cross-section along substantially its entire length when said chamber is fully contracted.

10. (original) The toy of claim 9 wherein said soft material is closed-cell polymer foam.

11. (original) The toy of claim 9 wherein said material is closed-cell polyethylene foam.

12. (original) The toy of claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

13. (original) The toy of claim 9 wherein said chamber comprises a cylinder and said means for expansion and contraction of said chamber is a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

Appl. No. 10/942,326
Amdt. Filed on July 10, 2007 In Response to
Office Action mailed 3/30/07

14. (canceled)

15. (previously presented) The toy of claim 9 wherein said soft material is closed-cell polymer foam.

16. (previously presented) The toy of claim 9 wherein said material is closed-cell polyethylene foam.

17. (previously presented) The toy of claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

18. (currently amended) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, said outer shell covering the tubular housing from adjacent the first end to adjacent the second end, said chamber comprising a cylinder and said means for expansion and contraction of said chamber being a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber, said tubular housing having a uniform cross-section substantially along its entire length when said chamber is fully contracted.

Appl. No. 10/942,326
Amdt. Filed on July 10, 2007 In Response to
Office Action mailed 3/30/07

## REMARKS

Claims 5-13 and 15-18 are pending. By this Amendment, claims 5, 9 and 18 are amended.

The amendments presented herein are made in response to the telephone interview conducted on July 3, 2007 between Applicant's representative and Examiner Huson. The present amendments remove the term "substantially" from the claims to overcome the current claim rejections and are made without prejudice to Applicant's potential pursuit of patent protection based on claims directed to the present invention which include the term "substantially".

Applicant respectfully requests that a timely Notice of Allowance be issued in this case.

If any further fees are required to preserve the pendency of the subject application, please debit Deposit Account No. 01-1785. Likewise, if there is overpayment, please credit the same account. Enclosed is a copy of this document.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Applicants
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated:  New York, New York          By: _Bj M. Hl_____
        July 10, 2007                   Benjamin M. Halpern
                                        Registration No.: 46,494

Page 5 of 5

374511.1

Appl. No. 10/942,326
Amdt. Filed on July 10, 2007 In Response to
Office Action mailed 3/30/07

## REMARKS

Claims 5-13 and 15-18 are pending.  By this Amendment, claims 5, 9 and 18 are amended.

The amendments presented herein are made in response to the telephone interview conducted on July 3, 2007 between Applicant's representative and Examiner Huson.  The present amendments remove the term "substantially" from the claims to overcome the current claim rejections and are made without prejudice to Applicant's potential pursuit of patent protection based on claims directed to the present invention which include the term "substantially".

Applicant respectfully requests that a timely Notice of Allowance be issued in this case.

If any further fees are required to preserve the pendency of the subject application, please debit Deposit Account No. 01-1785.  Likewise, if there is overpayment, please credit the same account.  Enclosed is a copy of this document.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Applicants
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated:  New York, New York          By: _____
        July 10, 2007                     Benjamin M. Halpern
                                          Registration No.: 46,494

Page 5 of 5

374511.1

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>10/942,326 | Filing Date<br>09/16/2004 | ☐ To be Mailed |
|---|---|---|---|

### APPLICATION AS FILED – PART I

| | | | SMALL ENTITY ☒ | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR  X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| **AMENDMENT** **07/10/2007** | Total (37 CFR 1.16(i)) | * 13  Minus | ** 20 | = 0 | X $25 = | 0 | OR  X $ = | |
| | Independent (37 CFR 1.16(h)) | * 3  Minus | *** 3 | = 0 | X $100 = | 0 | OR  X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | |
| | | | | | TOTAL ADD'L FEE | **0** | OR  TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | OR | | |
|---|---|---|---|---|---|---|---|---|
| | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| **AMENDMENT** | Total (37 CFR 1.16(i)) | *  Minus | ** | = | X $ = | | OR  X $ = | |
| | Independent (37 CFR 1.16(h)) | *  Minus | *** | = | X $ = | | OR  X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | OR | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | OR | |
| | | | | | TOTAL ADD'L FEE | | OR  TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
peggy s. yarborough

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

07 - 13- 07

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.    : 10/942,326                                    Confirmation No.  9683

Inventor           : Boguslaw Orlowski

Filed              : September 16, 2004

| "Express Mail" mailing label  No.    EV 725835637 US |
| --- |
| Date of Deposit:    July 12, 2007 |

TC/A.U.            : 3751

Examiner           : Mahone, Kristie Annette

Docket No.         : 69281/54

Customer No.       : 1912

I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
Name:   Vivian Campbell
Signature:

### INFORMATION DISCLOSURE STATEMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22323-1450

Sir:

Applicant respectfully requests pursuant to 37 C.F.R. §§§ 1.56, 1.97 and 1.98, that the reference listed on the attached PTO/SB/08A  Form (Substitute Form for PTO-1449) be considered and cited in the examination of the above-identified patent application.  The reference is cited in the International Search Report dated May 8, 2007 (copy attached) of the International Application No. PCT/US05/17102 (69281/51).

No item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a

Information Disclosure Statement
dated July 12, 2007

counter-part foreign application not more than three months prior to the filing of

this statement.

        We hereby authorize you to charge the $180.00 fee for the filing of

this Information Disclosure Statement to our deposit Account No. 01-1785.  A

copy of this document is enclosed.

                                      Respectfully submitted,

                                       AMSTER, ROTHSTEIN & EBENSTEIN LLP
                                       Attorneys for Applicant(s)
                                       90 Park Avenue
                                       New York, NY 10016
                                       (212) 336-8000

Dated:  New York, New York       By: _____
         July 12, 2007                   Benjamin M. Halpern
                                     Registration No.:  46,494

374741.1

PTO/SB/08A (04-07)
Approved for use through 09/30/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| Sheet | 1 | of | 1 |

**Complete if Known**

| Application Number | 10/942,326 |
|---|---|
| Filing Date | September 16, 2004 |
| First Named Inventor | Boguslaw Orlowski |
| Art Unit | 3751 |
| Examiner Name | Mahone, Kristie Annette |
| Attorney Docket Number | 69281/54 |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number<br><br>Number-Kind Code[2] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US- 4,615,488 | 10-07-1986 | Sands | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document<br><br>Country Code[3]"Number[4]"Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | Int'l Search Report | 05-08-2007 | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

1912    7590    07/16/2007
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

| EXAMINER |
|---|
| MAHONE, KRISTIE ANNETTE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3751 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/16/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

PTOL-90A (Rev. 04/07)

| | Application No. | Applicant(s) |
|---|---|---|
| ***Advisory Action*** <br> ***Before the Filing of an Appeal Brief*** | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | Examiner | Art Unit |
| | Kristie A. Mahone | 3751 |

**--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --**

THE REPLY FILED <u>16 June 2007</u> FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

1. ☒ The reply was filed after a final rejection, but prior to or on the same day as filing a Notice of Appeal. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114. The reply must be filed within one of the following time periods:

   a) ☒   The period for reply expires <u>3</u> months from the mailing date of the final rejection.

   b) ☐   The period for reply expires on: (1) the mailing date of this Advisory Action, or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

       Examiner Note: If box 1 is checked, check either box (a) or (b). ONLY CHECK BOX (b) WHEN THE FIRST REPLY WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

<u>NOTICE OF APPEAL</u>

2. ☐ The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37 CFR 41.37(a).

<u>AMENDMENTS</u>

3. ☒ The proposed amendment(s) filed after a final rejection, but prior to the date of filing a brief, will <u>not</u> be entered because

   (a) ☐ They raise new issues that would require further consideration and/or search (see NOTE below);

   (b) ☐ They raise the issue of new matter (see NOTE below);

   (c) ☒ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

   (d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.

       NOTE: _____. (See 37 CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☐ Applicant's reply has overcome the following rejection(s): _____.

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☒ For purposes of appeal, the proposed amendment(s): a) ☒ will not be entered, or b) ☐ will be entered and an explanation of how the new or amended claims would be rejected is provided below or appended.

   The status of the claim(s) is (or will be) as follows:

   Claim(s) allowed: _____.

   Claim(s) objected to: _____.

   Claim(s) rejected: _____.

   Claim(s) withdrawn from consideration: _____.

<u>AFFIDAVIT OR OTHER EVIDENCE</u>

8. ☐ The affidavit or other evidence filed after a final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

9. ☐ The affidavit or other evidence filed after the date of filing a Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence failed to overcome <u>all</u> rejections under appeal and/or appellant fails to provide a showing a good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

10. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

<u>REQUEST FOR RECONSIDERATION/OTHER</u>

11. ☒ The request for reconsideration has been considered but does NOT place the application in condition for allowance because:
   *See attached interview summary*

12. ☐ Note the attached Information Disclosure Statement(s). (PTO/SB/08) Paper No(s). _____

13. ☐ Other: _____.

                                                  GREGORY HUSON <br>                                   SUPERVISORY PATENT EXAMINER <br>                                   TECHNOLOGY CENTER 3700

| ***Examiner-Initiated Interview Summary*** | Application No. | Applicant(s) |
|---|---|---|
| | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | Examiner | Art Unit | |
| | Kristie A. Mahone | 3751 | |

**All Participants:**

(1) *Kristie A. Mahone*.

(2) *Gregory L. Huson*.

**Status of Application:** *After Final*

(3) *Benjamin Halpern*.

(4) _____

**Date of Interview:** *3 July 2007*

**Time:** *12:00 P. M.*

**Type of Interview:**
- ☒ Telephonic
- ☐ Video Conference
- ☐ Personal (Copy given to: ☐ Applicant    ☐ Applicant's representative)

Exhibit Shown or Demonstrated: ☐ Yes    ☒ No
    If Yes, provide a brief description:         .

**Part I.**

Rejection(s) discussed:

Claims discussed:
*5-13, 15-18*

Prior art documents discussed:
*of record, as applied*

**Part II.**

SUBSTANCE OF INTERVIEW DESCRIBING THE GENERAL NATURE OF WHAT WAS DISCUSSED:
*See Continuation Sheet*

**Part III.**

☐ It is not necessary for applicant to provide a separate record of the substance of the interview, since the interview directly resulted in the allowance of the application. The examiner will provide a written summary of the substance of the interview in the Notice of Allowability.

☒ It is not necessary for applicant to provide a separate record of the substance of the interview, since the interview did not result in resolution of all issues.  A brief summary by the examiner appears in Part II above.

_____
(Examiner/SPE Signature)

_____
(Applicant/Applicant's Representative Signature – if appropriate)

U.S. Patent and Trademark Office
PTOL-413B (04-03)                    Examiner Initiated Interview Summary              Paper No. 20070630

E

 Continuation of Substance of Interview including description of the general nature of what was discussed:  Examiner proposed elimination of the the term "substantially" from the independent claims to parrallel the claim language previously offered by Applicant's attorney (See Paper No. 20070512).  It was explained that the term "substantially" could be interpreted as 50% or more of the entire length.   No agreement was reached in this regard.  An advisory action will be mailed.   .

# EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L2 | 499 | (222/79).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:32 |
| L3 | 32 | (222/79).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:32 |
| L5 | 1103 | (222/409).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:33 |
| L6 | 0 | (222/409).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:33 |
| L7 | 363 | (446/153).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:34 |
| L8 | 34 | (446/153).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:34 |
| L9 | 289 | (446/473).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:34 |
| L10 | 10 | (446/473).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:35 |
| L13 | 307 | (482/55).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:36 |
| L14 | 31 | (482/55).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:36 |
| L15 | 298 | (482/111).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:36 |

# EAST Search History

| L16 | 20 | (482/111).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:37 |
|-----|-----|-----------------|----------|-----|-----|------------------|
| L17 | 0 | (92/249).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:37 |
| L18 | 526 | (92/249).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:42 |
| L19 | 0 | ("(L3L6L8L10L14L16L17)AND((toygun)ANDbouyan$2cylinder)").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:44 |
| L20 | 0 | (L3 L6 L8 L10 L14 L16 L17) AND((toy gun) AND bouyan$2 AND cylinder).CLM. | US-PGPUB | OR | OFF | 2007/07/30 10:45 |
| L21 | 0 | (L3 L6 L8 L10 L14 L16 L17) AND ( bouyan$2 AND cylinder).CLM. | US-PGPUB | OR | OFF | 2007/07/30 10:46 |
| L22 | 0 | (L3 L6 L8 L10 L14 L16 L17) AND ( bouyan$2 AND (toy gun)).CLM. | US-PGPUB | OR | OFF | 2007/07/30 10:46 |

 UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 1912 | 7590 | 08/03/2007 |

AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

| EXAMINER |
| --- |
| MAHONE, KRISTIE ANNETTE |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 3751 | |

DATE MAILED: 08/03/2007

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

TITLE OF INVENTION: SQUIRTING TOY

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | YES | $700 | $300 | $0 | $1000 | 11/05/2007 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. **PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN **THREE MONTHS** FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. **THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

## HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER:** Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2007.

**Complete and send this form, together with applicable fee(s), to:** **Mail** Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or Fax** (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

1912     7590     08/03/2007

AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

TITLE OF INVENTION: SQUIRTING TOY

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $700 | $300 | $0 | $1000 | 11/05/2007 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| MAHONE, KRISTIE ANNETTE | 3751 | 222-079000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE          (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:

☐ Issue Fee

☐ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)

☐ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)

☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.     ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2007.     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

| 1912  7590  08/03/2007 | EXAMINER |
|---|---|
| AMSTER, ROTHSTEIN & EBENSTEIN LLP | MAHONE, KRISTIE ANNETTE |

| 90 PARK AVENUE | ART UNIT | PAPER NUMBER |
|---|---|---|
| NEW YORK, NY 10016 | 3751 | |

DATE MAILED: 08/03/2007

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 219 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 219 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2007.

| *Notice of Allowability* | Application No. | Applicant(s) | |
|---|---|---|---|
| | 10/942,326 | ORLOWSKI, BOGUSLAW | |
| | Examiner | Art Unit | |
| | Kristie A. Mahone | 3751 | |

**-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--**

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MEPE 1308.

1. ☒ This communication is responsive to *Supplemental Amendment, filed 7/10/2007*.

2. ☒ The allowed claim(s) is/are *5-13;15-18*.

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

     a) ☐ All   b) ☐ Some*   c) ☐ None   of the:

         1. ☐ Certified copies of the priority documents have been received.

         2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

         3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

     * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

     (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

         1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

     (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .

     **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____

4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application

6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

7. ☐ Examiner's Amendment/Comment

8. ☐ Examiner's Statement of Reasons for Allowance

9. ☐ Other _____ .

GREGORY HUSON
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700

Page 1 of 1



# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 9683**

| SERIAL NUMBER | FILING or 371(c) DATE | CLASS | GROUP ART UNIT | ATTORNEY DOCKET NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | 239 | 3751 | 69281/54 |
| | **RULE** | | | |

**APPLICANTS**
  Boguslaw Orlowski, Oceanside, CA;

** CONTINUING DATA *************************

** FOREIGN APPLICATIONS *************************

** IF REQUIRED, FOREIGN FILING LICENSE GRANTED ** ** SMALL ENTITY **
   11/02/2004

| Foreign Priority claimed ☐ Yes ☑ No | ☐ Met after Allowance | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☑ No | | | | | |
| Verified and Acknowledged  /KRISTIE ANNETTE MAHONE/ ____ Examiner's Signature | KAM Initials | CA | 4 | 17 | 3 |

**ADDRESS**

  AMSTER, ROTHSTEIN & EBENSTEIN LLP
  90 PARK AVENUE
  NEW YORK, NY 10016
  UNITED STATES

**TITLE**

  Squirting toy

| FILING FEE RECEIVED 385 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).

| *Issue Classification* | Application/Control No.<br>10/942,326 | Applicant(s)/Patent under Reexamination<br>ORLOWSKI, BOGUSLAW |
|---|---|---|
| | Examiner<br>Kristie A. Mahone | Art Unit<br>3751 |

# ISSUE CLASSIFICATION

| ORIGINAL | | INTERNATIONAL CLASSIFICATION | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | | | CLAIMED | | | | NON-CLAIMED | | |
| 222 | 79 | A | 63 | H | 3 | /18 | | | | / |

| CROSS REFERENCES | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | G | 01 | F | 11 | /00 | | / |
| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | | | | |
| 222 | 409 | | | | A | 62 | C | 31 | /02 | | | / |
| 239 | 394 | | | | | | | / | | / |
| | | | | | | | | / | | / |
| | | | | | | | | / | | / |
| | | | | | | | | / | | / |

| Kristie A. Mahone  8/6/07<br>(Assistant Examiner)       (Date) | Gregroy L. Huson  8/6/07 | Total Claims Allowed: 13 | |
|---|---|---|---|
| Nicole Scrivner  8/6/07<br>(Legal Instruments Examiner)      (Date) | (Primary Examiner)       (Date) | O.G.<br>Print Claim(s)<br>5 | O.G.<br>Print Fig.<br>4 |

| ☒ Claims renumbered in the same order as presented by applicant | | | ☐ CPA | | ☐ T.D. | | ☐ R.1.47 | |
|---|---|---|---|---|---|---|---|---|
| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |

| *Index of Claims* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| (barcode) | 10942326 | ORLOWSKI, BOGUSLAW |
| | Examiner | Art Unit |
| | Mahone, Kristie A | 3751 |

| ✓ | **Rejected** | | - | **Cancelled** | | N | **Non-Elected** | | A | **Appeal** |
|---|---|---|---|---|---|---|---|---|---|---|
| = | **Allowed** | | ÷ | **Restricted** | | I | **Interference** | | O | **Objected** |

☒ Claims renumbered in the same order as presented by applicant    ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/30/2007 | | | | | | | | |
| | 1 | - | | | | | | | | |
| | 2 | - | | | | | | | | |
| | 3 | - | | | | | | | | |
| | 4 | - | | | | | | | | |
| | 5 | = | | | | | | | | |
| | 6 | = | | | | | | | | |
| | 7 | = | | | | | | | | |
| | 8 | = | | | | | | | | |
| | 9 | = | | | | | | | | |
| | 10 | = | | | | | | | | |
| | 11 | = | | | | | | | | |
| | 12 | = | | | | | | | | |
| | 13 | = | | | | | | | | |
| | 14 | - | | | | | | | | |
| | 15 | = | | | | | | | | |
| | 16 | = | | | | | | | | |
| | 17 | = | | | | | | | | |
| | 18 | = | | | | | | | | |

Part of Paper No. :

| *Search Notes* | Application/Control No. 10942326 | Applicant(s)/Patent Under Reexamination ORLOWSKI, BOGUSLAW |
|---|---|---|
| | Examiner Mahone, Kristie A | Art Unit 3751 |

## SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 222 | 79,409 | 7/30/2007 | KAM |
| 446 | 153,473 | 7/30/2007 | KAM |
| 482 | 55,111 | 7/30/2007 | KAM |
| 92 | 249 | 7/30/2007 | KAM |

## SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| Updated Original Search | 7/30/2007 | KAM |

## INTERFERENCE SEARCH

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 222 | 79,409 | 7/30/2007 | KAM |
| 446 | 153,473 | 7/30/2007 | KAM |
| 482 | 55,111 | 7/30/2007 | KAM |
| 92 | 249 | 7/30/2007 | KAM |



## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.  : 10/942,326                           Confirmation No. 9683

Applicants      : Boguslaw Orlowski

Filed           : September 16, 2004

TC/A.U.         : 3764

Examiner        : Huson, Gregory L.

Docket No.      : 69281/54

Customer No.    : 1912

| "Express Mail" mailing label No. | EV 725790167 US |
|---|---|
| Date of Deposit: | July 10, 2007 |
| I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450. | |
| Name: | Vivian Campbell |
| Signature: | |

### SUPPLEMENTAL AMENDMENT

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

Further to the Amendment filed June 15, 2007, and further in response to the Office Action mailed March 30, 2007, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 5 of this paper.

374511.1

Page 1 of 5

# PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: **Mail**    Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or **Fax**    (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

1912      7590      08/03/2007

AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

TITLE OF INVENTION: SQUIRTING TOY

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $700 | $300 | $0 | $1000 | 11/05/2007 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| MAHONE, KRISTIE ANNETTE | 3751 | 222-079000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 AMSTER, ROTHSTEIN &

2 EBENSTEIN

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Prime Time Toys, Ltd.                    Kwun Tong, Hong Kong

Please check the appropriate assignee category or categories (will not be printed on the patent) :  ☐ Individual  ☒ Corporation or other private group entity  ☐ Government

4a. The following fee(s) are submitted:
☒ Issue Fee
☒ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number 01-1785 (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)
☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.    ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature  /Michael P. Kenney/                    Date  August 14, 2007

Typed or printed name  Michael P. Kenney, Esq.                    Registration No.  42,718

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2007.    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

## Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 10942326 |
| **Filing Date:** | 16-Sep-2004 |
| **Title of Invention:** | SQUIRTING TOY |
| First Named Inventor/Applicant Name: | Boguslaw Orlowski |
| **Filer:** | Michael Kenney |
| **Attorney Docket Number:** | 69281/54 |
| Filed as Small Entity | |

## Utility    Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| Post-Allowance-and-Post-Issuance: | | | | |
| Utility Appl issue fee | 2501 | 1 | 700 | 700 |
| Publ. Fee- early, voluntary, or normal | 1504 | 1 | 300 | 300 |

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| | | | **Total in USD ($)** | **1000** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 2080582 |
| **Application Number:** | 10942326 |
| **International Application Number:** | |
| **Confirmation Number:** | 9683 |
| **Title of Invention:** | SQUIRTING TOY |
| **First Named Inventor/Applicant Name:** | Boguslaw  Orlowski |
| **Customer Number:** | 1912 |
| **Filer:** | Michael Kenney |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | 69281/54 |
| **Receipt Date:** | 14-AUG-2007 |
| **Filing Date:** | 16-SEP-2004 |
| **Time Stamp:** | 15:07:41 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment was successfully received in RAM | $1000 |
| RAM confirmation Number | 355 |
| Deposit Account | 011785 |

The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:
   Charge any Additional Fees required under 37 C.F.R. Section 1.16 and 1.17

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) /Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | Issue_Fee_Squirting_Toy.pdf | 160590 <br> d4290b3322ebb58fd42838d8b6ee3ca96bbebdcc | no | 1 |
| Warnings: | | | | | |
| Information: | | | | | |
| 2 | Fee Worksheet (PTO-06) | fee-info.pdf | 8242 <br> 52f7f79fa530f0dc8fb2290deafdb039c551bf1 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | **Total Files Size (in bytes):** | 168832 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

**New Applications Under 35 U.S.C. 111**
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

**National Stage of an International Application under 35 U.S.C. 371**
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

**New International Application Filed with the USPTO as a Receiving Office**
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/08A (04-07)
Approved for use through 09/30/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT
*(Use as many sheets as necessary)*

| Sheet | 1 | of | 1 |

| Complete if Known | |
|---|---|
| Application Number | 10/942,326 |
| Filing Date | September 16, 2004 |
| First Named Inventor | Boguslaw Orlowski |
| Art Unit | 3751 |
| Examiner Name | Mahone, Kristie Annette |
| Attorney Docket Number | 69281/54 |

**U. S. PATENT DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Document Number<br><br>Number-Kind Code[2] *(if known)* | Publication Date<br>MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US- 4,615,488 | 10-07-1986 | Sands | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| Examiner Initials* | Cite No.[1] | Foreign Patent Document<br><br>Country Code[3] -Number [4] -Kind Code[5] *(if known)* | Publication Date<br>MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | Int'l Search Report | 05-08-2007 | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.
This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 10/16/2007 | 7281642 | 69281/54 | 9683 |

1912        7590        09/26/2007
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

**Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)**
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 219 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Boguslaw Orlowski, Oceanside, CA;

IR103 (Rev. 11/05)

AO 120 (Rev. 3/04)

| TO: | **Mail Stop 8**<br>**Director of the U.S. Patent and Trademark Office**<br>**P.O. Box 1450**<br>**Alexandria, VA 22313-1450** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT OR**<br>**TRADEMARK** |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____Southern District of New York_____ on the following ☒ **Patents** or ☐ **Trademarks**:

| DOCKET NO.<br>08cv2335 | DATE FILED<br>03/06/2008 | U.S. DISTRICT COURT<br>S.D.N.Y. |
|---|---|---|
| PLAINTIFF<br>Prime Time Toys Ltd. | | DEFENDANT<br><br>Manley Toy Direct LLC, et al |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 7281642 | 10/16/2007 | Prime Time Toys Ltd. |
| 2 | 2176591 | 07/28/1998 | "          " |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY ☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading | |
|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

DECISION/JUDGEMENT

| CLERK<br><br>J. Michael McMahon | (BY) DEPUTY CLERK<br><br>JEH | DATE<br><br>3/06/2008 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

EXHIBIT C

File Wrapper of 7,281,642 B2

17698
091604
U.S. PTO

PTO/SB/05 (04-04)
Approved for use through 07/31/2006. OMB 0651-0032
U.S. Patent and Trademark Office. U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# UTILITY
# PATENT APPLICATION
# TRANSMITTAL

*(Only for new nonprovisional applications under 37 CFR 1.53(b))*

| | |
|---|---|
| Attorney Docket No. | PT-007 |
| First Inventor | Boguslaw Orlowski |
| Title | Squirting Toy |
| Express Mail Label No. | |

U.S. PTO
10/942326

17548
10/942326

091604

## APPLICATION ELEMENTS
*See MEPEP chapter 600 concerning utility patent application contents.*

ADDRESS TO:  Commissioner for Patents
P.O. Box 1450
Alexandria VA 22313-1450

1. [X] Fee Transmittal form (e.g., PTO/SB/17)
   *(Submit an original and a duplicate for fee processing)*
2. [X] Applicant claims small entity status.
   See 37 CFR 1.27.
3. [X] Specification        [Total Pages  9  ]
   *(preferred arrangement set forth below)*
   - Descriptive title of the invention
   - Cross Reference to Related Applications
   - Statement Regarding Fed sponsored R & D
   - Reference to sequence listing, a table,
     or a computer program listing appendix
   - Background of the Invention
   - Brief Summary of the Invention
   - Brief Description of the Drawings *(if filed)*
   - Detailed Description
   - Claim(s)
   - Abstract of the Disclosure

4. [X] Drawing(s) (35 U.S.C. 113)   [Total Sheets  4  ]

5. Oath or Declaration          [Total Sheets  2  ]
   a. [X] Newly executed (original or copy)

   b. [ ] Copy from a prior application (37 CFR 1.63(d))
      *(for continuation/divisional with Box 18 completed)*

      i. [ ] DELETION OF INVENTOR(S)
         Signed statement attached deleting inventor(s)
         name in the prior application, see 37 CFR
         1.63(d)(2) and 1.33(b).

6. [ ] Application Data Sheet. See 37 CFR 1.76

7. [ ] CD-ROM or CD-R in duplicate, large table or
       Computer Program *(Appendix)*
8. Nucleotide and/or Amino Acid Sequence Submission
   *(if applicable, all necessary)*
   a. [ ] Computer Readable Form (CRF)

   b. Specification Sequence Listing on:

      i. [ ] CD-ROM or CD-R (2 copies); or

      ii. [ ] Paper

   c. [ ] Statements verifying identity of above copies

### ACCOMPANYING APPLICATION PARTS

9. [ ] Assignment Papers (cover sheet & document(s))
10. [ ] 37 CFR 3.73(b) Statement   [X] Power of
    *(when there is an assignee)*         Attorney
11. [ ] English Translation Document *(if applicable)*
12. [ ] Information Disclosure    [ ] Copies of IDS
    Statement (IDS)/PTO-1449          Citations
13. [ ] Preliminary Amendment
14. [X] Return Receipt Postcard (MEPEP 503)
    *(Should be specifically itemized)*
15. [ ] Certified Copy of Priority Document(s)
    *(if foreign priority is claimed)*
16. [ ] Nonpublication Request under 35 U.S.C. 122
    (b)(2)(B)(i). Applicant must attach form PTO/SB/35
    or its equivalent.
17. [X] Other:  $385 FILING FEE

18. If a CONTINUING APPLICATION, check appropriate box, and supply the requisite information below and in the first sentence of the
specification following the title, or in an Application Data Sheet under 37 CFR 1.76:

[ ] Continuation   [ ] Divisional   [ ] Continuation-in-part (CIP)   of prior application No.:_____

Prior application information:_____  Examiner:_____   Art Unit:_____

For CONTINUATION OR DIVISIONAL APPS only; The entire disclosure of the prior application, from which an oath or declaration is supplied under Box
5b, is considered a part of the disclosure of the accompanying continuation or divisional application and is hereby incorporated by reference.
The incorporation can only be relied upon when a portion has been inadvertently omitted from the submitted application parts.

## 19. CORRESPONDENCE ADDRESS

[X] Customer Number:  26250      OR   [ ] Correspondence address below

| | |
|---|---|
| Name | FRANK MARINO |
| Address | 394 MEREDITH NECK RD |
| City | MEREDITH | State | NH | Zip Code | 03253 |
| Country | USA | Telephone | 603-279-0159 | Fax | 6032790159 |
| Name (Print/Type) | FRANK MARINO | Registration No. (Attorney/Agent) | 37879 |
| Signature | *[signature]* | | Date | 9/10/04 |

This collection of information is required by 37 CFR 1.53(b). The information is required to obtain or retain a benefit by the public which is to file (and by the
USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete,
including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case.  Any comments
on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent
and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA  22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS
ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

17698
091604
U.S.PTO

PTO/SB/17 (10-03)
Approved for use through 07/31/2006. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# FEE TRANSMITTAL
# for FY 2004

*Effective 10/01/2003. Patent fees are subject to annual revision.*

[X] Applicant claims small entity status. See 37 CFR 1.27

| TOTAL AMOUNT OF PAYMENT | ($) | 385 |
|---|---|---|

**Complete if Known**

| Application Number | |
|---|---|
| Filing Date | HEREWITH |
| First Named Inventor | BOGUSLAW ORLOWSKI |
| Examiner Name | |
| Art Unit | |
| Attorney Docket No. | PT-007 |

## METHOD OF PAYMENT (check all that apply)

[X] Check  [ ] Credit card  [ ] Money Order  [ ] Other  [ ] None

[ ] Deposit Account:

Deposit Account Number _____

Deposit Account Name _____

The Director is authorized to: *(check all that apply)*

[ ] Charge fee(s) indicated below  [ ] Credit any overpayments

[ ] Charge any additional fee(s) or any underpayment of fee(s)

[ ] Charge fee(s) indicated below, **except for the filing fee** to the above-identified deposit account.

## FEE CALCULATION

### 1. BASIC FILING FEE

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 1001 | 770 | 2001 | 385 | Utility filing fee | 385 |
| 1002 | 340 | 2002 | 170 | Design filing fee | |
| 1003 | 530 | 2003 | 265 | Plant filing fee | |
| 1004 | 770 | 2004 | 385 | Reissue filing fee | |
| 1005 | 160 | 2005 | 80 | Provisional filing fee | |

SUBTOTAL (1) ($) 385

### 2. EXTRA CLAIM FEES FOR UTILITY AND REISSUE

| | | Extra Claims | | Fee from below | | Fee Paid |
|---|---|---|---|---|---|---|
| Total Claims | 17 | -20** = | Ø | X | | Ø |
| Independent Claims | 3 | - 3** = | Ø | X | | Ø |
| Multiple Dependent | | | | | | |

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description |
|---|---|---|---|---|
| 1202 | 18 | 2202 | 9 | Claims in excess of 20 |
| 1201 | 86 | 2201 | 43 | Independent claims in excess of 3 |
| 1203 | 290 | 2203 | 145 | Multiple dependent claim, if not paid |
| 1204 | 86 | 2204 | 43 | ** Reissue independent claims over original patent |
| 1205 | 18 | 2205 | 9 | ** Reissue claims in excess of 20 and over original patent |

SUBTOTAL (2) ($) Ø

**or number previously paid, if greater; For Reissues, see above

## 3. ADDITIONAL FEES

| Large Entity Fee Code | Fee ($) | Small Entity Fee Code | Fee ($) | Fee Description | Fee Paid |
|---|---|---|---|---|---|
| 1051 | 130 | 2051 | 65 | Surcharge - late filing fee or oath | |
| 1052 | 50 | 2052 | 25 | Surcharge - late provisional filing fee or cover sheet | |
| 1053 | 130 | 1053 | 130 | Non-English specification | |
| 1812 | 2,520 | 1812 | 2,520 | For filing a request for *ex parte* reexamination | |
| 1804 | 920* | 1804 | 920* | Requesting publication of SIR prior to Examiner action | |
| 1805 | 1,840* | 1805 | 1,840* | Requesting publication of SIR after Examiner action | |
| 1251 | 110 | 2251 | 55 | Extension for reply within first month | |
| 1252 | 420 | 2252 | 210 | Extension for reply within second month | |
| 1253 | 950 | 2253 | 475 | Extension for reply within third month | |
| 1254 | 1,480 | 2254 | 740 | Extension for reply within fourth month | |
| 1255 | 2,010 | 2255 | 1,005 | Extension for reply within fifth month | |
| 1401 | 330 | 2401 | 165 | Notice of Appeal | |
| 1402 | 330 | 2402 | 165 | Filing a brief in support of an appeal | |
| 1403 | 290 | 2403 | 145 | Request for oral hearing | |
| 1451 | 1,510 | 1451 | 1,510 | Petition to institute a public use proceeding | |
| 1452 | 110 | 2452 | 55 | Petition to revive - unavoidable | |
| 1453 | 1,330 | 2453 | 665 | Petition to revive - unintentional | |
| 1501 | 1,330 | 2501 | 665 | Utility issue fee (or reissue) | |
| 1502 | 480 | 2502 | 240 | Design issue fee | |
| 1503 | 640 | 2503 | 320 | Plant issue fee | |
| 1460 | 130 | 1460 | 130 | Petitions to the Commissioner | |
| 1807 | 50 | 1807 | 50 | Processing fee under 37 CFR 1.17(q) | |
| 1806 | 180 | 1806 | 180 | Submission of Information Disclosure Stmt | |
| 8021 | 40 | 8021 | 40 | Recording each patent assignment per property (times number of properties) | |
| 1809 | 770 | 2809 | 385 | Filing a submission after final rejection (37 CFR 1.129(a)) | |
| 1810 | 770 | 2810 | 385 | For each additional invention to be examined (37 CFR 1.129(b)) | |
| 1801 | 770 | 2801 | 385 | Request for Continued Examination (RCE) | |
| 1802 | 900 | 1802 | 900 | Request for expedited examination of a design application | |

Other fee (specify) _____

*Reduced by Basic Filing Fee Paid

SUBTOTAL (3) ($)

## SUBMITTED BY

| Name (Print/Type) | FRANK MARINO | Registration No. (Attorney/Agent) | 37879 | Telephone | 603-279-0159 |
|---|---|---|---|---|---|
| Signature | *[signature]* | | | Date | 9-10-04 |

*(Complete if applicable)*

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

This collection of information is required by 37 CFR 1.17 and 1.27. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

Page 2

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/92 (08-03)
Approved for use through 07/31/2006. OMB 0561-0031
Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# Certificate of Mailing under 37 CFR 1.8

I hereby certify that this correspondence is being deposited with the United States Postal Service with sufficient postage as first class mail in an envelope addressed to:

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

on ___9/10/ 04_____
                Date

_____
                Signature

FRANK MARINO
_____
Typed or printed name of person signing Certificate

Note: Each paper must have its own certificate of mailing, or this certificate must identify each submitted paper.

- LETTERS PATENT APPL FOR "SQUIRTING TOY" INCLUDING SPECIFICATION (9 PAGES) AND DRAWINGS (4 SHEETS)
- DECLARATION OF AND POWER OF ATTORNEY BY INVENTOR BOGUSLAW ORLOWSKI FOR ABOVE APPL.
- $ 385 SMALL ENTITY FILING FEE FOR ABOVE APPL.

This collection of information is required by 37 CFR 1.8. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 1.8 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

Docket PT-007
Date 08/01/04

Application for United States Letters Patent

For:

<u>Squirting Toy</u>

Invented By:

Boguslaw Orlowski

FIELD OF THE INVENTION:

The present invention is a water squirting apparatus for use at play. More specifically, it is a soft floating tubular piston type squirt gun for use such as in a swimming pool or swimming area by participants in or adjacent to the water.

BACKGROUND AND OBJECTS OF THE INVENTION:

Squirt guns are well known in many forms in the prior art. Numerous squirt guns and squirting toys are made and have been made over the years for use by persons while swimming in or standing adjacent to a swimming pool, which are adapted to quickly take in water from the swimming pool for squirting. One such toy is called Water Stix™ and is sold by Hearthsong Inc. This toy, representative of many such squirting toys, is basically comprised of a housing having a nozzle at its squirting end. A piston, which includes a graspable handle, is adapted to slide within the housing so that, when the nozzle end of the housing is submerged in the pool and the piston is pulled backwards, water is drawn into the housing through the nozzle. And when the piston is subsequently forced forwardly, that water is forced from the housing, through the nozzle, towards a target, in a powerful stream.

Additionally, many squirt guns of the prior art are constructed in a manner that entraps air and thereby inadvertently enables those guns to partially float in water. The degree of such buoyancy is relative to the amount of water that has been taken into the gun and the longevity of such buoyancy is relative to the to the amount of air leakage from the housing.

2

There are also floating toy "swimming noodles" in the prior art, which are made of resilient floating closed-cell polymer foam. These toys are used to provide buoyancy to the user while swimming. Because these toys are often left floating in the pool when not in use, their softness eliminates the safety threat that they would otherwise pose.

It is therefore an object of the present invention to provide an improved squirting toy that floats fully atop the surface of the water, whether filled with or empty of water.

It is a further object to provide a soft squirting toy that is safer that squirting toys of the prior art.

It is a further object to provide a squirting toy that is both buoyant and soft.

It is a further object to provide such a squirting toy that has a similar appearance to a "swimming noodle".

Further objects and advantages of the invention will be apparent upon a review of the following description and drawings of the invention, including the preferred embodiment thereof.

SUMMARY OF THE INVENTION:

The present invention comprises a squirting toy that is housed within a polyethylene (PE) closed cell foam shell. The closed cell shell is non-absorbing, so that the foam remains buoyant and keeps the gun afloat indefinitely. The foam is soft, so that the gun is not a safety hazard when left floating in a swimming pool. In the preferred embodiment, the squirting toy is comprised of a cylindrical housing and a piston that slides within to force water into or out of the housing via a hole therein. The foam shell

of the preferred embodiment is similar in size and shape to a "swimming noodle", and is therefore more attractive to a child who is familiar with such.

A more complete understanding of the invention will be realized upon review of the following description and drawings of the Preferred embodiment of the invention.

BRIEF DECRIPTION OF THE DRAWINGS:

Figure 1 is an action view of a squirting toy according to the preferred embodiment of the invention showing water being expelled there-from.

Figure 2 is a cross-sectional view through the toy of Figure 1 in its retracted/empty state.

Figure 3 is an enlarged partial section of the toy of Figure 1 floating in water,

Figure 4 is an action cross-sectional view in showing the intake of water into the toy of Figure 1, and

Figure 5 is an action cross-sectional view in showing the expulsion of water from the toy of Figure 1.

DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT:

The Preferred embodiment of the invention is shown in Figures 1 though 5, where there is depicted a toy 100 for squirting a water stream 102, and which is adapted to float on the water surface 104.

The toy comprises a rigid tubular housing 106 that encloses a hollow cylindrical chamber 110. The forward end 112 of the tubular housing is closed except for a small hole 114. Piston 116 slides longitudinally within chamber 110 and is sealed against the

cylindrical inner surface 120 of the chamber by o-ring 122, which is seated within groove 124 of the piston. The piston separates the chamber 110 into a forward portion 110A and a rear portion 110B. The piston 116 is rigidly connected to shaft 124 at the forward end 126 thereof. Slide bushing 128 supports shaft 124 at the rear end 130 of the tubular housing 106, while allowing longitudinal movement relative thereto. Handle portion 132 is rigidly connected to shaft 124 at the rearward end 134 thereof. Expansion of the handle portion 132 relative to the tubular housing 106, while hole 114 is below the water surface 104, as depicted in Figure 4, causes water to be inhaled into the expanding forward chamber portion 110A, through hole 114. Subsequent retraction of the handle portion 132 relative to the tubular housing 106 causes that water to be exhaled through hole 114 in a powerful stream 102.

Tubular shell 138, preferably made of closed-cell polyethylene foam, surrounds tubular housing 106, to provide both a soft protective surface and buoyancy. Other materials may be substituted for polyethylene foam, such as ethylene vinyl acetate closed-cell foam.

Handle portion 132 also includes handle shell 140, which is preferable made of the same foam, and is rigidly connected shaft 124 by means of support bushings 144 and 146. Alternatively, other materials having sufficient buoyancy, softness, and water impermeability, such as polyurethane foam, may be used for both the tubular and handle shells. Or the shells could instead be replaced by blow molded or rotationally molded air-filled cylindrical bladders. When the handle portion is retracts as in Figure 2, the shells create a similar appearance and feel to those of a common "swimming noodle".

It will be appreciated by those skilled in the applicable arts that the foregoing is merely one of many possible embodiments of the invention, and that the invention should therefore only be limited according to the following claims.

I CLAIM:

1. An encasement for a partially hollow squirting toy comprised of a soft material that has buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water.

2. The encasement of Claim 1 wherein said soft material is closed-cell polymer foam.

3. The encasement of Claim 1 wherein said material is closed-cell polyethylene foam.

4. The encasement of Claim 1 wherein said material is closed-cell ethylene vinyl acetate foam.

5. A toy for receiving, storing, and squirting water and encased in a soft material that has a buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water.

6. The toy of Claim 5 wherein said soft material is closed-cell polymer foam.

7. The toy of Claim 1 wherein said material is closed-cell polyethylene foam.

8. The toy of Claim 1 wherein said material is closed-cell ethylene vinyl acetate foam.

9. A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water

through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water.

10. The toy of Claim 9 wherein said soft material is closed-cell polymer foam.

11. The toy of Claim 9 wherein said material is closed-cell polyethylene foam.

12. The toy of Claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

13. The toy of Claim 9 wherein said chamber comprises a cylinder and said means for expansion and contraction of said chamber is a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

14. The toy of Claim 13 wherein said outer shell is cylindrically shaped.

15. The toy of Claim 14 wherein said soft material is closed-cell polymer foam.

16. The toy of Claim 14 wherein said material is closed-cell polyethylene foam.

17. The toy of Claim 14 wherein said material is closed-cell ethylene vinyl acetate foam.

ABSTRACT:

A squirting toy is comprised of a cylindrical housing and a piston that slides within to force water into or out of the housing via a hole therein. The housing is encased within a polyethylene closed cell foam shell. The shell is non-absorbing, so that the foam remains buoyant and keeps the gun afloat indefinitely when left in water. The foam is soft, so that the gun is not a safety hazard when left floating in a swimming pool.

**1/4**



2/4



Fig.3.

3/4



Fig. 4.

4/4



*Fig. 5.*

PTO/SB/01 (05-03)
Approved for use through 04/30/2003. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

| DECLARATION FOR UTILITY OR DESIGN PATENT APPLICATION (37 CFR 1.63) | Attorney Docket Number | PT-007 |
|---|---|---|
| | First Named Inventor | BOGUSLAW ORLOWSKI |
| | COMPLETE IF KNOWN | |
| ☒ Declaration Submitted With Initial Filing.   **OR**   ☐ Declaration Submitted after Initial Filing (surcharge (37 CFR 1.16 (e)) required) | Application Number | |
| | Filing Date | HEREWITH |
| | Art Unit | |
| | Examiner Name | |

I hereby declare that:

Each inventor's residence, mailing address, and citizenship are as stated below next to their name.

I believe the inventor(s) named below to be the original and first inventor(s) of the subject matter which is claimed and for which a patent is sought on the invention entitled:

> SQUIRTING TOY

*(Title of the Invention)*

the specification of which

☒ is attached hereto

**OR**

☐ was filed on (MM/DD/YYYY) [_____] as United States Application Number or PCT International

Application Number [_____] and was amended on (MM/DD/YYYY) [_____] (if applicable).

I hereby state that I have reviewed and understand the contents of the above identified specification, including the claims, as amended by any amendment specifically referred to above.

I acknowledge the duty to disclose information which is material to patentability as defined in 37 CFR 1.56, including for continuation-in-part applications, material information available between the filing date of the prior application and the national or PCT international filing date of the continuation-in-part application.

I hereby claim foreign priority benefits under 35 U.S.C. 119(a)-(d) or (f), or 365(b) of any foreign application(s) for patent, inventor's or plant breeder's rights certificate(s), or 365(a) of any PCT international application which designated at least one country other than the United States of America, listed below and have also identified below, by checking the box, any foreign application for patent, inventor's or plant breeder's rights certificate(s), or any PCT international application having a filing date before that of the application on which priority is claimed.

| Prior Foreign Application Number(s) | Country | Foreign Filing Date (MM/DD/YYYY) | Priority Not Claimed | Certified Copy Attached? Yes      No |
|---|---|---|---|---|
| | | | ☐ | ☐      ☐ |
| | | | ☐ | ☐      ☐ |
| | | | ☐ | ☐      ☐ |
| | | | ☐ | ☐      ☐ |

☐ Additional foreign application numbers are listed on a supplemental priority data sheet PTO/SB/02B attached hereto.

[Page 1 of 2]

This collection of information is required by 37 CFR 115 and 37 CFR 1.63. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 21 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

PTO/SB/01 (05-03)
Approved for use through 04/30/2003. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

# DECLARATION — Utility or Design Patent Application

Direct all correspondence to: ☒ Customer Number or Bar Code Label  `26250`  OR ☐ Correspondence address below

**Name**
FRANK MARINO

**Address**
394 MEREDITH NECK RD

| City | State | ZIP |
|------|-------|-----|
| MEREDITH | NH | 03253 |

| Country | Telephone | Fax |
|---------|-----------|-----|
| USA | 603-279-0159 | 603-279-0159 |

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. 1001 and that such willful false statements may jeopardize the validity of the application or any patent issued thereon.

**NAME OF SOLE OR FIRST INVENTOR:**     ☐ A petition has been filed for this unsigned inventor

| Given Name (first and middle [if any]) | Family Name or Surname |
|---|---|
| BOGUSLAW | ORLOWSKI |

| Inventor's Signature | Date |
|---|---|
| Boguslaw Olowski | 08/04/2004 |

| Residence: City | State | Country | Citizenship |
|---|---|---|---|
| OCEANSIDE | CALIFORNIA | U.S.A | U.S.A. |

**Mailing Address**
705 SHADOWTREE DR.

| City | State | ZIP | Country |
|---|---|---|---|
| OCEANSIDE | CALIFORNIA | 92054 | U.S.A |

**NAME OF SECOND INVENTOR:**     ☐ A petition has been filed for this unsigned inventor

| Given Name (first and middle [if any]) | Family Name or Surname |
|---|---|
| | |

| Inventor's Signature | Date |
|---|---|
| | |

| Residence: City | State | Country | Citizenship |
|---|---|---|---|
| | | | |

**Mailing Address**

| City | State | ZIP | Country |
|---|---|---|---|
| | | | |

☐ Additional inventors or a legal representative are being named on the ___ supplemental sheet(s) PTO/SB/02A or 02LR attached hereto.

[Page 2 of 2]

PTO/SB/81 (05-03)
Approved for use through 11/30/2005. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| | Application Number | |
|---|---|---|
| **POWER OF ATTORNEY OR AUTHORIZATION OF AGENT** | Filing Date | HEREWITH |
| | First Named Inventor | BOGUSLAW ORLOWSKI |
| | Title | SQUIRTING TOY |
| | Art Unit | |
| | Examiner Name | |
| | Attorney Docket Number | PT-007 |

**I hereby appoint:**

☒ Practitioners at Customer Number      26250      → Place Customer Number Bar Code Label here

**OR**

☐ Practitioner(s) named below:

| Name | Registration Number |
|---|---|
| FRANK MARINO | 37879 |
| | |
| | |

as my/our attorney(s) or agent(s) to prosecute the application identified above, and to transact all business in the United States Patent and Trademark Office connected therewith.

**Please change the correspondence address for the above-identified application to:**

☐ The above-mentioned Customer Number.

**OR**

☐ Practitioners at Customer Number.      [        ] → Place Customer Number Bar Code Label here

**OR**

| Firm or Individual Name | FRANK MARINO | | |
|---|---|---|---|
| Address | 394   MEREDITH NECK RD | | |
| Address | | | |
| City | MEREDITH | State NH | Zip 03253 |
| Country | USA | | |
| Telephone | 603-279-0159 | Fax | 603-279-0159 |

**I am the:**

☒ Applicant/Inventor.

☐ Assignee of record of the entire interest. See 37 CFR 3.71.
Statement under 37 CFR 3.73(b) is enclosed. (Form PTO/SB/96).

**SIGNATURE of Applicant or Assignee of Record**

| Name | BOGUSLAW ORLOWSKI |
|---|---|
| Signature | Boguslaw Orlowski |
| Date | 08·04·2004 | Telephone (760) 439·3041 |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required; see below*.

*Total of ___ forms are submitted.

This collection of information is required by 37 CFR 1.31 and 1.33. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

PATENT APPLICATION SERIAL NO. _____

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE
FEE RECORD SHEET

09/20/2004 EHAILE1  00000002 10942326

01 FC:2001                    385.00 OP

PTO-1556
(5/87)

*U.S. Government Printing Office: 2002 — 489-267/69033

# PATENT APPLICATION FEE DETERMINATION RECORD
Effective October 1, 2003

**Application or Docket Number**

10942326

## CLAIMS AS FILED - PART I

|  | (Column 1) | (Column 2) |
|---|---|---|
| TOTAL CLAIMS | 17 |  |
| FOR | NUMBER FILED | NUMBER EXTRA |
| TOTAL CHARGEABLE CLAIMS | 17 minus 20= | * |
| INDEPENDENT CLAIMS | 3 minus 3 = | * |
| MULTIPLE DEPENDENT CLAIM PRESENT | ☐ | |

\* If the difference in column 1 is less than zero, enter "0" in column 2

| SMALL ENTITY TYPE ☐ | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|
| RATE | FEE | RATE | FEE |
| BASIC FEE | 385.00 | BASIC FEE | 770.00 |
| XS 9= | OR | XS18= | |
| X43= | OR | X86= | |
| +145= | OR | +290= | |
| TOTAL | 385 | TOTAL | |

## CLAIMS AS AMENDED - PART II

### AMENDMENT A

|  | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|
| Total | * | Minus ** | = |
| Independent | * | Minus *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | |

| SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|
| RATE | ADDITIONAL FEE | RATE | ADDITIONAL FEE |
| X$ 9= | OR | X$18= | |
| X43= | OR | X86= | |
| +145= | OR | +290= | |
| TOTAL ADDIT. FEE | OR | TOTAL ADDIT. FEE | |

### AMENDMENT B

|  | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|
| Total | * | Minus ** | = |
| Independent | * | Minus *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | |

| RATE | ADDITIONAL FEE | RATE | ADDITIONAL FEE |
|---|---|---|---|
| X$ 9= | OR | X$18= | |
| X43= | OR | X86= | |
| +145= | OR | +290= | |
| TOTAL ADDIT. FEE | OR | TOTAL ADDIT. FEE | |

### AMENDMENT C

|  | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA |
|---|---|---|---|
| Total | * | Minus ** | = |
| Independent | * | Minus *** | = |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM ☐ | | | |

| RATE | ADDITIONAL FEE | RATE | ADDITIONAL FEE |
|---|---|---|---|
| X$ 9= | OR | X$18= | |
| X43= | OR | X86= | |
| +145= | OR | +290= | |
| TOTAL ADDIT. FEE | OR | TOTAL ADDIT. FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

File Wrapper '642 Patent
Page 21



New Attorney Dkt. No. 69281/54
Old Attorney Dkt. No. PT-007

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.   : 10/942,326                    Confirmation No. 9683

Applicant        : Boguslaw Orlowski

Filed            : September 16, 2004

For:             : SQUIRTING TOY

TC/A.U.          : 3752

Examiner         : TBD

Customer No.     : 1912

| "Express Mail" mailing label No. | EL 996368350 US |
|---|---|
| Date of Deposit: | August 31, 2005 |

I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

Name:    Vivian Campbell

Signature:

## SUBMISSION OF INFORMATION DISCLOSURE STATEMENT AND REVOCATION OF POWER OF ATTORNEY WITH NEW POWER OF ATTORNEY AND CHANGE OF CORRESPONDENCE ADDRESS

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22323-1450

Sir:

Applicant respectfully requests, pursuant to 37 C.F.R. §§§ 1.56, 1.97 and 1.98, that the references listed on the attached PTO/SB/08A Form (Substitute Form for PTO-1449) be considered and cited in the examination of the above-identified patent application.

We also enclose a Revocation of Power of Attorney With New Power of Attorney and Change of Correspondence Address for the above-identified application.

No fee is deemed necessary in connection with the filing of this Information Disclosure Statement. However, if any fee is required to preserve the

320241.1                         Page 1 of 2                    File Wrapper '642 Patent
                                                                            Page 22

New Attorney Dkt. No. 69281/54
Old Attorney Dkt. No. PT-007

pendency of the application, authorization is hereby given to charge the amount

of any such fee to deposit Account No. 01-1785.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Applicant(s)
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated:   New York, New York          By:   _____
         August 31, 2005                   Benjamin M. Halpern
                                            Registration No.:  46,494

PTO/SB/08A (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| Sheet | 1 | of | 1 |
|---|---|---|---|

**Complete if Known**

| | |
|---|---|
| Application Number | 10/942,326 |
| Filing Date | September 16,2004 |
| First Named Inventor | Boguslaw Orlowski |
| Art Unit | 3752 |
| Examiner Name | Unknown |
| Attorney Docket Number | 69281/54 |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number<br>Number-Kind Code[2] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US- 213,050 | 03/11/1879 | P.C. Lewis | |
| | | US- 1,031,526 | 07/02/1912 | N.H. Cloud, Jr. | |
| | | US- 1,394,456 | 10/18/1921 | J. Wanat | |
| | | US- 2,573,375 | 10/30/1951 | T.W. Winstead | |
| | | US- 4,597,527 | 07/01/1986 | Sands | |
| | | US- 4,627,796 | 12/09/1986 | Moore | |
| | | US- 5,009,413 | 04/23/1991 | Allen | |
| | | US- 5,199,114 | 04/06/1993 | Christopher | |
| | | US- 5,928,053 | 07/27/1999 | Henderson | |
| | | US- 5,992,697 | 11/30/1999 | James | |
| | | US- Des. 26,839 | 03/30/1897 | J. Lines | |
| | | US- Des. 240,130 | 06/01/1976 | William A. Folke | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document<br>Country Code[3]–Number[4]–Kind Code[5] *(if known)* | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MEPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

OIPE IAP33
AUG 3 1 2005
PATENT & TRADEMARK OFFICE

PTO/SB/82 (09-03)
Approved for use through 11/30/2005. OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## REVOCATION OF POWER OF ATTORNEY WITH NEW POWER OF ATTORNEY AND CHANGE OF CORRESPONDENCE ADDRESS

| | |
|---|---|
| Application Number | 10/942,326 |
| Filing Date | September 16, 2004 |
| First Named Inventor | Boguslaw Orlowski |
| Art Unit | 3752 |
| Examiner Name | |
| Attorney Docket Number | 69281/54 (old no. PT-007) |

**I hereby revoke all previous powers of attorney given in the above-identified application.**

☐ A Power of Attorney is submitted herewith.

*OR*

☑ I hereby appoint the practitioners associated with the Customer Number:    1912

☑ Please change the correspondence address for the above-identified application to:

☑ The address associated with Customer Number:    1912

*OR*

| ☐ Firm *or* Individual Name | |
|---|---|
| Address | |
| Address | |
| City | State |  Zip |
| Country | |
| Telephone | Fax | |

I am the:

☑ Applicant/Inventor.

☐ Assignee of record of the entire interest. See 37 CFR 3.71.
*Statement under 37 CFR 3.73(b) is enclosed. (Form PTO/SB/96)*

### SIGNATURE of Applicant or Assignee of Record

| Name | Boguslaw Orlowski | |
|---|---|---|
| Signature | *Boguslaw Orlowski* | |
| Date | 08·25·2005 | Telephone |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

☑ *Total of 1_____ forms are submitted.

This collection of information is required by 37 CFR 1.36. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 3 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.  : 10/942,326                    Confirmation No. 9683

Applicants        : Boguslaw Orlowski

Filed             : September 16, 2004

TC/A.U.           : 3752

Examiner          : TBD

Docket No.        : 69281/54 (old Docket No. PT-007)

Customer No.      : 1912 (old Customer No. 26250)

| "Express Mail" mailing label  No. | EV 725788849 US |
|---|---|
| Date of Deposit: | February 17, 2006 |

I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

Name:  Vivian Campbell
Signature:

**STATUS INQUIRY**

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

       Applicant respectfully inquires as to the status of the above-identified application.  The last correspondence receive from the U.S. Patent Office was a postcard confirming receipt of a submission of an Information Disclosure Statement and a Revocation of Power of Attorney With New Power of Attorney and Change of Correspondence Address dated August 31, 2005.  To date, we have not received any further correspondence.

                                   Respectfully submitted,

                                   AMSTER, ROTHSTEIN & EBENSTEIN LLP
                                   Attorneys for Applicant
                                   90 Park Avenue
                                   New York, NY 10016
                                   (212) 336-8000

Dated: New York, New York          By:
       February 17, 2006                Benjamin M. Halpern, Reg. No. 46,494

                       Page 1 of 1

334712.1                                        File Wrapper '642 Patent
                                                              Page 26



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371 (c) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 |

**CONFIRMATION NO. 9683**

1912
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016


*OC000000019081986*

Date Mailed: 06/02/2006

## NOTICE OF ACCEPTANCE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 08/31/2005.

The Power of Attorney in this application is accepted. Correspondence in this application will be mailed to the above address as provided by 37 CFR 1.33.

LYNN LAM
PTOSS (703) 308-9150

OFFICE COPY



### UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NUMBER | FILING OR 371 (c) DATE | FIRST NAMED APPLICANT | ATTY. DOCKET NO./TITLE |
|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | PT- 007 |

26250
FRANCIS EDWARD MARINO
394 MEREDITH NECK ROAD
MEREDITH, NH 03253

**CONFIRMATION NO. 9683**

*OC000000019081947*

Date Mailed: 06/02/2006

## NOTICE REGARDING CHANGE OF POWER OF ATTORNEY

This is in response to the Power of Attorney filed 08/31/2005.

● The Power of Attorney to you in this application has been revoked by the applicant. Future correspondence will be mailed to the new address of record(37 CFR 1.33).

LYNN LAM
PTOSS (703) 308-9150

OFFICE COPY

# EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L1 | 0 | (222/079).CCLS. | US-PGPUB; USPAT | OR | OFF | 2006/09/18 08:24 |
| L2 | 0 | "222"".""079".ccls. | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:25 |
| L3 | 0 | "222"".""079".ccls. | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:25 |
| L4 | 0 | 222/079.ccls. | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:26 |
| L5 | 0 | (222/079).CCLS. | US-PGPUB; USPAT | OR | OFF | 2006/09/18 08:26 |
| L6 | 337 | (222/79).CCLS. | US-PGPUB; USPAT | OR | OFF | 2006/09/18 09:15 |
| L7 | 123376 | float | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:27 |
| L8 | 2989 | squirt | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:27 |
| L9 | 991250 | tube | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:27 |
| L10 | 4 | 6 and 7 and 8 and 9 | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:32 |
| L11 | 498814 | polyethylene | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:33 |
| L12 | 246302 | foam | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:33 |
| L13 | 3534 | 7 and 11 and 12 | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:33 |
| L14 | 14 | 8 and 9 and 13 | US-PGPUB; USPAT | OR | ON | 2006/09/18 08:33 |
| L15 | 217 | (482/55).CCLS. | US-PGPUB; USPAT | OR | OFF | 2006/09/18 09:15 |
| L16 | 256 | (482/111).CCLS. | US-PGPUB; USPAT | OR | OFF | 2006/09/18 09:21 |
| L17 | 16 | 6 and pool | US-PGPUB; USPAT | OR | ON | 2006/09/18 09:57 |
| L18 | 301 | (92/249).CCLS. | US-PGPUB; USPAT | OR | OFF | 2006/09/18 09:57 |
| L19 | 0 | 6 and 18 | US-PGPUB; USPAT | OR | ON | 2006/09/18 09:58 |
| L20 | 1 | pool and 18 | US-PGPUB; USPAT | OR | ON | 2006/09/18 09:58 |
| S1 | 0 | ("45238995670747").PN. | USPAT | OR | OFF | 2006/08/29 10:12 |
| S2 | 1 | ("4523899").PN. | USPAT | OR | OFF | 2004/08/13 08:51 |



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

1912        7590        09/27/2006

AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY  10016

| EXAMINER |
|---|
| HUSON, GREGORY L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3764 | |

DATE MAILED: 09/27/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

| **Office Action Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | **Examiner** | **Art Unit** |
| | Gregory L. Huson | 3764 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>17 February 2006</u>.

2a)☐ This action is **FINAL**.    2b)☒ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) *1-17* is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) *1-17* is/are rejected.

7)☐ Claim(s) _____ is/are objected to.

8)☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☒ The drawing(s) filed on _____ is/are: a)☒ accepted or b)☐ objected to by the Examiner.

    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11)☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All    b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____.

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

    * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1)☒ Notice of References Cited (PTO-892)

2)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3)☒ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date *8/31/05*.

4)☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date. _____ .

5)☐ Notice of Informal Patent Application

6)☐ Other: _____

File Wrapper '642 Patent
Page 31

Application/Control Number: 10/942,326                                    Page 2
Art Unit: 3764

1.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

2.      The factual inquiries set forth in *Graham* v. *John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under 35 U.S.C. 103(a) are summarized as follows:

    1.      Determining the scope and contents of the prior art.
    2.      Ascertaining the differences between the prior art and the claims at issue.
    3.      Resolving the level of ordinary skill in the pertinent art.
    4.      Considering objective evidence present in the application indicating
            obviousness or nonobviousness.

3.      Claims 1-17 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Sands in view of Henderson as taught by Tagar et al..

        Sands shows a similar squirt toy that utilizes a piston in a reciprocating motion to

load and discharge water (see the drawing figures and col. 2 lines 14-22).

        Sands fails to show the toy encased in foam (of a particular type) to provide

buoyancy when the device is used in a pool.

        Henderson shows a water toy for use in a pool that provides buoyancy at 20 by

means of encasing the tubular toy in 'foam rubber, cork, Styrofoam or the like' for safety

(easy to grasp) and buoyancy (to enable it to float to the surface if dropped).

        Tagar et al. teach providing buoyancy (through 22) to a similar water squirt toy

(fig. 7 and col. 5 lines 19-23) in a pool environment.

Application/Control Number: 10/942,326                                    Page 3
Art Unit: 3764

    Thus, it would have been obvious to one of ordinary skill in the art to have

provided the Sands' toy with an outer casing of foam or the like as shown by Henderson

to provide increased safety and buoyancy in a pool environment as taught by Tagar et

al.  The particular foam or buoyant material chosen is a function of the size and weight

of the device, and the cost of manufacture, as suggested by Henderson and also by

applicant's use of multiple materials, and thus represents an obvious design choice to

one of ordinary skill in the art.

4.      The prior art made of record and not relied upon is considered pertinent to

applicant's disclosure. Thorne shows it is known to use a closed cell polyethylene foam

for buoyancy on an aquatic exercise device.

5.      Any inquiry concerning this communication should be directed to Gregory L.

Huson at telephone number 571-272-4887.

                                        Gregory L. Huson
                                        Supervisory Patent Examiner
                                        Art Unit 3764

PTO/SB/08A (08-03)
Approved for use through 07/31/2006. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT
*(Use as many sheets as necessary)*

| Complete if Known | |
|---|---|
| Application Number | 10/942,326 |
| Filing Date | September 16, 2004 |
| First Named Inventor | Boguslaw Orlowski |
| Art Unit | 3752 |
| Examiner Name | Unknown |
| Attorney Docket Number | 69281/54 |

Sheet | 1 | of | 1

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| GH | ✓ | US- 213,050 | 03/11/1879 | P.C. Lewis | |
| GH | ✓ | US- 1,031,526 | 07/02/1912 | N.H. Cloud, Jr. | |
| GH | ✓ | US- 1,394,456 | 10/18/1921 | J. Wanat | |
| GH | ✓ | US- 2,573,375 | 10/30/1951 | T.W. Winstead | |
| GH | ✓ | US- 4,597,527 | 07/01/1986 | Sands | |
| GH | ✓ | US- 4,627,796 | 12/09/1986 | Moore | |
| GH | ✓ | US- 5,009,413 | 04/23/1991 | Allen | |
| GH | ✓ | US- 5,199,114 | 04/06/1993 | Christopher | |
| GH | ✓ | US- 5,928,053 | 07/27/1999 | Henderson | |
| GH | ✓ | US- 5,992,697 | 11/30/1999 | James | |
| GH | ✓ | US- Des. 26,839 | 03/30/1897 | J. Lines | |
| GH | ✓ | US- Des. 240,130 | 06/01/1976 | William A. Folke | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document — Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | /Gregory Huson/ | Date Considered | 09/18/2006 |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

| | | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|---|
| **Notice of References Cited** | | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | | Examiner | Art Unit | Page 1 of 1 |
| | | Gregory L. Huson | 3764 | |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| * | A | US-5,266,069 | 11-1993 | Thorne, Lewis C. | 482/111 |
| * | B | US-5,231,951 | 08-1993 | Tagar et al. | 114/345 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)      Notice of References Cited

File Wrapper '642 Patent
Page 35

| *Index of Claims* | | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|---|
| | | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | | Examiner | Art Unit |
| | | Gregory L. Huson | 3764 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| √ | Rejected | − | (Through numeral) Cancelled | N | Non-Elected | A | Appeal |
| = | Allowed | + | Restricted | I | Interference | O | Objected |

| Final | Original | 9/18/06 | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | 1 | √ | | | | | | | |
| | 2 | √ | | | | | | | |
| | 3 | √ | | | | | | | |
| | 4 | √ | | | | | | | |
| | 5 | √ | | | | | | | |
| | 6 | √ | | | | | | | |
| | 7 | √ | | | | | | | |
| | 8 | √ | | | | | | | |
| | 9 | √ | | | | | | | |
| | 10 | √ | | | | | | | |
| | 11 | √ | | | | | | | |
| | 12 | √ | | | | | | | |
| | 13 | √ | | | | | | | |
| | 14 | √ | | | | | | | |
| | 15 | √ | | | | | | | |
| | 16 | √ | | | | | | | |
| | 17 | √ | | | | | | | |

## Search Notes



| Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|
| 10/942,326 | ORLOWSKI, BOGUSLAW |
| **Examiner** | **Art Unit** | |
| Gregory L. Huson | 3764 | |

### SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 222 | 79, 409 | 9/18/2006 | GLH |
| 446 | 153, 473 | 9/18/2006 | GLH |
| 482 | 55, 111 | 9/18/2006 | GLH |
| 92 | 249 | 9/18/2006 | GLH |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### SEARCH NOTES (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| Consulted Look (92), Crow (482), Yu (446).  Also see east text search attached | 9/18/2006 | GLH |
| | | |
| | | |
| | | |
| | | |
| | | |

### INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |





IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.  :  10/942,326                    Confirmation No. 9683

Applicants      :  Boguslaw Orlowski

Filed           :  September 16, 2004

TC/A.U.         :  3764

Examiner        :  Huson, Gregory L.

Docket No.      :  69281/54

Customer No.    :  1912

| "Express Mail" mailing label  No. | EV 725788588 US |
|---|---|
| Date of Deposit: | November 8, 2006 |
| I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450. | |
| Name: | Vivian Campbell |
| Signature: | |

## AMENDMENT UNDER 37 C.F.R. 1.111 IN RESPONSE TO OFFICE ACTION DATED SEPTEMBER 27, 2006

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

   In response to the Office Action mailed September 27, 2006, please amend the

above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on

page 2 of this paper.

**Remarks** begin on page 5 of this paper.

Page 1 of 6

Appl. No. 10/942,326
Amdt. Filed 11/8/06 in response to
9/27/06 Office Action

## Amendments to the Claims:

This listing of claims will replace all prior versions, and listings, of claims in the application:

## Listing of Claims:

1. (canceled)

2. (canceled)

3. (canceled)

4. (canceled)

5. (currently amended) An expandable and contractible toy for receiving, and storing water when disposed towards an expanded configuration, and squirting water when disposed towards a contracted configuration, the toy and being encased in a soft material that has a buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water, the toy having a cylinder shape when in the contracted configuration.

6. (original) The toy of claim 5 wherein said soft material is closed-cell polymer foam.

7. (original) The toy of claim 1 wherein said material is closed-cell polyethylene foam.

8. (original) The toy of claim 1 wherein said material is closed-cell ethylene vinyl acetate foam.

354830.1

Appl. No. 10/942,326
Amdt. Filed 11/8/06 in response to
9/27/06 Office Action

9. (currently amended) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, the outer shell covering the tubular housing to provide the toy with a cylinder shape.

10. (original) The toy of claim 9 wherein said soft material is closed-cell polymer foam.

11. (original) The toy of claim 9 wherein said material is closed-cell polyethylene foam.

12. (original) The toy of claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

13. (original) The toy of claim 9 wherein said chamber comprises a cylinder and said means for expansion and contraction of said chamber is a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

14. (canceled)

15. (original) The toy of claim 14 wherein said soft material is closed-cell polymer foam.

16. (original) The toy of claim 14 wherein said material is closed-cell polyethylene foam.

Page 3 of 6

17. (original) The toy of claim 14 wherein said material is closed-cell ethylene vinyl acetate foam.

Appl. No. 10/942,326
Amdt. Filed 11/8/06 in response to
9/27/06 Office Action

## REMARKS

Claims 1-13 and 15-17 are pending.  By this Amendment, claims 1-4 and 14 are canceled, and claims 5 and 9 are amended.

Reconsideration based on the following remarks is respectfully requested.

The Office Action rejects claims 1-17 under 35 U.S.C. 103(a) over Sands (U.S. Patent No. 4,597,527) in view of Henderson (U.S. Patent No. 5,928,053), further in view of Tagar (U.S. Patent No. 5,231,951).  This rejection is respectfully traversed.

The applied references, either taken alone or in combination, do not disclose or suggest an expandable and contractible squirting toy where, inter alia, the toy has a cylinder shape when in the contracted condition, as recited in claim 5, and as similarly recited in claim 9.

One of the advantages provided by the claimed invention is that it resembles a "swimming noodle", particularly when in the contracted configuration, thus making it a more attractive source of entertainment for a child.  This is explained in the specification at, for example, page 3, line 24 - page 4, line 2.

The Sands toy is not cylinder shaped, but instead has various protrusions at both ends, so that it does not resemble the "swimming noodle".  Thus, the Sands toy is much less attractive to a child compared to the inventive squirting toy.  Further, the Henderson patent discloses providing a foam casing only on the handle portion of the toy, so that one would not be motivated based on the teaching of Henderson to encase the entire Sands toy in foam material to provide the Sands toy with a "swimming noodle"-type shape.  Tagar is directed to mounting a squirting toy on a flotation device, and is not at

Page 5 of 6

Appl. No. 10/942,326
Amdt. Filed 11/8/06 in response to
9/27/06 Office Action

all related to encasing such a toy in foam or similar material, or for that matter encasing

a toy to provide the toy with a cylinder shape.

For at least these reasons, it is respectfully submitted that independent claims 5

and 9 are in condition for allowance.  The dependent claims are also in condition for

allowance for the reasons discussed above as well as for the additional features they

recite.

Applicant respectfully requests that a timely Notice of Allowance be issued in this

case.

If any further fees are required to preserve the pendency of the subject

application, please debit Deposit Account No. 01-1785.  Likewise, if there is

overpayment, please credit the same account.  Enclosed is a copy of this document.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Applicants
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated:   New York, New York          By: _____
         November 8, 2006                Benjamin M. Halpern
                                          Registration No.:  46,494

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD Substitute for Form PTO-875 | Application or Docket Number 10/942,326 | Filing Date 09/16/2004 | ☐ To be Mailed |
|---|---|---|---|

## APPLICATION AS FILED – PART I

| | | | SMALL ENTITY ☒ | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR X $ = | |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | * | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | | | | SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | **11/08/2006** | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 12 Minus | ** 17 | = 0 | X $25 = | 0 | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | * 2 Minus | *** 3 | = 0 | X $100 = | 0 | OR X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | **0** | OR TOTAL ADD'L FEE | |

| | | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | Total (37 CFR 1.16(i)) | * Minus | ** | = | X $ = | | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | * Minus | *** | = | X $ = | | OR X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | OR TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
catherine d. smith

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*



## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Application No. | : 10/942,326 | Confirmation No. 9683 |
| Applicants | : Boguslaw Orlowski | |
| Filed | : September 16, 2004 | |
| TC/A.U. | : 3764 | |
| Examiner | : Huson, Gregory L. | |
| Docket No. | : 69281/54 | |
| Customer No. | : 1912 | |

<table>
<tr><td colspan="2">"Express Mail" mailing label No.</td><td>EV 725833239 US</td></tr>
<tr><td colspan="2">Date of Deposit:</td><td>February 8, 2007</td></tr>
<tr><td colspan="3">I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.</td></tr>
<tr><td>Name:</td><td colspan="2">Vivian Campbell</td></tr>
<tr><td>Signature:</td><td colspan="2"></td></tr>
</table>

## SUPPLEMENTAL AMENDMENT

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

Further to the Amendment filed November 8, 2006, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on page 2 of this paper.

**Remarks** begin on page 5 of this paper.

Appl. No. 10/942,326
Supplemental Amdt. Filed 2/8/06

## Amendments to the Claims:

This listing of claims will replace all prior versions, and listings, of claims in the application:

## Listing of Claims:

1. (canceled)

2. (canceled)

3. (canceled)

4. (canceled)

5. (previously presented) An expandable and contractible toy for receiving, and storing water when disposed towards an expanded configuration, and squirting water when disposed towards a contracted configuration, the toy being encased in a soft material that has a buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water, the toy having a cylinder shape when in the contracted configuration.

6. (original) The toy of claim 5 wherein said soft material is closed-cell polymer foam.

7. (currently amended) The toy of claim 1 5 wherein said material is closed-cell polyethylene foam.

8. (currently amended) The toy of claim 1 5 wherein said material is closed-cell ethylene vinyl acetate foam.

Page 2 of 5

Appl. No. 10/942,326
Supplemental Amdt. Filed 2/8/06

9. (previously presented) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, the outer shell covering the tubular housing to provide the toy with a cylinder shape.

10. (original) The toy of claim 9 wherein said soft material is closed-cell polymer foam.

11. (original) The toy of claim 9 wherein said material is closed-cell polyethylene foam.

12. (original) The toy of claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

13. (original) The toy of claim 9 wherein said chamber comprises a cylinder and said means for expansion and contraction of said chamber is a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

14. (canceled)

15. (currently amended) The toy of claim ~~14~~ 9 wherein said soft material is closed-cell polymer foam.

Appl. No. 10/942,326
Supplemental Amdt. Filed 2/8/06

16. (currently amended) The toy of claim 14 9 wherein said material is closed-cell polyethylene foam.

17. (currently amended) The toy of claim 14 9 wherein said material is closed-cell ethylene vinyl acetate foam.

18. (new) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, said chamber comprising a cylinder and said means for expansion and contraction of said chamber being a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

## REMARKS

Claims 1-13 and 15-18 are pending.  By this Amendment, claims 7, 8 and 15-17 are amended and claim 18 is added.

Reconsideration of the application based on the remarks presented in the November 8, 2006 Amendments is respectfully requested.

If any further fees are required to preserve the pendency of the subject application, please debit Deposit Account No. 01-1785.  Likewise, if there is overpayment, please credit the same account.  Enclosed is a copy of this document.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Applicants
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated:  New York, New York
        February 8, 2007

By: _____
        Benjamin M. Halpern
        Registration No.: 46,494

Page 5 of 5

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>10/942,326 | Filing Date<br>09/16/2004 | ☐ To be Mailed |
|---|---|---|---|

## APPLICATION AS FILED – PART I

| | | | SMALL ENTITY ☒ | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ = | | OR | X $ = | |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ = | | X $ = | |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

## APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | SMALL ENTITY | OR | OTHER THAN<br>SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | **02/08/2007** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 13 | Minus ** 20 | = 0 | X $25 = | 0 | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus ***3 | = 0 | X $100 = | 0 | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | OR | | | |
| | | | | | TOTAL ADD'L FEE | **0** | OR | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
|---|---|---|---|---|---|---|---|---|
| **AMENDMENT** | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | | | |
| | Total (37 CFR 1.16(i)) | * | Minus ** | = | X $ = | | OR | X $ = | |
| | Independent (37 CFR 1.16(h)) | * | Minus *** | = | X $ = | | X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | OR | | | |
| | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.

\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".

\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".

The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
Linda W. Badie

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

# UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

1912        7590        03/30/2007
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

| EXAMINER |
|---|
| HUSON, GREGORY L |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3751 | |

| SHORTENED STATUTORY PERIOD OF RESPONSE | MAIL DATE | DELIVERY MODE |
|---|---|---|
| 3 MONTHS | 03/30/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

If NO period for reply is specified above, the maximum statutory period will apply and will expire 6 MONTHS from the mailing date of this communication.

PTOL-90A (Rev. 10/06)

| | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | **Examiner** | **Art Unit** | |
| | Gregory L. Huson | 3751 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☐ Responsive to communication(s) filed on <u>08 November 2006 and 08 February 2007</u>.

2a) ☒ This action is **FINAL**.        2b) ☐ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☐ Claim(s) <u>5-13 and 15-18</u> is/are pending in the application.

  4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5) ☐ Claim(s) _____ is/are allowed.

6) ☐ Claim(s) <u>5-13 and 15-18</u> is/are rejected.

7) ☐ Claim(s) _____ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.

10) ☒ The drawing(s) filed on _____ is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.

  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

11) ☐ The oath or declaration is objected to by the Examiner. Note the attached Office Action or form PTO-152.

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

  a) ☐ All  b) ☐ Some * c) ☐ None of:

  1. ☐ Certified copies of the priority documents have been received.

  2. ☐ Certified copies of the priority documents have been received in Application No. _____.

  3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

  * See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☐ Information Disclosure Statement(s) (PTO/SB/08)
  Paper No(s)/Mail Date _____.

4) ☐ Interview Summary (PTO-413)
  Paper No(s)/Mail Date. _____.
5) ☐ Notice of Informal Patent Application
6) ☐ Other: _____

File Wrapper '642 Patent

Application/Control Number: 10/942,326                                    Page 2

Art Unit: 3751

1.      This action is responsive to applicant's amendments and arguments presented

11/8/06 and 2/8/07.

2.      The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all

obviousness rejections set forth in this Office action:

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set
> forth in section 102 of this title, if the differences between the subject matter sought to be patented and
> the prior art are such that the subject matter as a whole would have been obvious at the time the
> invention was made to a person having ordinary skill in the art to which said subject matter pertains.
> Patentability shall not be negatived by the manner in which the invention was made.

3.      The factual inquiries set forth in *Graham* **v.** *John Deere Co.*, 383 U.S. 1, 148

USPQ 459 (1966), that are applied for establishing a background for determining

obviousness under 35 U.S.C. 103(a) are summarized as follows:

    1.  Determining the scope and contents of the prior art.
    2.  Ascertaining the differences between the prior art and the claims at issue.
    3.  Resolving the level of ordinary skill in the pertinent art.
    4.  Considering objective evidence present in the application indicating
        obviousness or nonobviousness.

4.      Claims 5-13 and 15-18 are rejected under 35 U.S.C. 103(a) as being

unpatentable over Sands in view of Henderson as taught by Tagar et al..

        Sands shows a similar squirt toy that utilizes a piston in a reciprocating motion to

load and discharge water (see the drawing figures and col. 2 lines 14-22). The Sands

toy having a cylinder shape 19, over the greatest portion of its length, when the toy is in

the contracted configuration.

        Sands fails to show the toy encased in foam (of a particular type) to provide

buoyancy when the device is used in a pool.

Application/Control Number: 10/942,326                                    Page 3
Art Unit: 3751

Henderson shows a water toy for use in a pool that provides buoyancy at 20 by

means of encasing the tubular toy in 'foam rubber, cork, Styrofoam or the like' for safety

(easy to grasp) and buoyancy (to enable it to float to the surface if dropped).

Tagar et al. teach providing buoyancy (through 22) to a similar water squirt toy

(fig. 7 and col. 5 lines 19-23) in a pool environment.

Thus, it would have been obvious to one of ordinary skill in the art to have

provided the Sands' toy with an outer casing of foam or the like as shown by Henderson

to provide increased safety and buoyancy in a pool environment as taught by Tagar et

al. The particular foam or buoyant material chosen is a function of the size and weight

of the device, and the cost of manufacture, as suggested by Henderson and also by

applicant's use of multiple materials, and thus represents an obvious design choice to

one of ordinary skill in the art.

5.     Applicant's arguments with respect to claims 5-13 and 15-18 have been

considered but are moot in view of the new ground(s) of rejection.

6.     Applicant's amendment necessitated the new ground(s) of rejection presented in

this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP

§ 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37

CFR 1.136(a).

A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action. In the event a first reply is filed within

TWO MONTHS of the mailing date of this final action and the advisory action is not

mailed until after the end of the THREE-MONTH shortened statutory period, then the

Application/Control Number: 10/942,326                                          Page 4
Art Unit: 3751

shortened statutory period will expire on the date the advisory action is mailed, and any

extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of

the advisory action.  In no event, however, will the statutory period for reply expire later

than SIX MONTHS from the date of this final action.

7.      Any inquiry concerning this communication should be directed to Gregory L.

Huson at telephone number 571-272-4887.

Gregory L. Huson
Supervisory Patent Examiner
Art Unit 3751

EXHIBIT C

| Index of Claims | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|
| (barcode) | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | Examiner | Art Unit |
| | Gregory L. Huson | 3764 |

| √ | Rejected | − | (Through numeral) Cancelled | N | Non-Elected | A | Appeal |
|---|---|---|---|---|---|---|---|
| = | Allowed | + | Restricted | I | Interference | O | Objected |

| Claim Final | Original | Date 9/18/06 |
|---|---|---|
| | 1 | √ |
| | 2 | √ |
| | 3 | √ |
| | 4 | √ |
| | 5 | √ | √ |
| | 6 | √ | √ |
| | 7 | √ | √ |
| | 8 | √ | √ |
| | 9 | √ | √ |
| | 10 | √ | √ |
| | 11 | √ | √ |
| | 12 | √ | √ |
| | 13 | √ | √ |
| | 14 | √ |
| | 15 | √ | √ |
| | 16 | √ | √ |
| | 17 | √ | √ |
| | 18 | | √ |

| Search Notes | | Application/Control No. | Applicant(s)/Patent under Reexamination |
|---|---|---|---|
| | | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | | Examiner | Art Unit |
| | | Gregory L. Huson | 3764 |

### SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 222 | 79, 409 | 9/18/2006 | GLH |
| 446 | 153, 473 | 9/18/2006 | GLH |
| 482 | 55, 111 | 9/18/2006 | GLH |
| 92 | 249 | 9/18/2006 | GLH |
| above | updated | 3/28/07 | *(signature)* |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

### SEARCH NOTES (INCLUDING SEARCH STRATEGY)

| | DATE | EXMR |
|---|---|---|
| Consulted Look (92), Crow (482), Yu (446). Also see east text search attached | 9/18/2006 | GLH |
| Updated | 3/28/07 | *(signature)* |
| | | |
| | | |
| | | |
| | | |
| | | |

### INTERFERENCE SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

06-18-07



## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.  : 10/942,326                    Confirmation No. 9683

Applicants      : Boguslaw Orlowski

Filed           : September 16, 2004

TC/A.U.         : 3764

Examiner        : Huson, Gregory L.

Docket No.      : 69281/54

Customer No.    : 1912

| "Express Mail" mailing label  No. | EV 725790272 US |
|---|---|
| Date of Deposit: | June 15, 2007 |
| I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450. | |
| Name: | Vivian Campbell |
| Signature: | Vivian Campbell |


### AMENDMENT UNDER 37 C.F.R. 1.116 IN RESPONSE TO

### FINAL REJECTION DATED MARCH 30, 2007

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

In response to the Office Action mailed March 30, 2007, and further to the

telephone interview conducted by Applicant's representative with Examiner Huson on

June 12, 2007, please amend the above-identified application as follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on

page 2 of this paper.

**Remarks** begin on page 5 of this paper.

Appl. No. 10/942,326
Amdt. Filed on June 15, 2007 In Response to
Office Action mailed 3/30/07

## Amendments to the Claims:

This listing of claims will replace all prior versions, and listings, of claims in the application:

## Listing of Claims:

1. (canceled)

2. (canceled)

3. (canceled)

4. (canceled)

5. (currently amended) An expandable and contractible toy for receiving and storing water when disposed towards an expanded configuration, and squirting water when disposed towards a contracted configuration, the toy being encased in a soft material along substantially its entire length when in the contracted configuration, the soft material ~~that has~~having a buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water, the toy having a cylinder shape and a uniform cross section along substantially its entire length when in the contracted configuration.

6. (original) The toy of claim 5 wherein said soft material is closed-cell polymer foam.

7. (previously presented) The toy of claim 5 wherein said material is closed-cell polyethylene foam.

Appl. No. 10/942,326
Amdt. Filed on June 15, 2007 In Response to
Office Action mailed 3/30/07

8. (previously presented) The toy of claim 5 wherein said material is closed-cell ethylene vinyl acetate foam.

9. (currently amended) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, the outer shell covering substantially the entire tubular housing from the first end to the second end to provide the toy with a cylinder shape, said tubular housing having a uniform cross-section along substantially its entire length when said chamber is fully contracted.

10. (original) The toy of claim 9 wherein said soft material is closed-cell polymer foam.

11. (original) The toy of claim 9 wherein said material is closed-cell polyethylene foam.

12. (original) The toy of claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

13. (original) The toy of claim 9 wherein said chamber comprises a cylinder and said means for expansion and contraction of said chamber is a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

Page 3 of 6

Appl. No. 10/942,326
Amdt. Filed on June 15, 2007 In Response to
Office Action mailed 3/30/07

14. (canceled)

15. (previously presented) The toy of claim 9 wherein said soft material is closed-cell polymer foam.

16. (previously presented) The toy of claim 9 wherein said material is closed-cell polyethylene foam.

17. (previously presented) The toy of claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

18. (currently amended) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, said outer shell covering the tubular housing from adjacent the first end to adjacent the second end, said chamber comprising a cylinder and said means for expansion and contraction of said chamber being a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber, said tubular housing having a uniform cross-section substantially along its entire length when said chamber is fully contracted.

Page 4 of 6

Appl. No. 10/942,326
Amdt. Filed on June 15, 2007 In Response to
Office Action mailed 3/30/07

## REMARKS

Claims 5-13 and 15-18 are pending.  By this Amendment, claims 5, 9 and 18 are amended.

Applicant appreciates the courtesies extended to Applicant's representative by Examiner Huson during the June 12, 2007 telephone interview.

Reconsideration based on the following remarks is respectfully requested.

The Office Action rejects claims 5-13 and 15-18 under 35 U.S.C. 103(a) over Sands (U.S. Patent No. 4,597,527) in view of Henderson (U.S. Patent No. 5,928,053) and Tagar et al. (U.S. Patent No. 5,231,951).  This rejection is respectfully traversed.

Sands, alone or in combination with Henderson and Tagar, does not disclose or suggest a squirting toy the cylinder of which is encased in a soft material along substantially its entire length when in a contracted configuration and that has a uniform cross-section along substantially its entire length, as recited in claim 5, and as similar recited in claims 9 and 18.

The Sands toy does not have a uniform cross section along its length, but instead has various protrusions at both ends.  Thus, the Sands toy does not resemble the "swimming noodle", and is much less attractive to a child compared to the inventive squirting toy.

The Office Action cites the Henderson patent to show that it would have been obvious to encase the toy in a soft material.  Although the Henderson patent teaches the use of a foam rubber handle 28 on a toy that uses a whipping action to fling water, the handle is only disposed at one end of the toy, and not over substantially the entire length

Page 5 of 6

Appl. No. 10/942,326
Amdt. Filed on June 15, 2007 In Response to
Office Action mailed 3/30/07

of the toy, as in the claimed invention. Thus, the whipping action of the Henderson toy

presents a hazard to children using the toy since the end to be whipped is not encased in

a soft material. In contrast, the inventive toy is encased in a soft material, providing a

much safer product as compared to the prior art.

Tagar is directed to mounting a squirting toy on a flotation device, and is not at

all related to encasing such a toy in foam or similar material.

For at least these reasons, it is respectfully submitted that independent claims 5, 9

and 18 are in condition for allowance. The dependent claims are also in condition for

allowance for the reasons discussed above as well as for the additional features they

recite.

Applicant respectfully requests that a timely Notice of Allowance be issued in this

case.

If any further fees are required to preserve the pendency of the subject

application, please debit Deposit Account No. 01-1785. Likewise, if there is

overpayment, please credit the same account. Enclosed is a copy of this document.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Applicants
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated:  New York, New York
         June 15, 2007

By: _____
    Benjamin M. Halpern
    Registration No.: 46,494

Page 6 of 6

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**PATENT APPLICATION FEE DETERMINATION RECORD**
Substitute for Form PTO-875

| Application or Docket Number | Filing Date | |
|---|---|---|
| 10/942,326 | 09/16/2004 | ☐ To be Mailed |

### APPLICATION AS FILED – PART I

| | | | SMALL ENTITY ☒ | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|
| FOR | NUMBER FILED (Column 1) | NUMBER EXTRA (Column 2) | RATE ($) | FEE ($) | RATE ($) | FEE ($) |
| ☐ BASIC FEE (37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | N/A | |
| ☐ SEARCH FEE (37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | N/A | |
| ☐ EXAMINATION FEE (37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | N/A | |
| TOTAL CLAIMS (37 CFR 1.16(i)) | minus 20 = | | X $ = | | OR | X $ = |
| INDEPENDENT CLAIMS (37 CFR 1.16(h)) | minus 3 = | | X $ = | | | X $ = |
| ☐ APPLICATION SIZE FEE (37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | | | | SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 02/08/2007 | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | · 13 | Minus ** 20 | = 0 | X $25 = | 0 | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | · 3 | Minus *** 3 | = 0 | X $100 = | 0 | OR X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | 0 | TOTAL ADD'L FEE | |

| | | | | | SMALL ENTITY | OR | OTHER THAN SMALL ENTITY | |
|---|---|---|---|---|---|---|---|---|
| AMENDMENT | 6/16/07 | CLAIMS REMAINING AFTER AMENDMENT (Column 1) | HIGHEST NUMBER PREVIOUSLY PAID FOR (Column 2) | PRESENT EXTRA (Column 3) | RATE ($) | ADDITIONAL FEE ($) | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | · 15 | Minus ** 20 | = 0 | X $ = | | OR X $ = | |
| | Independent (37 CFR 1.16(h)) | · 3 | Minus *** 3 | = 0 | X $ = | | OR X $ = | |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | OR | | |
| | | | | | TOTAL ADD'L FEE | | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
Linda W. Badie

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

1912        7590        06/22/2007

AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

| EXAMINER |
|---|
| MAHONE, KRISTIE ANNETTE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3751 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 06/22/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

File Wrapper '642 Patent
Page 65

PTOL-90A (Rev. 04/07)

| **Interview Summary** | Application No. | Applicant(s) |
|---|---|---|
| | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | Examiner | Art Unit | |
| | Gregory L. Huson | 3751 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Gregory L. Huson_.                         (3)_____.

(2) _Ben Halpern_.                              (4)_____.

Date of Interview: _12 June 2007_.

Type:  a)☒  Telephonic    b)☐  Video Conference
       c)☐  Personal [copy given to: 1)☐ applicant    2)☐ applicant's representative]

Exhibit shown or demonstration conducted:    d)☐ Yes    e)☒ No.
    If Yes, brief description: _____.

Claim(s) discussed: _5-13 and 15-18_.

Identification of prior art discussed: _of record, as applied_.

Agreement with respect to the claims f)☒ was reached.   g)☐ was not reached.   h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _See Continuation Sheet_.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN A NON-EXTENDABLE PERIOD OF THE LONGER OF ONE MONTH OR THIRTY DAYS FROM THIS INTERVIEW DATE, OR THE MAILING DATE OF THIS INTERVIEW SUMMARY FORM, WHICHEVER IS LATER, TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note: You must sign this form unless it is an
Attachment to a signed Office action.                    _____
                                                          Examiner's signature, if required

Continuation of Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments:  It was agreed that adding the limitations "the toy having a uniform cross section across it's entire length when in the contracted configuration" and "the soft bouyant material encasing the toy along it's entire length when in the contracted configuration" to all of the independent claims appears to overcome the prior art as applied.  An updated search will be conducted when an amendment after final containing the proposed limitations is filed. Applicant's informal fax of 6/11/07 is attached to this interview summary .

6/12/07

Primary Examiner



# FACSIMILE

90 Park Avenue
New York NY 10016
Main    212 336 8000
Fax     212 336 8001
Web     www.arelaw.com

June 11, 2007

| | | | |
|---|---|---|---|
| To: | Examiner Huson<br>U.S. PTO | Fax:<br>Voice: | 571-273-4887<br>571-272-4887 |
| From: | Benjamin M. Halpern, Esq. | | |
| Re: | U.S. Patent Application Ser. No. 10/942,326 (69281/54) (69281.54) | | |

Prepd. by:  __bmh__    Return to:  __bmh__    No. of pages including cover:  __2__


Examiner Huson:

As requested, attached is a proposed agenda for the telephone interview to be conducted in the above-identified patent application.

After you have reviewed the agenda, please contact me to schedule a time for the telephone interview.  I am available any day this week.

Thanks.

Benjamin M. Halpern
212-336-8095( phone)
212-336-8001 (fax)


This transmission is intended only for the party to whom it is addressed and may contain privileged or confidential information. If you are not the intended recipient, you are hereby notified that any use, dissemination or copying of this transmission is prohibited. If you received this transmission in error, please notify us immediately by telephone and return this transmission and any copies to us by mail.  For missing or illegible pages please call the fax operator at 212-336-8000.

## U.S. PATENT APPLICATION SERIAL NO. 10/942,326
## AGENDA FOR EXAMINER INTERVIEW

The following is an agenda for the telephone interview to be conducted by Applicant's representative with Examiner Huson:

1.      Applicant suggests amending the claims to emphasize that the claimed toy has a uniform cross section along its entire length when in the contracted configuration.  None of the applied references teach this feature.  Sands, for example, discloses a toy water gun having numerous protrusions along its length, particularly at the longitudinal end portions.  The uniform cross section allows the inventive toy to take on the appearance of a "swimming noodle".

2.      Applicant also suggests amending the claims to recite that the soft material that encases the toy extends across the entire length of the toy.  The soft material provides both buoyancy and protection from injury.  None of the applied references teach this feature.  Henderson, for example, teaches the use of a foam rubber handle 28, but the foam rubber is only disposed at one end of the toy.  Thus, the whipping action of the Henderson toy is particularly dangerous, since the end to be whipped is not encased in a soft material.

The Applicant is willing to submit one or both of the above-suggested amendments to further distinguish from the applied references.  Any other suggestions by the Examiner would of course be appreciated.

After reviewing this agenda, Examiner Huson is kindly requested to contact Applicant's representative to schedule a time for the telephone interview.

372036.1

07-11-07

(IFW)



IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Application No. | : 10/942,326 | Confirmation No. 9683 |
| Applicants | : Boguslaw Orlowski | |
| Filed | : September 16, 2004 | |
| TC/A.U. | : 3764 | |
| Examiner | : Huson, Gregory L. | |
| Docket No. | : 69281/54 | |
| Customer No. | : 1912 | |

| "Express Mail" mailing label  No. | EV 725790167 US |
|---|---|
| Date of Deposit: | July 10, 2007 |
| I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450. | |
| Name: | Vivian Campbell |
| Signature: | Vivian Campbell |

**SUPPLEMENTAL AMENDMENT**

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

Further to the Amendment filed June 15, 2007, and further in response to the

Office Action mailed March 30, 2007, please amend the above-identified application as

follows:

**Amendments to the Claims** are reflected in the listing of claims which begins on

page 2 of this paper.

**Remarks** begin on page 5 of this paper.

Appl. No. 10/942,326
Amdt. Filed on July 10, 2007 In Response to
Office Action mailed 3/30/07

## Amendments to the Claims:

This listing of claims will replace all prior versions, and listings, of claims in the application:

## Listing of Claims:

1. (canceled)

2. (canceled)

3. (canceled)

4. (canceled)

5. (currently amended) An expandable and contractible toy for receiving and storing water when disposed towards an expanded configuration, and squirting water when disposed towards a contracted configuration, the toy being encased in a soft material along ~~substantially~~ its entire length when in the contracted configuration, the soft material having a buoyancy sufficient to keep the toy afloat in water when the toy is filled to its maximum capacity with water, the toy having a cylinder shape and a uniform cross section along ~~substantially~~ its entire length when in the contracted configuration.

6. (original) The toy of claim 5 wherein said soft material is closed-cell polymer foam.

7. (previously presented) The toy of claim 5 wherein said material is closed-cell polyethylene foam.

8. (previously presented) The toy of claim 5 wherein said material is closed-cell ethylene

Appl. No. 10/942,326
Amdt. Filed on July 10, 2007 In Response to
Office Action mailed 3/30/07

vinyl acetate foam.

9. (currently amended) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, the outer shell covering ~~substantially~~ the entire tubular housing from the first end to the second end to provide the toy with a cylinder shape, said tubular housing having a uniform cross-section along ~~substantially~~ its entire length when said chamber is fully contracted.

10. (original) The toy of claim 9 wherein said soft material is closed-cell polymer foam.

11. (original) The toy of claim 9 wherein said material is closed-cell polyethylene foam.

12. (original) The toy of claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

13. (original) The toy of claim 9 wherein said chamber comprises a cylinder and said means for expansion and contraction of said chamber is a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber.

Appl. No. 10/942,326
Amdt. Filed on July 10, 2007 In Response to
Office Action mailed 3/30/07

14. (canceled)

15. (previously presented) The toy of claim 9 wherein said soft material is closed-cell polymer foam.

16. (previously presented) The toy of claim 9 wherein said material is closed-cell polyethylene foam.

17. (previously presented) The toy of claim 9 wherein said material is closed-cell ethylene vinyl acetate foam.

18. (currently amended) A toy for receiving, storing, and squirting water and comprising a tubular housing defining a chamber for receiving and storing the water, said tubular housing having a first end and a second end, said chamber having means for expansion or contraction and said housing having a hole to allow communication between said chamber and the outside environment, whereby said toy is adapted to inhale the water through said hole while said hole is submerged during said expansion of said chamber, and said toy is adapted to exhale the water through said hole during said contraction of said chamber, and further comprising an outer shell comprised of a soft material that has a buoyancy sufficient to keep the toy afloat in water when said expanded chamber is full of water, said outer shell covering the tubular housing from adjacent the first end to adjacent the second end, said chamber comprising a cylinder and said means for expansion and contraction of said chamber being a piston sealingly engaging said chamber's interior cylindrical surface, said piston adapted for longitudinal movement within and relative to said cylinder to alternately expand and contract the volume within the chamber, said tubular housing having a uniform cross-section substantially along its entire length when said chamber is fully contracted.

Page 4 of 5

Appl. No. 10/942,326
Amdt. Filed on July 10, 2007 In Response to
Office Action mailed 3/30/07

## REMARKS

Claims 5-13 and 15-18 are pending.  By this Amendment, claims 5, 9 and 18 are

amended.

The amendments presented herein are made in response to the telephone

interview conducted on July 3, 2007 between Applicant's representative and Examiner

Huson.  The present amendments remove the term "substantially" from the claims to

overcome the current claim rejections and are made without prejudice to Applicant's

potential pursuit of patent protection based on claims directed to the present invention

which include the term "substantially".

Applicant respectfully requests that a timely Notice of Allowance be issued in this

case.

If any further fees are required to preserve the pendency of the subject

application, please debit Deposit Account No. 01-1785.  Likewise, if there is

overpayment, please credit the same account.  Enclosed is a copy of this document.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Applicants
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated:   New York, New York              By: _____
          July 10, 2007                        Benjamin M. Halpern
                                               Registration No.: 46,494

Page 5 of 5

374511.1

Appl. No. 10/942,326
Amdt. Filed on July 10, 2007 In Response to
Office Action mailed 3/30/07

## REMARKS

Claims 5-13 and 15-18 are pending.  By this Amendment, claims 5, 9 and 18 are amended.

The amendments presented herein are made in response to the telephone interview conducted on July 3, 2007 between Applicant's representative and Examiner Huson.  The present amendments remove the term "substantially" from the claims to overcome the current claim rejections and are made without prejudice to Applicant's potential pursuit of patent protection based on claims directed to the present invention which include the term "substantially".

Applicant respectfully requests that a timely Notice of Allowance be issued in this case.

If any further fees are required to preserve the pendency of the subject application, please debit Deposit Account No. 01-1785.  Likewise, if there is overpayment, please credit the same account.  Enclosed is a copy of this document.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN LLP
Attorneys for Applicants
90 Park Avenue
New York, NY 10016
(212) 336-8000

Dated:  New York, New York
        July 10, 2007

By: _____
    Benjamin M. Halpern
    Registration No.: 46,494

Page 5 of 5

374511.1

PTO/SB/06 (07-06)
Approved for use through 1/31/2007. OMB 0651-0032
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| PATENT APPLICATION FEE DETERMINATION RECORD<br>Substitute for Form PTO-875 | Application or Docket Number<br>10/942,326 | Filing Date<br>09/16/2004 | ☐ To be Mailed |
| --- | --- | --- | --- |

### APPLICATION AS FILED – PART I

| | (Column 1) | (Column 2) | SMALL ENTITY ☒ | | OR | OTHER THAN<br>SMALL ENTITY | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| FOR | NUMBER FILED | NUMBER EXTRA | RATE ($) | FEE ($) | | RATE ($) | FEE ($) |
| ☐ BASIC FEE<br>(37 CFR 1.16(a), (b), or (c)) | N/A | N/A | N/A | | | N/A | |
| ☐ SEARCH FEE<br>(37 CFR 1.16(k), (i), or (m)) | N/A | N/A | N/A | | | N/A | |
| ☐ EXAMINATION FEE<br>(37 CFR 1.16(o), (p), or (q)) | N/A | N/A | N/A | | | N/A | |
| TOTAL CLAIMS<br>(37 CFR 1.16(i)) | minus 20 = | * | X $ | = | OR | X $ | = |
| INDEPENDENT CLAIMS<br>(37 CFR 1.16(h)) | minus 3 = | * | X $ | = | | X $ | = |
| ☐ APPLICATION SIZE FEE<br>(37 CFR 1.16(s)) | If the specification and drawings exceed 100 sheets of paper, the application size fee due is $250 ($125 for small entity) for each additional 50 sheets or fraction thereof. See 35 U.S.C. 41(a)(1)(G) and 37 CFR 1.16(s). | | | | | | |
| ☐ MULTIPLE DEPENDENT CLAIM PRESENT (37 CFR 1.16(j)) | | | | | | | |
| * If the difference in column 1 is less than zero, enter "0" in column 2. | | | TOTAL | | | TOTAL | |

### APPLICATION AS AMENDED – PART II

| | | (Column 1) | (Column 2) | (Column 3) | | SMALL ENTITY | | OR | OTHER THAN<br>SMALL ENTITY | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| AMENDMENT | **07/10/2007** | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| | Total (37 CFR 1.16(i)) | * 13 | Minus | ** 20 | = 0 | | X $25 = | 0 | OR | X $ = |
| | Independent (37 CFR 1.16(h)) | * 3 | Minus | *** 3 | = 0 | | X $100 = | 0 | OR | X $ = |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | | OR | |
| | | | | | | TOTAL ADD'L FEE | **0** | OR | TOTAL ADD'L FEE | |

| | | (Column 1) | (Column 2) | (Column 3) | | RATE ($) | ADDITIONAL FEE ($) | | RATE ($) | ADDITIONAL FEE ($) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| AMENDMENT | | CLAIMS REMAINING AFTER AMENDMENT | HIGHEST NUMBER PREVIOUSLY PAID FOR | PRESENT EXTRA | | | | | | |
| | Total (37 CFR 1.16(i)) | * | Minus | ** | = | | X $ = | | OR | X $ = |
| | Independent (37 CFR 1.16(h)) | * | Minus | *** | = | | X $ = | | OR | X $ = |
| | ☐ Application Size Fee (37 CFR 1.16(s)) | | | | | | | | | |
| | ☐ FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM (37 CFR 1.16(j)) | | | | | | | | OR | |
| | | | | | | TOTAL ADD'L FEE | | OR | TOTAL ADD'L FEE | |

* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20".
*** If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3".
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

Legal Instrument Examiner:
peggy s. yarborough

This collection of information is required by 37 CFR 1.16. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**
*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

07-13-07

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.  : 10/942,326                    Confirmation No.  9683

Inventor          : Boguslaw Orlowski

Filed             : September 16, 2004

TC/A.U.           : 3751

Examiner          : Mahone, Kristie Annette

Docket No.        : 69281/54

Customer No.      : 1912

| "Express Mail" mailing label No. | EV 725835637 US |
|---|---|
| Date of Deposit: July 12, 2007 | |

I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.

Name: Vivian Campbell

Signature:

## INFORMATION DISCLOSURE STATEMENT

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22323-1450

Sir:

Applicant respectfully requests pursuant to 37 C.F.R. §§§ 1.56, 1.97 and 1.98, that the reference listed on the attached PTO/SB/08A Form (Substitute Form for PTO-1449) be considered and cited in the examination of the above-identified patent application.  The reference is cited in the International Search Report dated May 8, 2007 (copy attached) of the International Application No. PCT/US05/17102 (69281/51).

No item of information contained in the information disclosure statement was first cited in any communication from a foreign patent office in a

Information Disclosure Statement
dated July 12, 2007

counter-part foreign application not more than three months prior to the filing of

this statement.

    We hereby authorize you to charge the $180.00 fee for the filing of

this Information Disclosure Statement to our deposit Account No. 01-1785.  A

copy of this document is enclosed.

                                   Respectfully submitted,

                                   AMSTER, ROTHSTEIN & EBENSTEIN LLP
                                   Attorneys for Applicant(s)
                                   90 Park Avenue
                                   New York, NY 10016
                                   (212) 336-8000


Dated:   New York, New York       By: _____
         July 12, 2007                 Benjamin M. Halpern
                                       Registration No.:  46,494

PTO/SB/08A (04-07)
Approved for use through 09/30/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT

*(Use as many sheets as necessary)*

| Sheet | 1 | of | 1 |

| **Complete if Known** | |
|---|---|
| Application Number | 10/942,326 |
| Filing Date | September 16, 2004 |
| First Named Inventor | Boguslaw Orlowski |
| Art Unit | 3751 |
| Examiner Name | Mahone, Kristie Annette |
| Attorney Docket Number | 69281/54 |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US- 4,615,488 | 10-07-1986 | Sands | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document — Country Code[3] "Number[4] "Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | Int'l Search Report | 05-08-2007 | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here if English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

1912        7590        07/16/2007
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

| EXAMINER |
|---|
| MAHONE, KRISTIE ANNETTE |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3751 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 07/16/2007 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

File Wrapper '642 Patent
Page 80

PTOL-90A (Rev. 04/07)

| **Advisory Action**<br>**Before the Filing of an Appeal Brief** | Application No.<br>*10/942,326* | Applicant(s)<br>ORLOWSKI, BOGUSLAW |
|---|---|---|
| | Examiner<br>Kristie A. Mahone | Art Unit<br>3751 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

THE REPLY FILED <u>16 June 2007</u> FAILS TO PLACE THIS APPLICATION IN CONDITION FOR ALLOWANCE.

1. ☒ The reply was filed after a final rejection, but prior to or on the same day as filing a Notice of Appeal. To avoid abandonment of this application, applicant must timely file one of the following replies: (1) an amendment, affidavit, or other evidence, which places the application in condition for allowance; (2) a Notice of Appeal (with appeal fee) in compliance with 37 CFR 41.31; or (3) a Request for Continued Examination (RCE) in compliance with 37 CFR 1.114. The reply must be filed within one of the following time periods:

   a) ☒ The period for reply expires <u>3</u> months from the mailing date of the final rejection.

   b) ☐ The period for reply expires on: (1) the mailing date of this Advisory Action, or (2) the date set forth in the final rejection, whichever is later. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of the final rejection.

   Examiner Note: If box 1 is checked, check either box (a) or (b). ONLY CHECK BOX (b) WHEN THE FIRST REPLY WAS FILED WITHIN TWO MONTHS OF THE FINAL REJECTION. See MPEP 706.07(f).

Extensions of time may be obtained under 37 CFR 1.136(a). The date on which the petition under 37 CFR 1.136(a) and the appropriate extension fee have been filed is the date for purposes of determining the period of extension and the corresponding amount of the fee. The appropriate extension fee under 37 CFR 1.17(a) is calculated from: (1) the expiration date of the shortened statutory period for reply originally set in the final Office action; or (2) as set forth in (b) above, if checked. Any reply received by the Office later than three months after the mailing date of the final rejection, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

<u>NOTICE OF APPEAL</u>

2. ☐ The Notice of Appeal was filed on _____. A brief in compliance with 37 CFR 41.37 must be filed within two months of the date of filing the Notice of Appeal (37 CFR 41.37(a)), or any extension thereof (37 CFR 41.37(e)), to avoid dismissal of the appeal. Since a Notice of Appeal has been filed, any reply must be filed within the time period set forth in 37 CFR 41.37(a).

<u>AMENDMENTS</u>

3. ☒ The proposed amendment(s) filed after a final rejection, but prior to the date of filing a brief, will <u>not</u> be entered because

   (a) ☐ They raise new issues that would require further consideration and/or search (see NOTE below);

   (b) ☐ They raise the issue of new matter (see NOTE below);

   (c) ☒ They are not deemed to place the application in better form for appeal by materially reducing or simplifying the issues for appeal; and/or

   (d) ☐ They present additional claims without canceling a corresponding number of finally rejected claims.

   NOTE: _____. (See 37 CFR 1.116 and 41.33(a)).

4. ☐ The amendments are not in compliance with 37 CFR 1.121. See attached Notice of Non-Compliant Amendment (PTOL-324).

5. ☐ Applicant's reply has overcome the following rejection(s): _____.

6. ☐ Newly proposed or amended claim(s) _____ would be allowable if submitted in a separate, timely filed amendment canceling the non-allowable claim(s).

7. ☒ For purposes of appeal, the proposed amendment(s): a) ☒ will not be entered, or b) ☐ will be entered and an explanation of how the new or amended claims would be rejected is provided below or appended.

   The status of the claim(s) is (or will be) as follows:

   Claim(s) allowed: _____.

   Claim(s) objected to: _____.

   Claim(s) rejected: _____.

   Claim(s) withdrawn from consideration: _____.

<u>AFFIDAVIT OR OTHER EVIDENCE</u>

8. ☐ The affidavit or other evidence filed after a final action, but before or on the date of filing a Notice of Appeal will <u>not</u> be entered because applicant failed to provide a showing of good and sufficient reasons why the affidavit or other evidence is necessary and was not earlier presented. See 37 CFR 1.116(e).

9. ☐ The affidavit or other evidence filed after the date of filing a Notice of Appeal, but prior to the date of filing a brief, will <u>not</u> be entered because the affidavit or other evidence failed to overcome <u>all</u> rejections under appeal and/or appellant fails to provide a showing a good and sufficient reasons why it is necessary and was not earlier presented. See 37 CFR 41.33(d)(1).

10. ☐ The affidavit or other evidence is entered. An explanation of the status of the claims after entry is below or attached.

<u>REQUEST FOR RECONSIDERATION/OTHER</u>

11. ☒ The request for reconsideration has been considered but does NOT place the application in condition for allowance because:
    See attached Interview summary

12. ☐ Note the attached Information Disclosure Statement(s). (PTO/SB/08) Paper No(s). _____

13. ☐ Other: _____.

GREGORY HUSON<br>
SUPERVISORY PATENT EXAMINER<br>
TECHNOLOGY CENTER 3700

U.S. Patent and Trademark Office

PTOL-303 (Rev. 08-06)      Advisory Action Before the Filing of an Appeal Brief      Part of Paper No. 20070630

| *Examiner-Initiated Interview Summary* | Application No.<br>10/942,326 | Applicant(s)<br>ORLOWSKI, BOGUSLAW | |
|---|---|---|---|
| | Examiner<br>Kristie A. Mahone | Art Unit<br>3751 | |

**All Participants:**

   (1) *Kristie A. Mahone*.

   (2) *Gregory L. Huson*.

**Status of Application:** *After Final*

   (3) *Benjamin Halpern*.

   (4) _____.

**Date of Interview:** *3 July 2007*       **Time:** *12:00 P. M.*

**Type of Interview:**
☒ Telephonic
☐ Video Conference
☐ Personal (Copy given to: ☐ Applicant   ☐ Applicant's representative)

Exhibit Shown or Demonstrated: ☐ Yes  ☒ No
  If Yes, provide a brief description: .

**Part I.**

Rejection(s) discussed:

Claims discussed:
*5-13, 15-18*

Prior art documents discussed:
*of record, as applied*

**Part II.**

SUBSTANCE OF INTERVIEW DESCRIBING THE GENERAL NATURE OF WHAT WAS DISCUSSED:
*See Continuation Sheet*

**Part III.**

☐ It is not necessary for applicant to provide a separate record of the substance of the interview, since the interview directly resulted in the allowance of the application. The examiner will provide a written summary of the substance of the interview in the Notice of Allowability.
☒ It is not necessary for applicant to provide a separate record of the substance of the interview, since the interview did not result in resolution of all issues.  A brief summary by the examiner appears in Part II above.

_____
(Examiner/SPE Signature)

_____
(Applicant/Applicant's Representative Signature – if appropriate)

E

Continuation of Substance of Interview including description of the general nature of what was discussed: Examiner proposed elimination of the the term "substantially" from the independent claims to parrallel the claim language previously offered by Applicant's attorney (See Paper No. 20070512). It was explained that the term "substantially" could be interpreted as 50% or more of the entire length. No agreement was reached in this regard. An advisory action will be mailed. .

# EAST Search History

| Ref # | Hits | Search Query | DBs | Default Operator | Plurals | Time Stamp |
|---|---|---|---|---|---|---|
| L2 | 499 | (222/79).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:32 |
| L3 | 32 | (222/79).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:32 |
| L5 | 1103 | (222/409).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:33 |
| L6 | 0 | (222/409).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:33 |
| L7 | 363 | (446/153).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:34 |
| L8 | 34 | (446/153).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:34 |
| L9 | 289 | (446/473).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:34 |
| L10 | 10 | (446/473).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:35 |
| L13 | 307 | (482/55).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:36 |
| L14 | 31 | (482/55).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:36 |
| L15 | 298 | (482/111).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:36 |

# EAST Search History

| L16 | 20 | (482/111).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:37 |
|-----|-----|-----------------|----------|-----|-----|------------------|
| L17 | 0 | (92/249).CCLS. | US-PGPUB | OR | OFF | 2007/07/30 10:37 |
| L18 | 526 | (92/249).CCLS. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:42 |
| L19 | 0 | ("(L3L6L8L10L14L16L17)AND((toygun)ANDbouyan$2cylinder)").PN. | US-PGPUB; USPAT; USOCR; FPRS; EPO; JPO; DERWENT; IBM_TDB | OR | OFF | 2007/07/30 10:44 |
| L20 | 0 | (L3 L6 L8 L10 L14 L16 L17) AND((toy gun) AND bouyan$2 AND cylinder).CLM. | US-PGPUB | OR | OFF | 2007/07/30 10:45 |
| L21 | 0 | (L3 L6 L8 L10 L14 L16 L17) AND ( bouyan$2 AND cylinder).CLM. | US-PGPUB | OR | OFF | 2007/07/30 10:46 |
| L22 | 0 | (L3 L6 L8 L10 L14 L16 L17) AND ( bouyan$2 AND (toy gun)).CLM. | US-PGPUB | OR | OFF | 2007/07/30 10:46 |



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 1912 | 7590 | 08/03/2007 |
| --- | --- | --- |

AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

| EXAMINER |
| --- |
| MAHONE, KRISTIE ANNETTE |

| ART UNIT | PAPER NUMBER |
| --- | --- |
| 3751 | |

DATE MAILED: 08/03/2007

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

TITLE OF INVENTION: SQUIRTING TOY

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- |
| nonprovisional | YES | $700 | $300 | $0 | $1000 | 11/05/2007 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT.
**PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS.
THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON
PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN **THREE MONTHS** FROM THE
MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. **THIS
STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES
NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS
PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM
WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW
DUE.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office
(USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b"
of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a
request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing
the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to
Mail Stop ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of
maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

File Wrapper '642 Patent
Page 86

Page 1 of 3

PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** **Mail**   Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450

**or Fax**   (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

1912          7590          08/03/2007

AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

TITLE OF INVENTION: SQUIRTING TOY

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $700 | $300 | $0 | $1000 | 11/05/2007 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| MAHONE, KRISTIE ANNETTE | 3751 | 222-079000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,   1 _____

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.   2 _____   3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent) :   ☐ Individual   ☐ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:

☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)

☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)

☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.        ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____        Date _____

Typed or printed name _____        Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

File Wrapper 642 Patent
Page 87

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2007.        OMB 0651-0033        U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

1912        7590        08/03/2007

AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

| EXAMINER | |
|---|---|
| MAHONE, KRISTIE ANNETTE | |
| ART UNIT | PAPER NUMBER |
| 3751 | |

DATE MAILED: 08/03/2007

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
### (application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 219 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 219 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

File Wrapper '642 Patent
Page 88

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2007.

| *Notice of Allowability* | Application No. | Applicant(s) |
| | 10/942,326 | ORLOWSKI, BOGUSLAW |
| | Examiner | Art Unit | |
| | Kristie A. Mahone | 3751 | |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to <u>Supplemental Amendment, filed 7/10/2007</u>.

2. ☒ The allowed claim(s) is/are <u>5-13;15-18</u>.

3. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some*   c) ☐ None  of the:

       1. ☐ Certified copies of the priority documents have been received.

       2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

       3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the

          International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

4. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

       1) ☐ hereto or 2) ☐ to Paper No./Mail Date _____ .

    (b) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of

       Paper No./Mail Date _____ .

    **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**

1. ☐ Notice of References Cited (PTO-892)

2. ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3. ☐ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____

4. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material

5. ☐ Notice of Informal Patent Application

6. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .

7. ☐ Examiner's Amendment/Comment

8. ☐ Examiner's Statement of Reasons for Allowance

9. ☐ Other _____ .

GREGORY HUSON
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700

File Wrapper 642 Patent
Page 89

Page 1 of 1



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

## BIB DATA SHEET

**CONFIRMATION NO. 9683**

| SERIAL NUMBER 10/942,326 | FILING or 371(c) DATE 09/16/2004 RULE | CLASS 239 | GROUP ART UNIT 3751 | ATTORNEY DOCKET NO. 69281/54 |
|---|---|---|---|---|

**APPLICANTS**
  Boguslaw Orlowski, Oceanside, CA;

**\*\* CONTINUING DATA \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* FOREIGN APPLICATIONS \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**\*\* IF REQUIRED, FOREIGN FILING LICENSE GRANTED \*\* \*\* SMALL ENTITY \*\***
  11/02/2004

| Foreign Priority claimed ☐ Yes ☑ No | ☐ Met after Allowance | STATE OR COUNTRY | SHEETS DRAWINGS | TOTAL CLAIMS | INDEPENDENT CLAIMS |
|---|---|---|---|---|---|
| 35 USC 119(a-d) conditions met ☐ Yes ☑ No | | | | | |
| Verified and /KRISTIE ANNETTE MAHONE/ | KAM | CA | 4 | 17 | 3 |
| Acknowledged Examiner's Signature | Initials | | | | |

**ADDRESS**

  AMSTER, ROTHSTEIN & EBENSTEIN LLP
  90 PARK AVENUE
  NEW YORK, NY 10016
  UNITED STATES

**TITLE**

  Squirting toy

| FILING FEE RECEIVED 385 | FEES: Authority has been given in Paper No._____ to charge/credit DEPOSIT ACCOUNT No._____ for following: | ☐ All Fees |
|---|---|---|
| | | ☐ 1.16 Fees (Filing) |
| | | ☐ 1.17 Fees (Processing Ext. of time) |
| | | ☐ 1.18 Fees (Issue) |
| | | ☐ Other _____ |
| | | ☐ Credit |

BIB (Rev. 05/07).



| *Issue Classification* | Application/Control No.<br>10/942,326 | Applicant(s)/Patent under Reexamination<br>ORLOWSKI, BOGUSLAW |
|---|---|---|
| | Examiner<br>Kristie A. Mahone | Art Unit<br>3751 |

# ISSUE CLASSIFICATION

| ORIGINAL | | INTERNATIONAL CLASSIFICATION | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CLASS | SUBCLASS | | | | CLAIMED | | | NON-CLAIMED | |
| 222 | 79 | A | 63 | H | 3 | /18 | | | / |

| CROSS REFERENCES | | | | G | 01 | F | 11 | /00 | | | / |
|---|---|---|---|---|---|---|---|---|---|---|---|

| CLASS | SUBCLASS (ONE SUBCLASS PER BLOCK) | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 222 | 409 | | | | A | 62 | C | 31 | /02 | | / |
| 239 | 394 | | | | | | | / | | / |
| | | | | | | | | / | | / |
| | | | | | | | | / | | / |
| | | | | | | | | / | | / |

| Kristie A. Mahone   8/6/07<br>(Assistant Examiner)      (Date) | Gregroy L. Huson   8/6/07<br>(Primary Examiner)         (Date) | Total Claims Allowed: 13 | |
|---|---|---|---|
| Nicole Scrivner   8/6/07<br>(Legal Instruments Examiner)     (Date) | | O.G.<br>Print Claim(s)<br>5 | O.G.<br>Print Fig.<br>4 |

| ☒ Claims renumbered in the same order as presented by applicant | | | | | | ☐ CPA | | ☐ T.D. | | ☐ R.1.47 | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Final | Original | Final | Original | Final | Original | Final | Original | Final | Original | Final | Original |
| | | | | | | | | | | | |

U.S. Patent and Trademark Office                                    Part of Paper No.  20070730

| *Index of Claims*  | Application/Control No. 10942326 | Applicant(s)/Patent Under Reexamination ORLOWSKI, BOGUSLAW |
|---|---|---|
| | Examiner Mahone, Kristie A | Art Unit 3751 |

| ✓ | **Rejected** | - | **Cancelled** | N | **Non-Elected** | A | **Appeal** |
|---|---|---|---|---|---|---|---|
| = | **Allowed** | ÷ | **Restricted** | I | **Interference** | O | **Objected** |

☒ Claims renumbered in the same order as presented by applicant      ☐ CPA    ☐ T.D.    ☐ R.1.47

| CLAIM | | DATE | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Final | Original | 07/30/2007 | | | | | | | |
| | 1 | - | | | | | | | |
| | 2 | - | | | | | | | |
| | 3 | - | | | | | | | |
| | 4 | - | | | | | | | |
| | 5 | = | | | | | | | |
| | 6 | = | | | | | | | |
| | 7 | = | | | | | | | |
| | 8 | = | | | | | | | |
| | 9 | = | | | | | | | |
| | 10 | = | | | | | | | |
| | 11 | = | | | | | | | |
| | 12 | = | | | | | | | |
| | 13 | = | | | | | | | |
| | 14 | - | | | | | | | |
| | 15 | = | | | | | | | |
| | 16 | = | | | | | | | |
| | 17 | = | | | | | | | |
| | 18 | = | | | | | | | |

| *Search Notes* | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| | 10942326 | ORLOWSKI, BOGUSLAW |
| | **Examiner** | **Art Unit** |
| | Mahone, Kristie A | 3751 |

### SEARCHED

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 222 | 79,409 | 7/30/2007 | KAM |
| 446 | 153,473 | 7/30/2007 | KAM |
| 482 | 55,111 | 7/30/2007 | KAM |
| 92 | 249 | 7/30/2007 | KAM |

### SEARCH NOTES

| Search Notes | Date | Examiner |
|---|---|---|
| Updated Original Search | 7/30/2007 | KAM |

### INTERFERENCE SEARCH

| Class | Subclass | Date | Examiner |
|---|---|---|---|
| 222 | 79,409 | 7/30/2007 | KAM |
| 446 | 153,473 | 7/30/2007 | KAM |
| 482 | 55,111 | 7/30/2007 | KAM |
| 92 | 249 | 7/30/2007 | KAM |

File Wrapper '642 Patent
Part of Paper No. 20070730
Page 93



87 - 11 - 09

TFW

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

Application No.  : 10/942,326                    Confirmation No. 9683

Applicants      : Boguslaw Orlowski

Filed           : September 16, 2004

TC/A.U.         : 3764

Examiner        : Huson, Gregory L.

Docket No.      : 69281/54

Customer No.    : 1912

| "Express Mail" mailing label  No. | EV 725790167 US |
|---|---|
| Date of Deposit: | July 10, 2007 |
| I hereby certify that this paper or fee is being deposited with the United States Postal Service "Express Mail" service under 37 CFR 1.10 on the date indicated above and is addressed to the Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450. | |
| Name: | Vivian Campbell |
| Signature: | |

## SUPPLEMENTAL AMENDMENT

Mail Stop AMENDMENT
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Sir:

Further to the Amendment filed June 15, 2007, and further in response to the

Office Action mailed March 30, 2007, please amend the above-identified application as

follows:

Entry
Recommended
KAW
7/31/07

**Amendments to the Claims** are reflected in the listing of claims which begins on

page 2 of this paper.

**Remarks** begin on page 5 of this paper.

Enter
DHD
7/31/07

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: **Mail**    Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
or **Fax** (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

1912        7590        08/03/2007

AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 09/16/2004 | Boguslaw Orlowski | 69281/54 | 9683 |

TITLE OF INVENTION: SQUIRTING TOY

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | YES | $700 | $300 | $0 | $1000 | 11/05/2007 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| MAHONE, KRISTIE ANNETTE | 3751 | 222-079000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list

(1) the names of up to 3 registered patent attorneys or agents OR, alternatively,

(2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 AMSTER, ROTHSTEIN &

2 EBENSTEIN

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE

**Prime Time Toys, Ltd.**

(B) RESIDENCE: (CITY and STATE OR COUNTRY)

**Kwun Tong, Hong Kong**

Please check the appropriate assignee category or categories (will not be printed on the patent):   ☐ Individual   ☒ Corporation or other private group entity   ☐ Government

4a. The following fee(s) are submitted:

☒ Issue Fee

☒ Publication Fee (No small entity discount permitted)

☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (Please first reapply any previously paid issue fee shown above)

☐ A check is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☒ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number  01-1785  (enclose an extra copy of this form).

5. Change in Entity Status (from status indicated above)

☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.    ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature  **/Michael P. Kenney/**    Date  **August 14, 2007**

Typed or printed name  **Michael P. Kenney, Esq.**    Registration No.  **42,718**

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

File Wrapper '642 Patent
Page 95

PTOL-85 (Rev. 08/07) Approved for use through 08/31/2007.    OMB 0651-0033    U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

# Electronic Patent Application Fee Transmittal

| | |
|---|---|
| **Application Number:** | 10942326 |
| **Filing Date:** | 16-Sep-2004 |
| **Title of Invention:** | SQUIRTING TOY |
| First Named Inventor/Applicant Name: | Boguslaw Orlowski |
| **Filer:** | Michael Kenney |
| **Attorney Docket Number:** | 69281/54 |
| Filed as Small Entity | |

## Utility      Filing Fees

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Basic Filing:** | | | | |
| **Pages:** | | | | |
| **Claims:** | | | | |
| **Miscellaneous-Filing:** | | | | |
| **Petition:** | | | | |
| **Patent-Appeals-and-Interference:** | | | | |
| Post-Allowance-and-Post-Issuance: | | | | |
| Utility Appl issue fee | 2501 | 1 | 700 | 700 |
| Publ. Fee- early, voluntary, or normal | 1504 | 1 | 300 | 300 |

File Wrapper '642 Patent
Page 96

| Description | Fee Code | Quantity | Amount | Sub-Total in USD($) |
|---|---|---|---|---|
| **Extension-of-Time:** | | | | |
| **Miscellaneous:** | | | | |
| **Total in USD ($)** | | | | **1000** |

# Electronic Acknowledgement Receipt

| | |
|---|---|
| **EFS ID:** | 2080582 |
| **Application Number:** | 10942326 |
| **International Application Number:** | |
| **Confirmation Number:** | 9683 |
| **Title of Invention:** | SQUIRTING TOY |
| **First Named Inventor/Applicant Name:** | Boguslaw  Orlowski |
| **Customer Number:** | 1912 |
| **Filer:** | Michael Kenney |
| **Filer Authorized By:** | |
| **Attorney Docket Number:** | 69281/54 |
| **Receipt Date:** | 14-AUG-2007 |
| **Filing Date:** | 16-SEP-2004 |
| **Time Stamp:** | 15:07:41 |
| **Application Type:** | Utility under 35 USC 111(a) |

## Payment information:

| | |
|---|---|
| Submitted with Payment | yes |
| Payment was successfully received in RAM | $ 1000 |
| RAM confirmation Number | 355 |
| Deposit Account | 011785 |

The Director of the USPTO is hereby authorized to charge indicated fees and credit any overpayment as follows:
    Charge any Additional Fees required under 37 C.F.R. Section 1.16 and 1.17

## File Listing:

| Document Number | Document Description | File Name | File Size(Bytes) /Message Digest | Multi Part /.zip | Pages (if appl.) |
|---|---|---|---|---|---|
| 1 | Issue Fee Payment (PTO-85B) | Issue_Fee_Squirting_Toy.pdf | 160590 <br> d4290b3322ebb58fd42838d8b6ee3ca96bbebdcc | no | 1 |
| Warnings: | | | | | |
| Information: | | | | | |
| 2 | Fee Worksheet (PTO-06) | fee-info.pdf | 8242 <br> 52f7f79fa530f0dc8fb2290deaffdb039c551bf1 | no | 2 |
| Warnings: | | | | | |
| Information: | | | | | |
| | | **Total Files Size (in bytes):** | 168832 | | |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

<u>New Applications Under 35 U.S.C. 111</u>
If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

<u>National Stage of an International Application under 35 U.S.C. 371</u>
If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

<u>New International Application Filed with the USPTO as a Receiving Office</u>
If a new international application is being filed and the international application includes the necessary components for an international filing date (see PCT Article 11 and MPEP 1810), a Notification of the International Application Number and of the International Filing Date (Form PCT/RO/105) will be issued in due course, subject to prescriptions concerning national security, and the date shown on this Acknowledgement Receipt will establish the international filing date of the application.

PTO/SB/08A (04-07)
Approved for use through 09/30/2007. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it contains a valid OMB control number.

Substitute for form 1449/PTO

# INFORMATION DISCLOSURE STATEMENT BY APPLICANT
*(Use as many sheets as necessary)*

Sheet | 1 | of | 1

| Complete if Known | |
|---|---|
| Application Number | 10/942,326 |
| Filing Date | September 16, 2004 |
| First Named Inventor | Boguslaw Orlowski |
| Art Unit | 3751 |
| Examiner Name | Mahone, Kristie Annette |
| Attorney Docket Number | 69281/54 |

## U. S. PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Document Number — Number-Kind Code[2] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages or Relevant Figures Appear |
|---|---|---|---|---|---|
| | | US- 4,615,488 | 10-07-1986 | Sands | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |
| | | US- | | | |

## FOREIGN PATENT DOCUMENTS

| Examiner Initials* | Cite No.[1] | Foreign Patent Document — Country Code[3] Number[4] Kind Code[5] (if known) | Publication Date MM-DD-YYYY | Name of Patentee or Applicant of Cited Document | Pages, Columns, Lines, Where Relevant Passages Or Relevant Figures Appear | T[6] |
|---|---|---|---|---|---|---|
| | | Int'l Search Report | 05-08-2007 | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

| Examiner Signature | | Date Considered | |
|---|---|---|---|

*EXAMINER: Initial if reference considered, whether or not citation is in conformance with MPEP 609. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant. [1] Applicant's unique citation designation number (optional). [2] See Kinds Codes of USPTO Patent Documents at www.uspto.gov or MPEP 901.04. [3] Enter Office that issued the document, by the two-letter code (WIPO Standard ST.3). [4] For Japanese patent documents, the indication of the year of the reign of the Emperor must precede the serial number of the patent document. [5] Kind of document by the appropriate symbols as indicated on the document under WIPO Standard ST.16 if possible. [6] Applicant is to place a check mark here If English language Translation is attached.

This collection of information is required by 37 CFR 1.97 and 1.98. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 2 hours to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.
*If you need assistance in completing the form, call 1-800-PTO-9199 (1-800-786-9199) and select option 2.*

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | ISSUE DATE | PATENT NO. | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 10/942,326 | 10/16/2007 | 7281642 | 69281/54 | 9683 |

1912        7590        09/26/2007
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 PARK AVENUE
NEW YORK, NY 10016

# ISSUE NOTIFICATION

The projected patent number and issue date are specified above.

### Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment is 219 day(s). Any patent to issue from the above-identified application will include an indication of the adjustment on the front page.

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at (571)-272-4200.

APPLICANT(s) (Please see PAIR WEB site http://pair.uspto.gov for additional applicants):

Boguslaw Orlowski, Oceanside, CA;

IR103 (Rev. 11/05)

AO 120 (Rev. 3/04)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court _____Southern District of New York_____ on the following ☒ Patents or ☐ Trademarks:

| DOCKET NO.<br>08cv2335 | DATE FILED<br>03/06/2008 | U.S. DISTRICT COURT<br>S.D.N.Y. |
|---|---|---|
| PLAINTIFF<br>Prime Time Toys Ltd. | | DEFENDANT<br>Manley Toy Direct LLC, et al |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 7281642 | 10/16/2007 | Prime Time Toys Ltd. |
| 2 | 2176591 | 07/28/1998 | "          " |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | | |
|---|---|---|---|
| PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>J. Michael McMahon | (BY) DEPUTY CLERK<br>JEH | DATE<br>3/06/2008 |
|---|---|---|

Copy 1—Upon initiation of action, mail this copy to Director    Copy 3—Upon termination of action, mail this copy to Director
Copy 2—Upon filing document adding patent(s), mail this copy to Director    Copy 4—Case file copy

EXHIBIT D

Neil M. Zipkin (NZ 4718)
Chester Rothstein (CR 1417)
David A. Boag (DB 9899)
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, New York  10016
(212) 336-8000

Attorneys for Plaintiff
Prime Time Toys, Ltd.

<div align="center">

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

</div>

– – – – – – – – – – – – – – – – – – – –x

PRIME TIME TOYS, LTD,                   :
                                        :
                  Plaintiff             :
                                        :
          v.                            :        08-CV-02909-NRB
                                        :        ECF Case
JAKKS PACIFIC, INC.,                    :
                                        :
                  Defendant.            :
                                        :
                                        :
– – – – – – – – – – – – – – – – – – – –x

<div align="center">

**REPLY TO COUNTERCLAIM**

</div>

Prime Time Toys, Ltd. (hereinafter referred to as "PTT") answers the
Counterclaim of Defendant Jakks Pacific, Inc. ("Jakks Pacific") as follows:

<div align="center">

**JURISDICTION AND VENUE**

</div>

1.      PTT admits the allegations of Paragraph 1 of the Counterclaim.

2.      PTT admits the allegations of Paragraph 2 of the Counterclaim.

3.      PTT admits the allegations of Paragraph 3 of the Counterclaim.

4.      PTT admits the allegations of Paragraph 4 of the Counterclaim.

404241.1

## BACKGROUND

5.     PTT admits the allegations of Paragraph 5 of the Counterclaim.

6.     PTT admits that in a February 27, 2008 letter, Jakks Pacific made several arguments that it did not infringe any of the independent claims of the '642 Patent, but denies the remaining allegations of Paragraph 6 of the Counterclaim.

7.     PTT admits that on or about March 25, 2008 counsel for PTT sent a letter to Jakks Pacific announcing that it had filed a suit for patent infringement, but denies the remaining allegations of Paragraph 7 of the Counterclaim.

8.     PTT admits that on or about April 8, 2008, counsel for PTT received a letter from Jakks Pacific in which it made several arguments that it did not infringe any of the independent claims of the '642 Patent, but denies the remaining allegations of Paragraph 8 of the Counterclaim.

9.     PTT admits that it did not provide a written response to the April 8, 2008 letter, but denies the remaining allegations of Paragraph 9 of the Counterclaim.

10.     PTT denies the allegations of Paragraph 10 of the Counterclaim.

## COUNT I

11.     PTT repeats its responses to Paragraphs 1 through 10 as if fully set forth herein.

12.     PTT admits that the '642 Patent has three independent claims, but denies the remaining allegations of Paragraph 12 of the Counterclaim.

13.     PTT admits that independent Claim 1 of the '642 Patent requires, in part, that the toy be "encased in the soft material along its entire length when in the contracted configuration," but denies the remaining allegations of Paragraph 13 of the Counterclaim.

14.     PTT denies the allegations of Paragraph 14 of the Counterclaim.

15.     PTT denies the allegations of Paragraph 15 of the Counterclaim.

16.     PTT admits that independent Claim 5 requires, in part,  "an outer shell

covering the entire tubular housing from the first end to the second end to provide the toy with a cylinder shape, said tubular housing having a uniform cross-section along its entire length when said chamber is fully contracted," but denies the remaining allegations of Paragraph 16 of the Counterclaim.

17.    PTT denies the allegations of Paragraph 17 of the Counterclaim.

18.    PTT denies the allegations of Paragraph 18 of the Counterclaim.

19.    PTT denies the allegations of Paragraph 19 of the Counterclaim.

20.    PTT admits that in the remarks accompanying a June 15, 2007 Amendment, Applicant stated that: "although the Henderson Patent teaches the use of a foam rubber handle 28 on a toy that uses a whipping action to fling water, the handle is only disposed at one end of the toy, and not over substantially the entire length of the toy, as in the claimed invention."  PTT denies the remaining allegations of Paragraph 20 of the Counterclaim.

21.    PTT admits that in the June 15, 2007 Amendment, it amended application Claims 9 and 18 to require a "tubular housing having uniform cross-sections" along substantially the entire length when the chamber is fully contracted.  PTT denies the remainder of the allegations in Paragraph 21 of the Counterclaim.

22.    PTT denies the allegations of Paragraph 22 of the Counterclaim.

23.    PTT denies the allegations of Paragraph 23 of the Counterclaim.

24.    PTT admits that Claim 13 requires, in part, an "outer shell covering the tubular housing from adjacent the first end to adjacent the second end . . ."  PTT denies the remainder of Paragraph 24 of the Counterclaim.

25.    PTT admits that the specification of the '642 Patent discloses, in part, that "[t]ubular shell 138, preferably made of closed-cell polyethylene foam, surrounds tubular housing 106, to provide both a soft protective surface and buoyancy"; however, such disclosure is merely a preferred embodiment and does not limit the scope of the claims.  PTT denies the remainder of Paragraph 25 of the Counterclaim.

26.     PTT denies the allegations of Paragraph 26 of the Counterclaim.

27.     PTT denies the allegations of Paragraph 27 of the Counterclaim.

28.     PTT denies the allegations of Paragraph 28 of the Counterclaim.

29.     PTT denies the allegations of Paragraph 29 of the Counterclaim.

30.     PTT denies the allegations of Paragraph 30 of the Counterclaim.

31.     PTT denies the allegations of Paragraph 31 of the Counterclaim.

## COUNT TWO

32.     PTT repeats its responses to Paragraphs 1 to 31 of the Counterclaim as if set forth fully herein.

33.     PTT denies the allegations of Paragraph 33 of the Counterclaim.

34.     PTT denies the allegations of Paragraph 34 of the Counterclaim.

## AFFIRMATIVE DEFENSES

For its further and separate defenses to the Counterclaim, PTT alleges as follows:

1.      Jakks Pacific's Counterclaims fail to state a claim upon which any relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, PTT respectfully demands judgment on Jakks Pacific's Counterclaim that:

A.      The Court dismisses the Counterclaim of Jakks Pacific with prejudice;

B.      The Court enters judgment in favor of PTT;

C.      The Court finds this is an exceptional case and awards PTT its reasonable costs and attorneys' fees pursuant to 35 U.S.C. § 285; and,

D.      The Court grants to PTT such other and further relief as this Court deems just and proper.

Respectfully submitted,

AMSTER, ROTHSTEIN & EBENSTEIN, LLP
90 Park Avenue
New York, New York  10016
Telephone No.: (212) 336-8000

Attorneys for Prime Time Toys, Ltd.

Dated:   July 11, 2008                    By: _____/s/_____
                                              Neil M. Zipkin (NZ 4718)
                                              Chester Rothstein (CR 1417)
                                              David A. Boag (DB 9899)

404241.1                                    5

EXHIBIT E

US005928053A

# United States Patent [19]

## Henderson

[11] **Patent Number:** **5,928,053**

[45] **Date of Patent:** **\*Jul. 27, 1999**

[54] **AMUSEMENT DEVICE AND METHOD FOR PROPELLING WATER FROM A BODY OF WATER**

[76] Inventor: **Darryl G. Henderson**, 105 Runnymede Ave., Apt. B5, Wayne, Pa. 19087

[ \* ] Notice: This patent issued on a continued prosecution application filed under 37 CFR 1.53(d), and is subject to the twenty year patent term provisions of 35 U.S.C. 154(a)(2).

[21] Appl. No.: **08/632,617**

[22] Filed: **Apr. 19, 1996**

[51] Int. Cl.$^6$ .................................................. **A63H 23/00**

[52] U.S. Cl. ......................... **446/153**; 446/176; 446/475; 417/572

[58] Field of Search .................................. 446/153, 176, 446/475; 415/120; 417/572

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2,954,736 | 10/1960 | Garland | 417/572 |
| 3,091,453 | 5/1963 | Bennett | 446/153 |
| 4,067,500 | 1/1978 | Stevenson | 417/572 |
| 4,116,108 | 9/1978 | Hyman . | |
| 4,235,378 | 11/1980 | Melin et al. | 446/153 |
| 4,925,181 | 5/1990 | Anderson | 272/1 B |
| 5,009,413 | 4/1991 | Allen | 472/128 |
| 5,288,256 | 2/1994 | Lee | 446/48 |
| 5,433,646 | 7/1995 | Targ | 446/473 |

### FOREIGN PATENT DOCUMENTS

3917167   11/1990   Germany ................................ 446/475

### OTHER PUBLICATIONS

"Super Doodle", brochure, Feb. 1996.

*Primary Examiner*—Kien T. Nguyen
*Assistant Examiner*—Jeffrey D. Carlson
*Attorney, Agent, or Firm*—LaMorte & Associates P.C.

[57] **ABSTRACT**

An amusement device for propelling water either from a self contained reservoir or from a standing body of water. The amusement device is a type of toy whip that uses a whipping action to propel water toward a target. The amusement device contains a tubular handle and at least one flexible tubular element that extends from one end of the tubular handle, thereby forming an overall tubular structure having a rigid section and a flexible section. By partially submerging the tubular handle in a body of water and manipulating the overall tubular structure with a whipping action, water is drawn up into the tubular structure. The flexible tubular element extending from the handle tapers toward a small exit aperture. As the whipping motion of the overall tubular structure forces water toward the exit aperture, the water becomes compressed by the taper of the flexible tubular element. As a result, the water is propelled from the exit aperture at a high rate of speed. As long as the handle of the amusement device remains partially submerged, water will continuously be drawn into the device as needed.

**12 Claims, 4 Drawing Sheets**





Fig. 1



Case 1:08-cv-02909-NRB    Document 12-10    Filed 08/20/2008    Page 5 of 10



Fig. 4



Fig. 5

5,928,053

<div style="columns:2">

1

# AMUSEMENT DEVICE AND METHOD FOR PROPELLING WATER FROM A BODY OF WATER

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The present invention is an amusement device and method for manually propelling a volume of water toward a desired target from a standing body of water, such as a pool. More specifically, the present invention relates to devices that retain a volume of water and propel that water as a result of the amusement device being manually manipulated by a user.

### 2. Description of the Prior Art

There are many amusement devices in existence that enable a person to propel a volume of water toward a target using manual energy. Many such devices take the form of water guns, wherein a relatively small volume of water is propelled toward a target in a short period of time. A characteristic of many traditional water guns is that the range of the water gun is relatively short. Since the stream of water propelled by a water gun has a small volume, the stream of water is also heavily influenced by wind resistance and cross winds that prevent the propelled water from reaching the intended target across longer distances. Accordingly, the cohesive stream of water originally emitted by a water gun breaks apart while being propelled toward a distant target. As a result, at the outer range of a traditional water gun, a target may only receive a few drops of water.

There are many physical limitations that require traditional water guns to propel a narrow stream of water instead of rapidly emptying their reservoirs all at once. One such limitation is the fact that the reservoir carried by a traditional water gun is fairly small. By limiting the output volume of the water gun, the effective life of the water reservoir is extended. However, often in water amusement games, the objective of the game is not to reserve your water supply. Rather, in many games, the objective is to get your opponent as wet as possible in as short a period of time as possible. A second limitation is that many traditional water guns use the energy from a finger or hand manipulated pump to propel water toward a target. Often the energy available from such a manually manipulated pump is only sufficient enough to propel a small volume of water toward a target. As such, the physical limitations of the water propelling mechanisms in traditional water guns do not enable the water gun to discharge its reservoir in a rapid fashion.

In an attempt to increase the volume of water an amusement device can deliver in a short period of time, amusement devices have been developed that use water filled projectiles. Such prior art devices are exemplified by U.S. Pat. No. 5,433,646 to Tarng, entitled WATER GUN LAUNCHING WATER GRENADE and U.S. Pat. No. 5,288,256 to Lee et al., entitled THROWN WATER PROPELLING AND DISPENSING TOY. Such prior art amusement devices are capable of delivering a fairly large volume of water to a distant target. However, by using a projectile filled with water, a projectile with a significant bulk mass is also being delivered at the target. Consequently, if the target were a person, the possibility of injury exists if the person is struck by the projectile.

U.S. Pat. No. 4,925,181 to Anderson, entitled SWIMMING POOL WATER CANNON, shows yet another approach used in the art for delivering a large volume of water at a target. In the Anderson patent, a hollow frustrum-shaped amusement device is provided having handles on its

2

sides. A person sitting or standing in a body of water can rapidly pull the larger end of the frustrum-shaped amusement device into the body of water. As a result, water within the frustrum-shaped amusement device rushes toward the small end of the amusement device and is propelled into the air.

The problems associated with the amusement device described in the Anderson patent include the fact that the operator of the amusement device must position himself/herself in a body of water of a significant depth. This alone prevents the Anderson device from being used in a game where the object of the game is to keep dry. Additionally, the Anderson device requires a significant amount of manipulation and time between firing cycles. As such, opponents can easily advance during the period between firing cycles when the Anderson device is incapable of propelling water.

It is therefore an objective of the present invention to provide an amusement device that is capable of delivering a large volume of water at a distant target without the use of a projectile.

It is another objective of the present invention to provide an amusement device that can automatically supply itself with water from a body of water, when used near the surface of the body of water.

It is yet another objective of the present invention to provide an amusement device as stated above that is low cost, easy to manufacture and has a rapid firing cycle.

These objectives are met by the present invention as described and claimed below.

## SUMMARY OF THE INVENTION

The present invention is an amusement device for propelling water from a self contained reservoir or from a standing body of water. The amusement device is a type of toy whip that uses a whipping action to propel water toward a target. The amusement device contains a tubular handle and at least one flexible tubular element that extends from one end of the tubular handle, thereby forming an overall tubular structure having a rigid section and a flexible section. By partially submerging the tubular handle in a body of water and manipulating the overall tubular structure with a whipping action, water is drawn up into the tubular structure. The flexible tubular element extending from the handle tapers toward a small exit aperture. As the whipping motion of the overall tubular structure forces water toward the exit aperture, the water becomes compressed by the taper of the flexible tubular element. As a result, the water is propelled from the exit aperture at a high rate of speed. As long as the handle of the amusement device remains partially submerged water will continuously be drawn into the device as needed, while the whipping action is occurring.

In a preferred embodiment, a one-way valve is disposed within the tubular handle. The one-way valve permits the flow of water into the tubular handle from the bottom of the tubular handle and prohibits water from flowing out of the bottom of the tubular handle. As a result, water can be drawn into the tubular handle from a body of water and then the tubular handle can be removed from the body of water. The tubular handle retains the water until the overall tubular structure is manipulated through a whipping action and the stored water is discharged.

## BRIEF DESCRIPTION OF THE DRAWINGS

For a better understanding of the present invention, reference is made to the following description of two exem-

</div>

5,928,053

3

plary embodiments thereof, considered in conjunction with the accompanying drawings, in which:

FIG. **1** is a selectively fragmented perspective view of one preferred embodiment of the present invention amusement device;

FIG. **2** is a front view of the embodiment of FIG. **1** shown in conjunction with a body of water to illustrate one method of use for the present invention amusement device;

FIG. **3** is a cross-sectional view of the embodiment of FIG. **2** shown during use;

FIG. **4** is a cross-sectional view of the handle section of the embodiment of FIG. **1**, shown retaining a volume of water to illustrate a second method of use for the present invention amusement device; and

FIG. **5** is a cross-sectional view of an alternate embodiment of the present invention amusement device.

DETAILED DESCRIPTION OF THE DRAWINGS

Referring to FIG. **1**, there is shown an exemplary embodiment of an amusement device **10** made in accordance with the present invention. In the shown embodiment, the amusement device **10** is a tubular structure having an open bottom end **12** and an open top end **14**. The aperture **16** defined by the bottom end **12** has a diameter **D1** which is larger than the diameter **D2** of the aperture **18** defined by the open top end **14**.

The amusement device **10** has a handle region **20** that extends from the open bottom end **12** and a whip region **22** that extends from the handle region **20** to the open top end **14**. The handle region **20** defines an open interior **24** having a volume of up to one liter. The interior **24** of the handle region **20** preferably has a circular cross-section and is formed by a piece of base tubing **26** that is rigid enough to resist being deformed when the handle region **20** is firmly grasped and manipulated by a person's hand. In the shown embodiment, the base tubing **26** within the handle region **20** is surrounded by a tubular piece of foam rubber **28** or similar material such as cork, styrofoam or the like, that makes the handle region **20** easy to grasp when wet. The thickness of the foam rubber **28** is also selected to provide buoyancy to the overall amusement device **10**, wherein the handle region **20** of the amusement device **10** would float to the surface of the water should the amusement device **10** ever be dropped into the water. In the shown embodiment, the foam rubber **28** expands into a flange **30** proximate the open bottom end **12** of the amusement device **10**. The flange **30** helps prevent the handle region **20** from slipping out of a user's hand when the amusement deice **10** is in use, as will later be explained.

A one-way valve **34** is located within the interior **24** of the handle region **20** proximate the open bottom end **12**. The one-way valve **34** is oriented in such a manner so that the one-way valve **34** permits the flow of water through the handle region **20** from the open bottom end **12** toward the open top end **14**, but prevents water from flowing in the opposite direction. In the shown embodiment, the one-way valve **34** is a flap valve. However, it should be understood that any other type of one-way valve known in the art can also be used.

The whip region **22** of the amusement device **10** is made from flexible material that enables the whip region **22** to readily bend when the handle region **20** is shaken. In the shown embodiment, the whip region **22** tapers from the point where the whip region **22** engages the handle region **20** down to the open top end **14**. The whip region **22** defines an interior **40** that also tapers. At the point where the whip

4

region **22** engages the handle region **20**, the interior **40** of the whip region **22** has a diameter close to that of the bottom aperture **16**. The diameter of the whip region **22** then evenly tapers along its length until the interior **40** achieves the diameter **D2** of the aperture **18** in the open top end **14**. Preferably, the large end of the whip region **22** is affixed to the exterior of the base tubing **26** contained within the handle region **20**. By using such an attachment structure, a smooth, unrestricted transition occurs between the interior **24** of the handle region **20** and the interior **40** of the whip region **22**.

As will later be explained, the present invention amusement device **10** can be used either by a person in a body of water or by a person with access to a body of water. In both situations, the method for propelling the water toward a target remains the same. However, as will be described, the method of supplying water to the amusement device **10** differs.

Referring to FIG. **2**, a first method of use for the amusement device **10** is shown, where the user is positioned in a body of water such as a pool, a lake or in the ocean. To use the amusement device **10**, the handle region **20** is grasped and the amusement device **10** is held so that the open bottom end **12** of the handle region **20** is submerged. The person holding the handle region **20** then begins to move his/her wrist with a whipping action, thereby causing the opposite open top end **14** to rapidly move back and forth in the directions of arrow **42** and arrow **44**.

Referring to FIG. **3**, it can be seen that as the handle region **20** is rapidly moved back and forth, the whip region **22** of the amusement device **10** bends and moves widely between an advanced position (shown) and a retracted position (shown with hidden lines). As the whip region **22** is whipped to the advanced position, the air passing the rapidly moving open top end **14** creates a low pressure within the whip region **22** in accordance with the Venturi principal. The low pressure draws water up into the whip region **22**, wherein centripetal force and momentum assist the water in moving toward the narrow aperture **18** at the open top end **14**. Since the whip region **22** tapers toward the aperture **18** at the open top end **14**, the water become increasingly confined within the whip region **22** as the water approaches the aperture **18** at the open top end **14**. Water is therefore propelled from the aperture **18** at the open top end **14** each time the whip region **22** reaches the advanced position. Depending upon how rapidly the handle region **20** is manipulated by a user, the whip region **22** can reach the advanced position a few times each second. Also, by moving the whip region **22** toward the advanced position more rapidly than moving the whip region **22** into the retracted position, a person can make the amusement device **10** propel water only during the forward stroke, i.e. when the whip region **22** is moved to the advanced position.

As the water is propelled from whip region **22**, water is simultaneously drawn into the amusement device **10** through the open bottom end **12**. The one-way valve **34** permits the flow of water up into the amusement device **10**. As a result, the amusement device **10** automatically draws the water it needs from the body of water in which it is partially submerged. As long as the amusement device **10** is rapidly cycled between the advanced position and the retracted position, water will continue to be propelled.

The present invention amusement device **10** can also be used at a location remote from a source of water. Referring to FIG. **4**, it can be seen that once the amusement device **10** is filled with water, the weight of the water closes the

5,928,053

| 5 | 6 |

one-way valve **34**, thereby trapping the water within the confines of the amusement device **10**. The amusement device **10** can therefore be carried by a person far away from the source of water used to fill the amusement device **10**. Once a target has been located, the amusement device **10** can be rapidly moved to an advanced position with a whip action, as has previously been described. The rapid movement of the amusement device **10** causes the water stored in the amusement device **10** to move toward the aperture **18** (FIG. 1) at the open top end **14** (FIG. 1) of the amusement device **10**. The upward movement of the water within the amusement device **10** lowers the pressure within the amusement device **10**, thereby causing the one-way valve **34** to open. As the one-way valve **34** opens, air is vented into the interior of the amusement device **10** below the upwardly surging water. As a result, the water is free to flow from the aperture **18** at the open top end **14** without concern of a partial vacuum forming within the confines of the amusement device **10**.

Each time the amusement device **10** is rapidly manipulated to an advanced position, some of the water held within the amusement device **10** is discharged from the aperture **18** (FIG. 1) at the top end **14** (FIG. 1) of the amusement device **10**. Depending upon the size of the aperture **18**, between two and ten firing cycles can be had with the amusement device **10** before the water supply stored within the amusement deice **10** is depleted.

To refill the amusement device **10**, water is either poured through the aperture **18** (FIG. 1) at the open top end **14** (FIG. 1) of the amusement device **10** or the handle region **20** of the amusement device **10** is submerged in a body of water. When the handle region **20** of the amusement device **10** is submerged, the one-way valve **34** opens and water is free to flow into the amusement device **10**. Once the handle region **20** is lifted out of the water, the weight of the water within the amusement device **10** causes the one-way valve **34** to close, thereby storing a volume of water within the amusement device **10**.

Referring to FIG. 5, an alternate embodiment of an amusement device **50** is shown in accordance with the present invention. The amusement device **50** has a handle region **52** and a whip region **54**. However, the whip region **54** is comprised of two tubular elements **56**, **58** that are telescopically connected to each other and to the handle region **52**. As such, the first tubular element **56** can be retracted into the second tubular element **58** and both tubular elements **56**, **58** can be retracted into the handle region **52**.

The handle region **52** is sized to receive the second tubular element **58** therein. An O-ring **57** is disposed on the interior of the handle region **52** to create a water impermeable seal between the handle region **52** and the second tubular element **58**. The interior of the second tubular element **58** is tapered proximate the end **60** of the second tubular element **58** that enters the handle region **52**. The taper provides a smooth transition between the interior of the handle region **52** and the interior of the second tubular element **58**, thereby not significantly obstructing the flow of water between the handle region **52** and the second tubular element **58**.

The second tubular element **58** is sized to receive the first tubular element **56**. An O-ring **59** is disposed on the interior of the second tubular element **58** to create a water impermeable seal between the second tubular element **58** and the first tubular element **56**. The interior of the first tubular element **56** is tapered proximate the end **62** of the first tubular element **56** that enters the second tubular element **58**. The taper provides a smooth transition between the interior

of the second tubular element **58** and the interior of the first tubular element **56**, thereby not significantly obstructing the flow of water between the second tubular element **58** and the first tubular element **56**.

The telescopic construction of the amusement device **50** enables the whip region **54** to be retracted into the handle region **52** when the amusement device **50** is not being used. The whip region **54** of the amusement device **50** can be extended to its full operating length by snapping the handle region **52** forward with a whipping action. By such a manipulation, centripetal force and momentum would cause the first tubular element **56** and the second tubular element **58** to move to their fully extended positions and the amusement device **50** is ready for use.

In the embodiment of FIG. 5, no one-way valve is present within the handle region **52**. As has been previously explained, when the amusement device **50** is held partially submerged in a body of water, the movement of the amusement device **50** automatically will cause water to be drawn into the handle region **52**. As such, a one-way valve is not needed in the application of the present invention amusement device **50** now being illustrated. Rather, a one-way valve is only required when water is to be retained within the amusement device as the amusement device is carried to a point remote from a source of water.

It will be understood that the embodiments of the present invention amusement device specifically illustrated and described are merely exemplary and the present invention can be practiced using many alternate embodiments. It will also be understood that a person skilled in the art can modify the exemplary embodiments by substituting alternate components for those specifically described. All such alternate embodiments and modifications are intended to be included within the scope of the present invention as set forth in the appended claims.

What is claimed is:

1. An amusement device for propelling water, comprising:
   a tubular handle having a first open end and an opposite second open end, wherein said tubular handle defines a first interior space that extends between said first open end and said second open end;
   at least one flexible tubular element having an open proximal end of a first diameter and an open distal end of a smaller second diameter, said at least one flexible tubular element defining a tapered second interior space that continuously tapers downwardly from said proximal end to said distal end, wherein said proximal end of said at least one flexible tubular element is coupled to said second open end of said tubular handle and said first interior space directly communicates with said second interior space to define a continuous open interior space between said first open end and said distal end of said at least one flexible tubular element; and
   a one-way valve disposed within said rigid tubular handle, wherein said one-way valve only permits a flow of water through said first interior space from said first open end toward said second open end.

2. The device according to claim **1**, wherein said first open end of said tubular handle defines an opening of a first size and said second open end of said tubular handle defines an opening of a second size that is smaller than said first size, wherein said first interior spaces tapers downwardly from said first open end to said second open end.

3. The device according to claim **1**, wherein said tubular handle is rigid.

5,928,053

7

**4**. The device according to claim **1**, wherein said at least one tubular element is telescopically coupled to said tubular handle, thereby enabling said at least one tubular element to be retracted into said tubular handle.

**5**. The device according to claim **1**, wherein said at least one tubular element is a single tubular element that extends from said proximal end to said distal end.

**6**. The device according to claim **4**, wherein said at least one tubular element includes a plurality of tubular elements that are telescopically coupled together.

**7**. A toy whip device for throwing water, comprising:

a handle having a first end, a second end and a water reservoir disposed between said first end and said second end;

a one-way valve disposed within said handle, wherein said one-way valve only permits a flow of water through said water reservoir from said first end toward said second end; and

a flexible length of tapered tubing that tapers continuously in a uniform manner from a wide end to an opposite narrow end, said flexible length of tapered tubing being coupled to said handle, wherein said wide end of said flexible length of tapered tubing communicates with said water reservoir, and water from said water reservoir travels through said flexible length of tapered tubing to said opposite narrow end when said toy whip device is manipulated with a whipping action.

8

**8**. The device according to claim **7**, further including an aperture in said water reservoir, wherein said aperture enables air to flow into said water reservoir when said device is manipulated with a whipping action and water is moved from said water reservoir into said flexible length of tapered tubing.

**9**. The device according to claim **7**, wherein said handle is buoyant and is capable of causing all of said device to float in water.

**10**. The device according to claim **7**, wherein said tubing is telescopically coupled to said handle, thereby enabling said tubing to be positioned between a retracted position where said tubing is at least partially retracted into said handle and an extended position where said tubing fully extends from said handle.

**11**. The device according to claim **10** wherein said tubing is free moving with respect to said handle and moves from said retracted position to said extended position when said device is manipulated with a whipping action.

**12**. The device according to claim **11**, wherein said tubing includes a plurality of telescoping sections that extend into a fully extended condition when said device is manipulated with a whipping action.

\* \* \* \* \*

EXHIBIT F

# United States Patent [19]

## Sands

[11] **Patent Number:** **4,597,527**

[45] **Date of Patent:** **Jul. 1, 1986**

[54] **TOY WATER GUN WITH A MULTIPLICITY OF OPERATION MODES**

[76] Inventor: **Ned R. Sands,** 2230 Holly Ave., Escondido, Calif. 92027

[21] Appl. No.: **553,037**

[22] Filed: **Nov. 18, 1983**

[51] Int. Cl.⁴ ........................... **B67D 5/42; B67D 5/52**

[52] U.S. Cl. ..................................... **239/394;** 239/444; 222/79; 222/137; 222/144.5; 222/330; 222/387; 222/520; 272/27 N

[58] Field of Search .............. 222/79, 330, 485, 144.5, 222/137, 566, 145, 567, 386, 575, 519, 520, 548, 549, 553, 387; 446/475; 272/8 R, 8 N, 27 R, 27 N; 124/65, 71, 73, 81, 83, 85; 239/444, 446, 447, 394, 391, 392

[56] **References Cited**

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 159,040 | 6/1950 | Bicos | 222/79 X |
| 933,961 | 9/1909 | Moulin | 222/79 |
| 956,760 | 5/1910 | Moulin | 222/79 |
| 1,031,526 | 7/1912 | Cloud, Jr. | 222/79 |
| 1,394,456 | 10/1921 | Wanat | 222/79 |
| 1,838,438 | 12/1931 | Nichols | 239/446 |
| 2,148,726 | 2/1939 | Brandt | 239/447 |
| 2,218,411 | 10/1940 | Albach et al. | 239/444 X |
| 2,530,808 | 11/1950 | Cerasi | 239/444 X |
| 2,546,120 | 3/1951 | Boroughs | 239/444 X |
| 3,058,670 | 10/1962 | Marotto et al. | 239/390 X |
| 3,117,696 | 1/1964 | Herman et al. | 222/137 |
| 3,191,809 | 6/1965 | Schultz et al. | 222/567 X |
| 3,311,265 | 3/1967 | Creighton, Jr. et al. | 222/137 |

### FOREIGN PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 424096 | 5/1967 | Switzerland | 222/549 |
| 1914 | 9/1919 | United Kingdom | 239/394 |

*Primary Examiner*—Joseph J. Rolla
*Assistant Examiner*—Kevin P. Shaver
*Attorney, Agent, or Firm*—Laurence R. Brown

[57] **ABSTRACT**

A toy water shooting gun for shooting water in a plurality of directions with respect to the axis of the gun. The toy water gun is operable by a plunger/piston rod movable within a water storage cylinder. A cap having a plurality of apertures is located at the discharge end of the water gun and is rotatable to operate a valve to selectively align the apertures with the water cylinder for discharge therethrough. The apertures when in communication with the water cylinder discharge water in different directions, i.e., forward, rearward and sideways.

**5 Claims, 13 Drawing Figures**



**U.S. Patent**    Jul. 1, 1986    Sheet 1 of 2    **4,597,527**



FIG. 1.

FIG. 2.

FIG. 3.

FIG. 4.

FIG. 5.



FIG. 11.

FIG. 12.



FIG. 6.

FIG. 6A.



FIG. 7.



FIG. 8.

FIG. 9.

FIG. 10.

4,597,527

1

## TOY WATER GUN WITH A MULTIPLICITY OF OPERATION MODES

### TECHNICAL FIELD

This invention relates to toy water guns and more particularly it relates to guns having a piston movable in a chamber for forcing a charge out of a nozzle aperture which feature operation in a plurality of modes.

### BACKGROUND ART

Fluid discharging guns having movable piston rods and a fluid containing chamber have long been known as evidenced by U.S. Pat. No. 1,031,526—N. H. Cloud, Jr. —July 2, 1912. Also the operation of such guns in multiple modes is known as evidenced by U.S. Pat. No. 1,394,456—J. Wanat—Oct. 18, 1921, which discloses a combination pop gun, water gun and whistle attained by changeable outlet port structure.

However, it is an objective of this invention to produce a versatile toy water gun having various modes of operation as a water gun, which structure and versatility the prior art does not teach.

### DISCLOSURE OF THE INVENTION

A water gun operable by a plunger piston rod movable in a water storage cylinder in accordance with this invention has a plurality of discharge apertures and manually operable valve means for selecting different operating modes related to operation of different discharge apertures. The water gun has even more flexibility in that a set of different replaceable nozzle orifice caps provide a larger range of selectable operation modes.

For example, nozzle apertures can be selected to shoot a stream of water selectively straight ahead, to one side or backward toward the plunger operator. Thus, the toy provides a range of games and tricks which may be played by selection of different nozzle caps and different valve settings.

Multiple barrelled guns may be used for greater storage capacity and a greater range of selectable operating modes. Simple and effective valve means is provided by simple rotation of a nozzle cap or plunger handle.

Other objects, features and advantage of the invention will be found throughout the following description, the drawings and the claims.

### BRIEF DESCRIPTION OF THE DRAWINGS

In the drawing:

FIG. 1 is a side view sketch of a piston-rod-plunger assembly that operates inside the barrel-nozzle assembly as shown in the side view sketch, partly shown in section of FIG. 2;

FIG. 2 shows a three directional water gun barrel assembly in cross-section;

FIG. 3 shows an end view, partly in section of the barrel and a part of the valve looking from the right into the barrel along lines 3—3 of FIG. 2;

FIG. 4 is a fragmented side view, partly in section of the valve-barrel assembly of FIG. 3 having only a single replaceable nozzle cap embodiment thereon;

FIG. 5 is an end view of the cap looking from the right in FIG. 4;

FIG. 6 is a side view of an assembled further embodiment of the invention, with FIG. 6A being an end view of the nozzle cap looking into the right of FIG. 6, and

2

FIG. 7 a side view of the plunger-piston-rod assembly of the FIG. 6 embodiment;

FIG. 8 is a side view sketch of another embodiment of the invention with two parallel barrels, and FIG. 9 is a sketch looking into the right of FIG. 8 at the end cap;

FIG. 10 is a side view sketch, partly in section of an end cap adaptor assembly for the FIG. 8 embodiment;

FIG. 11 is a cross-section view of a two directional water gun barrel assembly for front and side shots; and

FIG. 12 is a cross-section view of a two directional barrel assembly embodiment for front and rear shots.

### THE PREFERRED EMBODIMENTS

As seen from FIGS. 1 and 2, a plunger comprises rod 15, such as a hollow aluminum tube, with hand grasp ball 16 affixed thereto on one end and a piston 17 at the other end. This plunger has rod 15 journalled in the screw in plastic fitting 18 carried by hollow tube 19, typically a hollow aluminum tube upon which joint 20 is glued, and which serves to define a cylinder chamber 21 for receiving and discharging water as sucked in or pumped out by the piston 17.

Similarly a joint 22 is glued at the orifice end of the chamber 19 having screw threads 23 for receiving a plurality of different types of nozzles 24, 25, etc. as will be made more clear hereinafter. Valve structure having internal plugs 26, 27 direct the flow of water from chamber 21 through one or more selected apertures from a plurality of apertures available such as forward shooting aperture 28 in nozzle 25 or rearwardly shooting aperture 29 in cap 24. Structure 26, 27 may be of any suitable material such as plastic, metal, rubber, etc. and are cross sectioned to distinguish the structure in this line sketch presentation. Note that valve structure plug 27 is integral with and rotatable with cap 25 on threads 30.

In operation, as shown in FIGS. 2 to 5, the valve plug structure 26, 27 serves to pass water from chamber 21 through channel 31 in the plug 26 in the discharge of joint 22. The mating rotary valve plug 27 integral with cap 25 serves to match an outlet path to two or more apertures such as 28 or 29 to discharge orifices selectable by turning cap 25. Thus the aperture 28 when not aligned with channel 31 will permit release of water to flow out backwardly facing apertures 29 toward handle 16 and the operator of the pump. Similarly as shown with orifice 28 aligned with channel 31 the gun fires water in the forward direction away from the handle 16. Note also the side shooting channel 33 (FIG. 4) in cap 25 that may be aligned with the channel 31 for shooting water sideways. It is clear therefore that simple selection valve structure such as rotatable cap 25 will permit selective discharge of water in a plurality of different directions. A variety of interchangeable caps 24 and 25 may be provided with different choices and variations.

Note that in the FIG. 2 version an outer cap 25 without aperture holes can easily be replaced to provide a valve changing structure permitting the water gun to shoot backwards only. Note also that the plug portion 27 need be turned by orifice cap 24 and the plug portion 26 is stationary. Outer cap 25 turns relative to plug 27.

A simpler two directional gun barrel 19 assembly in FIG. 11 has similar plugs 26' and 27' and only the outer cap 25' with two orifices, namely 28' for forward shooting and 33' for sideways shooting. Thus, the cap 25' is rotatable from the shown forward shooting position to turn plug 27' therewith and align the notch 32 with channel 31 to shoot sideways out nozzle 33'.

4,597,527

3

A two directional gun embodiment as shown in FIG. 12 will permit forward and/or backward shooting. It is seen that by turning cap 24' the gasket 39 either seals or opens the backward orifices 29' in fitting 38. The plug 27' turns with cap 25' to either open or close the water channel to outlet orifice 28'. Plug 26' is stationary in inner cap member 24'.

FIGS. 6 and 7 show a further embodiment that discharges both in forward and backward directions. Like reference characters permit comparison of similar pats, and primed reference characters indicate slightly modified versions. Note for example nozzle cap 25' has only one forward shooting orifice 40 located off center so that by rotation of the cap 25', the water path out orifice 40 may be opened or blocked selectively, as illustrated in FIGS. 3 to 5.

In the embodiment of FIGS. 6 and 7 hollow push rod 15 has rearwardly extending orifices 41 and a control valve arrangement therefore comprising handle 16' rotatable by screw threads 42 in collar 43 to position internal needle valve 44 into the orifice 45 of screw head 46 holding on the piston 17. Thus, when handle 16' releases the needle rod 44 to the left from aperture 45 and opens it when aperture 40 is closed, water flows freely from the chamber inside tube 19 out apertures 41 toward the handle 16' and the operator. If the needle valve is closed, and aperture 40 is open, then water flows only out the nozzle cap 25 and aperture 40. Since several holes 41 are available the friction of single aperture 40 being greater, most of the water shot out by movement forward (to the right) of plunger rod 15 will pass out in the rearward direction even if the aperture 40 is open.

Another dual barrelled embodiment is shown in FIGS. 8 and 9. As seen by apertures 49, 50, this version can shoot out at two different angles from the corresponding slanted apertures in caps 25A and 25B. One advantage of this version is more water storage capacity. Another is the choice of either independent or dual action of the two plungers 15A, 15B. The two units are held together by a suitable bracket.

As seen in FIG. 10 the bracket may also include a water communication channel 60 between the two chambers. The sleeves 61A and 61B may slip respectively over the tubings 19A and 19B and be glued thereto. As in the prior arrangements, by use of appropriate nozzle caps having nozzle outlets alignable with respective channels 31A or 31B, a multiplicity of operating modes may be manually selected to shoot water out nozzles in various directions.

Having therefore described the invention and its operation, those features of novelty believed descriptive of

4

the spirit and nature of the invention are set forth with particularity in the claims.

I claim:

1. A toy water shooting gun comprising a longitudinal cylinder having a water retaining chamber and a water discharge end, a nozzle for discharging a stream of water connected to the water discharge end of said chamber, and a movable piston within said cylinder externally operated for loading and discharging water therefrom, the improvement comprising a rotatable cap having a plurality of apertures therethrough for discharging a water stream in one of several selectable different directions and valve means for selectively connecting one of said plurality of apertures to the cylinder discharge end for discharging a water stream through the selected single aperture, wherein said nozzle includes said rotatable cap carried thereby, said valve means including a channel passing through a first plug carried by said cylinder discharge end and wherein the valve means further comprises a second relatively rotatable plug carried by said nozzle cap positionable upon rotation of said cap to align said channel of said first plug with said selected aperture to discharge a stream of water from said gun upon actuation of said piston within said cylinder.

2. The toy defined in claim 1 wherein individual ones of the nozzle cap apertures direct discharged water in different directions.

3. The toy defined in claim 1 wherein one aperture of said plurality of said apertures directs water in a direction substantially perpendicular to the cylinder means.

4. The toy defined in claim 1 wherein one aperture of said plurality of said apertures directs water in a direction substantially rearward along the cylinder means in the direction of an operator of the piston.

5. In a toy water shooting gun comprising a longitudinal cylinder providing a chamber for retaining water, nozzle means at the discharge end of said chamber for discharging water, and a movable piston movable within the cylinder for loading and discharging water, the improvement comprising a plurality of nozzles having apertures for discharging water and valve means for selectively connecting different ones of said apertures to the discharge end of cylinder for water discharge therethrough, wherein the movable piston includes a hollow operating plunger shaft extending from the cylinder and terminating in an operating handle, one of said apertures being in said hollow plunger shaft rearwardly directed toward and proximate the handle, and said valve means being operable by the handle for selectively admitting water from said cylinder chamber into the hollow shaft.

* * * * *

EXHIBIT G



US005231951A

# United States Patent [19]

## Tagar et al.

[11]    **Patent Number:**    **5,231,951**

[45]    **Date of Patent:**    **Aug. 3, 1993**

| | | |
|---|---|---|
| 2,801,850 | 8/1957 | Yount ................................. 114/345 |
| 3,823,847 | 7/1974 | Ware ................................... 222/79 |

[54]    **INFLATABLE HUMAN SUPPORT STRUCTURE WITH LIQUID SQUIRTER**

[75]    Inventors:    **Leon H. Tagar,** San Carlos; **William R. Storey,** Sunnyvale, both of Calif.

[73]    Assignee:    **Poolmaster, Inc.,** Sacramento, Calif.

[21]    Appl. No.:    **897,865**

[22]    Filed:    **Jun. 12, 1992**

### Related U.S. Application Data

[63]    Continuation of Ser. No. 683,120, Apr. 3, 1991, Pat. No. 5,167,554.

[51]    **Int. Cl.⁵** ............................................... **B63C 9/08**
[52]    **U.S. Cl.** .................................... **114/345;** 441/131; 222/79
[58]    **Field of Search** ................................. 441/129–132, 441/136; 114/345, 346; 222/79; 272/32, 33 R

[56]    **References Cited**

### U.S. PATENT DOCUMENTS

2,674,753    4/1954    Wood ................................... 441/130

*Primary Examiner*—Edwin L. Swinehart
*Attorney, Agent, or Firm*—Flehr, Hohbach, Test, Albritton & Herbert

[57]    **ABSTRACT**

A device for use by a human in a body of water comprising a support structure having a buoyancy in water sufficient to support a human on the body of water. A water squirter is carried by the support structure and has piping means adapted to be disposed in the body of water in a region in the vicinity of the support structure. The water squirter includes a member adapted to be engaged by the human for operation of the same. The water squirter is positioned on the support structure so that the water squirter can be engaged and operated by the human while the human is being supported on the body of water by the support structure so that squirts of water can be directed from the water squirter at a location which is above the surface of the water.

**2 Claims, 3 Drawing Sheets**





*Fig.1*

*Fig.2*

*Fig.3*

*Fig.4*

*Fig.5*

*Fig.7*

*Fig.6*



Fig.8

Fig. 9

Fig. 10

Fig. 11

Fig.12

Fig. 13



*Fig.14*



*Fig.15*

5,231,951

1

# INFLATABLE HUMAN SUPPORT STRUCTURE
# WITH LIQUID SQUIRTER

This is a continuation of application Ser. No. 07/683,120 filed Apr. 3, 1991, now U.S. Pat. No. 5,167,554, Dec. 1, 1992.

This invention relates to an inflatable human support structure with liquid squirter.

Inflatable rafts, tubes and the like have heretofore been provided for humans upon a body of water. In order to enhance the use of such devices, and particularly in pools by children, there is a need for devices which can be utilized in conjunction therewith to make the use of such devices more satisfying, i.e., more fun to use and to provide play.

In general, it is an object of the present invention to provide a human support structure with liquid or water squirter which can be utilized on a body of water.

Another object of the invention is to provide an inflatable structure of the above character which can be inflated and deflated.

Another object of the invention is to provide a support structure which can take various forms.

Another object of the invention is to provide a support structure of the above character in which the support structure is circular.

Another object of the invention is to provide a support structure of the above character in the form of a raft.

Another object of the invention is to provide a support structure of the above character in which the liquid squirter is readily accessible to a human carried by the support structure for operation of the same.

Another object of the invention is to provide a support structure of the above character in which the liquid squirter is utilized for squirting water from the body of the water in which the support structure floats.

Another object of the invention is to provide a support structure of the above character in which the support structure is particularly adapted to have a human seated therein.

Another object of the invention is to provide a support structure of the above character in which the support structure is particularly adapted to support a human in a lying down position.

Another object of the invention is to provide a support structure with liquid squirter of the above character in which various types of liquid squirters can be utilized.

Additional objects and features of the invention will appear from the following description in which the preferred embodiments are set forth in detail in conjunction with the accompanying drawings.

FIG. 1 is a perspective view of an inflatable human support device with liquid squirter with a human occupant shown therein.

FIG. 2 is a top plan view of the device shown in FIG. 1.

FIG. 3 is a bottom plan view of the device shown in FIG. 1.

FIG. 4 is a side elevational view of the device shown in FIG. 1.

FIG. 5 is a cross sectional view taken along the line 5—5 of FIG. 1.

FIG. 6 is a partially exploded view of the squirter shown in the device in FIGS. 1–4.

2

FIG. 7 is a partially exploded view of another embodiment of a squirter which could be utilized with the device shown in FIGS. 1–5.

FIG. 8 is a perspective view of another embodiment of an inflatable human support device with liquid squirter incorporating the present invention.

FIG. 9 is an isometric view of the device shown in FIG. 8.

FIG. 10 is a bottom plan view of the device shown in FIGS. 8 and 9.

FIG. 11 is a side elevational view of the device shown in FIGS. 8, 9 and 10.

FIG. 12 is a cross sectional view of the device shown in FIGS. 8–10 taken along the line 12—12 of FIG. 9.

FIG. 13 is a cross sectional view taken along the line 13—13 of FIG. 9.

FIGS. 14 and 15 show alternate shapes of the inflatable human support device.

In general, the device for use by a human in a body of water is comprised of a support structure having a buoyancy in water sufficient to support a human in a body of water. A water squirter is carried by the support structure and has piping means adapted to be disposed in the body of water in a region in the vicinity of the support structure and also including a member adapted to be engaged by the human for operation of the same. The water squirter is positioned on the support structure so that the water squirter can be engaged and operated by the human while the human is being supported on the body of water by the support structure to direct squirts of water from the support structure at a position which is above the surface of the body of water. The support structure can take the form of a tubular member which is provided with a seat with an opening adjacent the seat through which the legs can extend and in which the human can be positioned in a seating position. Another embodiment of the support structure can be in the form of a raft having a flat surface upon which the human can lie.

More in particular, the device 21 for use by a human in a body of water consists of a support structure 22 having a buoyancy in water sufficient to support a human on the body of water. The support structure 22 is formed of materials which are utilized in inflatables for use in swimming pools and the like. It is well known to those skilled in the art that such inflatables can be formed of rubber, plastic and other materials. One material found to be particularly satisfactory is polyvinyl chloride (PVC) which is provided in flexible sheet form of a suitable thickness, as for example 14 gauge, and which can be readily heat sealed onto itself to provide the support structure. In the present embodiment of the invention, the support structure 22 is formed by a top sheet 24 which is provided with a circular cutout 26 and a bottom sheet 27 which is also circular in form but which is provided with an inner sector shaped cutout 28. The outer margins of the top and bottom sheets 24 and 27 are secured together in a suitable manner such as by heat sealing at 29.

The inner annular margin of the top sheet 24 is secured to a vertically extending ring-like piece or element 31 at 32 which extends in a vertical direction when the support structure 22 is inflated as hereinafter described. The lower margin of the piece or element 31 is heat sealed to a sector-shaped piece or element 34 at 36. The piece or element 34 extends over the bottom sheet 27 and is aligned with the bottom sheet 27 and heat

5,231,951

3

sealed thereon at 37 to provide a sector shaped opening 38.

As can be seen, the sector shaped piece or element 34 in conjunction with the bottom sheet 27 provides a support area in the form of a seat 39 upon which the posterior or buttocks of a human being can be positioned in a seating position with the legs of the human being extending through the opening 38. In order to provide additional rigidity to the seat 41, the sector shaped piece or element 34 is heat sealed to the bottom sheet 27 along parallel lines 42 which extend parallel to the heat-sealed seam at 37.

By construction of the support structure in this manner, two separate buoyancy chambers 46 and 47 are provided with the buoyancy chamber 46 being annular in shape whereas the buoyancy chamber 47 is sector-shaped. Means is provided for inflating the chambers 46 and 47 and consists of inflation valves 48 and 49 which can be located in desired positions, as for example, as shown in FIG. 2 in which the valve 48 is in communication with the chamber 46 and the valve 49 is in communication with the chamber 47. The inflation valves 48 and 49 can be of a conventional type as, for example, when plastic is used, the valve can be in the form of a flexible valve stem 51 which can be heat sealed into the top sheet 24. It is of a size so that it is adapted to be grasped by the lips of a human being so that it can be inflated by a human. It is also provided with an attached removable valve plug 52 which can be inserted into the valve stem 51 when the chamber has been inflated to maintain inflation of the chamber. The inflation valve 49 for the seat 41 is constructed in a similar manner.

Typically in order to support an adult, the support structure 22 can have an outside diameter of approximately four feet with the chamber 46 having a vertical dimension of approximately one foot.

If desired, as shown, hand holds can be provided on the top sheet 24 and can be in the form of handles 53 formed of a suitable material such as a solid plastic polyvinyl chloride which are bonded to the top surface of the top sheet 24 in positions adjacent the opening 38 so that they can be grasped by the two hands of a human being or person seated on the seat 41. As can been seen, the handles 53 are directed at angles so that they extend approximately 90° with respect to each other. The handles 53 are generally U-shaped and are provided with generally rectangular openings 54 through which the hands can extend.

A squirter assembly 56 is mounted upon the support structure 22 in a position so that it can be engaged and operated by the human while the human is being supported on the body of water by the support structure to direct squirts of water from the support structure at a position which is above the surface of the body of water. Thus, as shown in FIGS. 2 and 3, the squirter assembly 56 is mounted on the tubular member 23 in a position which is immediately in front of the opening 38 so that it can be readily grasped by the hand of a human seated on a seat 41. The squirter assembly 56 is mounted in a spool 57 which extends through the tubular member 23. The spool 57 is comprised of a cylindrical member 58 which has a hole 59 extending therethrough. Flanges 61 and 62 are provided on opposite ends of the cylindrical member 58. The spool 57 is adapted to be mounted in a hole 63 in the tubular member and has its flanges 61 and 62 resting on the top and bottom sheets 24 and 27 as shown, particularly in FIG. 6.

4

The squirter assembly 56 is provided with a cylindrical body 66 which can be seated within the hole 59 of the spool 57 and be frictionally retained therein. The lower extremity of the cylindrical body 66 is provided with a cylindrical extension 67 through which the water intake tube 68 extends. The water intake tube 68 is connected to a head 69. The head 69 is provided with a cap 71 which is adapted to be threaded onto the upper extremity of the cylindrical body 66. The head 69 includes a pump assembly (not shown) which is disposed therein. The pump assembly includes an operating member 72 which is connected to a trigger handle 73. The head 69 is provided with a nozzle 76 which is connected to the output of the pump (not shown) operated by the trigger 73. As shown, the nozzle 73 is pointed in a direction so that it can direct a stream of liquid from the pump in a direction which is approximately 90° with respect to the vertical axis of the squirter.

The liquid or water intake tube 68 can be of a suitable length so that it can take in water as, for example, upon which the support structure 22 is floating. Thus, as shown, particularly in FIGS. 3, 4 and 5, the water intake tube 68 can extend down through the bottom of the hole 63 and extend downwardly into the body of water. In order to ensure that the water intake tube is in an out-of-the way position and does not interfere with the legs of the human using the device, the water intake tube can be retained on the bottom of the support structure, as for example, extending the tubes 68 though spaced apart eyelets 78 formed of a suitable material such as plastic and bonded to the tubular member on the bottom surface of the tubular member. In this way, the squirter assembly 56 can be readily removed from the support structure 22 merely by pulling the cylindrical body 66 out of the spool 57 and withdrawing the tube 68 from the eyelets 78.

Operation and use of the device may now be briefly described as follows. The device can be inflated in the manner hereinbefore described by use of the inflation valves 48 and 49. After the device has been inflated, the device can be placed in a body of water, as for example, in a swimming pool. The tubular member 23 provided for the support structure provides stability on the body of water for the human being. The occupant or user can readily mount or dismount the device. For example, the device could be thrown in the pool and the intended user 81 can jump onto the device and seat himself or herself in the device by becoming seated on the seat 41 and having legs extend through the opening 38 as shown in FIG. 1. Alternatively, the human being 81 can climb onto the device 21 from the swimming pool and sit on the seat 41 with the legs extending through the opening 38. With the feet in this position, the occupant can paddle the feet to move the device from one location to another in the pool. The handles 53 provided on the device makes it possible for the occupant to stabilize himself or herself in the device in the event one bumps into another such device in the same body of water. In addition, water games can be played with the use of the squirter by directing squirts of water at the person in the other device or devices in the pool by actuation of the trigger or handle 73 to operate the pump of the squirter assembly 56. The jets or squirts of water from the squirter assembly 56 can be directed in various directions merely by rotating the squirter assembly within the spool 57. If desired, the squirter assembly can be removed from the spool 57 to give additional freedom in directing the jets or squirts of water from the squirter

5,231,951

| 5 | 6 |

assembly. The water intake tube **68** is sufficiently long so that its lower extremity will still be below the surface of the body of water so that there is an unlimited source of liquid for operation of the squirter assembly. Thereafter, the squirter assembly can be readily placed in the spool **57** and the water intake tube **68** threaded through the eyelets **78**.

It should be appreciated that different types of squirter assemblies can be utilized, other than the squirter assembly **56** shown. For example, a squirter assembly **86** such as shown in FIG. 7 can be provided for providing squirts or jets of water which have greater volume and force so that jets or squirts of water can be projected over longer distances. The squirter assembly **86** as shown in FIG. 7 is comprised of a spool **57** and a cylindrical body **66**. A head **87** is provided which has a cap **88** that is threadedly mounted on the body **66**. The head **87** is provided with a cylindrical member **89** which is connected to a large cylindrical member **91** that extends at right angles thereto. A large pump assembly (not shown) of a conventional type is mounted within the cylinder **91** and is connected to a pump handle **92** which is adapted to be grasped by the hand of a user. By operation of the handle, jets or squirts of water can be ejected from the nozzle **94**. The squirter assembly **86** which is shown in FIG. 7 can be utilized in the same manner as the squirter **56**. It is of a larger size so that it can be utilized by larger human beings than the squirter **56**. It also can be utilized for directing more forceful squirts or jets of water longer distances than with the squirter **56**.

Another embodiment of a device for use by a human in a body of water is shown in FIGS. 8–13. As shown therein, the device **101** is comprised of an inflatable support structure **102** in the form of a raft which is adapted to support a human body upon a body of water. It can be formed of a material similar to the support structure **22** as, for example, plastic. Two sheets **103** and **104** cut to the desired conformations can be heat sealed together along the outer margin at **106**. Another heat seal can be formed at **107** extending around the perimeter of the sheets **103** and **104** spaced inwardly from **106** to provide a relatively large tubular buoyancy chamber **108** which extends around the outer margin of the support structure **22**. An additional rectangular heat seal **109** is provided near the forward extremity of the support structure **22** to provide another buoyancy chamber **111**. Another rectangular heat seal is provided at **112** to the rear of the heat seal at **109** with a plurality of spaced parallel heat seals **113** being disposed within the heat seal **112** so that there are provided a plurality of buoyancy chambers or compartments **116**. By these heat seals, an additional chamber **117** is provided which extends around the chambers **116** and the chambers **111** and which is disposed within the confines of the chamber **108**.

A valve **121** is provided for inflating the chamber **108**. A valve **122** is provided for inflating the chamber **117** and a valve **123** is provided for inflating the chambers **116**. The valves **121**, **122**, and **123** are of the type hereinbefore described and are adapted to be inflated by human beings.

The support structure **102** is constructed in such a way so that the main portion of the human body can rest upon the large elongate rectangular support area **126** provided above the chamber **116** to support the main portion of the body. The rectangular support area **127** within the heat seal at **109** can provide support for the head of the body being supported by the support structure.

A pair of handles **131** of the same type as the handles **53** are mounted on the support structure above the chamber **108** on opposite sides of the area **127** and are bonded thereto.

A plurality of eyelets **132** are also mounted upon the support structure **102** on the top surface thereof and extend around the outer perimeter and are adapted to receive a flexible elongate line or rope **133** which can extend around the outer margin of the support structure **102** as shown, particularly in FIG. 9. This line or rope **133** can be utilized for towing the device or for grabbing the device.

A squirter assembly **56** of the same type as hereinbefore described in the previous embodiment is mounted in a spool **57** provided in the support structure. The water intake tube **26** can be mounted in eyelets **136** provided on the bottom side of the support structure **122** as shown particularly in FIGS. 10 and 11. Again, it can be seen that the water intake tube **26** is disposed in an out-of-the way position underneath the support structure.

The operation and use of the device **101** is similar to the device **21**. The principal difference is that in the device **101** the person or human body is normally supported in a reclining or horizontal position with the face facing downwardly and facing forwardly towards the squirter assembly **56**. In this manner, the squirter assembly **56** can be readily accessible to a hand of a human so that the trigger **73** can be readily engaged to operate the pump which is provided in the squirter assembly. The squirter can be operated in the same manner as in the previous embodiment. For example, it can be rotated and even lifted out of the spool **57** when desired to achieve the desired trajectory for the jet or squirt of water being ejected therefrom. When the squirter assembly **56** has been removed from the spool, the water intake line will still be in the body of water so that there is available an unlimited source of water for carrying on water play. After use, the squirter assembly **56** can be again reinserted in the spool **57** and the water inlet lines threaded through the eyelets **136**.

Additional embodiments of the device incorporating the invention are also shown in FIGS. 14 and 15. In FIG. 14, the device **141** has a construction very similar to that shown in the device **21** with the principal difference being that the configuration is generally triangular rather than circular as shown in FIGS. 1–6. It is provided with a tubular member **142**, a seat **143** with an opening **144** through which the legs of the person can extend. It is also provided with a pair of handles **53** on opposite sides of the opening **144** and a squirter assembly **56** disposed forwardly of the opening **144**. Valves **146** and **147** are provided for inflating the same.

In the device **151** shown in FIG. 15, the configuration is substantially rectangular rather than circular as shown in FIGS. 1–6. It also is provided with a tubular member **152**, a seat **153** with valves **154** and **156** for inflating the same. An opening **157** is provided for the legs of the user. A squirter assembly **56** is mounted forwardly of the opening and handles **53** are provided on opposite sides of the opening.

Operation and use of the devices shown in FIGS. 14 and 15 is substantially the same as that described for the embodiment shown in FIGS. 1–6.

From the foregoing, it can be seen that there has been provided for use by humans, devices designed for use in

5,231,951

7

a body of water for water play. The devices are constructed in such a manner so that they can be utilized while being in seated or reclining positions. The devices are constructed in such a manner so that they are safe to use by children. The devices can be readily moved in the body of water, either by paddling the feet in a seated position or by utilizing the arms and feet in a reclining position. At the same time, one of the hands can be utilized for operating the squirter assembly to direct jets of water towards the opponent. It can be seen that the device is readily adapted for group play in which a number of the devices can be utilized in the same pool with human beings, i.e., children, being mounted in the devices for engaging in play. The devices are constructed in such a manner so that they can be formed of relatively inexpensive material at low cost.

What is claimed is:

1. In a device for use by a human in a body of water, a support structure having a buoyancy in water sufficient to support a human on the body of water, a water squirter carried by the support structure and having piping means adapted to be disposed in the body of water in a region in the vicinity of the support structure and also including a member adapted to be engaged by the human for operation of the same, said water squirter being positioned on the support structure so that the water squirter can be engaged and operated by the human while the human is being supported on the body of water by the support structure so that squirts of water can be directed from the water squirter at various angles above the surface of the water, said support structure being comprised of a tubular member which defines the periphery of the support structure, said support structure having an upper surface and including a

8

support area member within the confines of the tubular member and disposed below the upper surface for supporting a major portion of the human body, said support area member being in the form of a seat adapted to receive the buttocks of a human in a seated position, said support structure being provided with an opening adjacent the support area so that the legs of the human can extend therethrough and be utilized for paddling the device from one location to another in the body of water.

2. In a device for use by a single human in a body of water, an inflatable flexible ring support structure defining the periphery of the support structure and having a centrally disposed opening therein, valve means carried by the support structure for introducing an inflation medium into the support structure to inflate the same, said support structure when inflated having a buoyancy in water sufficient to support only a single human on the body of water, a water squirter carried by the support structure and having piping means adapted to be disposed in the body of water in a region in the vicinity of the support structure and also including a member adapted to be engaged by the single human for operation of the same, said water squirter being movably positioned on the support structure so that the water squirter can be engaged and operated by the single human and moved relative to the support structure through various positions including raising above the support structure while the single human is using the support structure on the body of water so that squirts of water can be directed from the water squirter at various angles above the surface of the water.

*  *  *  *  *