*Butt/leuнсь, )* (handwritten)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

PRIME TIME TOYS, LTD.,                    )
                                          )
        Plaintiff,                )    2008-CV-2909 (NRB/GWG)
                                          )
        v.                        )    **PROTECTIVE ORDER**
                                          )
JAKKS PACIFIC, INC.,                      )    ECF CASE
                                          )
                                          )
        Defendant.                )

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

        The parties hereto, by their respective counsel, recognizing that the parties and potential third party witnesses may possess confidential or proprietary information which may be necessary or desirable to reveal to other parties during the course of this action, and desiring to obtain a Protective Order sanctioned by this Court to protect such information from unnecessary disclosure to others, hereby STIPULATE AND AGREE, subject to the Court's approval and Fed. R. Civ. P. 26(c), that the following provisions shall govern the handling of such confidential information and documents in these proceedings:

### A.   DEFINITIONS

For purposes of the Order:

        "Confidential Information" shall mean trade secrets, know-how, confidential research, proprietary data or any other technical, commercial, business or financial information which is maintained in confidence by a party, whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been designated by the Producing Party as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" in conformity with this Order.

        "Producing Party" or "Designating Party" shall mean the person or entity (and its counsel) who is producing information to any other party.

        "Receiving Party" or "Non-Designating Party" shall mean the party (and its counsel) who is the recipient of information requested by the Receiving Party and supplied by the Producing Party.

421148.1

"Counsel" shall mean the attorneys of record, including the law firms, engaged by the parties or third parties to represent them in connection with this litigation.

"Independent Experts" shall mean expert witnesses or consultants engaged by the parties in preparation for trial and/or for trial. "Independent Experts" does not include any person who is employed by a party or a competitor of a party.

"Confidential - Counsel Only" or words of similar import (including "Restricted Confidential - Attorney's Eyes Only") is a designation which a party may use on documents and things that in good faith it believes contains or is Confidential Information not normally available to persons other than the Producing Party, is competitively significant and commercially sensitive, and hence should be subject to more restrictive dissemination than other Confidential Information.

"Confidential" is a designation for Confidential Information which is other than "Confidential - Counsel Only".

B.   GENERAL RULES

1.   (a)   Subject to subparagraph (1)(d) below, each Producing Party may designate any document or thing produced in this action as "CONFIDENTIAL", or "CONFIDENTIAL - COUNSEL ONLY". Such designation shall be made by stamping or affixing thereto an appropriate legend. With respect to Confidential Information that cannot be conveniently designated in such manner, designation shall be made by informing the receiving party in writing prior to or concurrently with the disclosure of such information subject to the provisions of paragraphs 10 and 11 herein. All Confidential Information designated as provided in this paragraph 1 shall not be disclosed by the Receiving Party to anyone other than those persons designated herein and shall be handled in the manner set forth below. All produced Confidential Information shall be carefully maintained, subject to the provisions of paragraph 1(b) herein, so as to preclude access by persons who are not authorized herein to receive such information.

(b)   All Confidential Information which has been designated "CONFIDENTIAL – COUNSEL ONLY," and any and all reproductions thereof, shall be retained by the Receiving Party only in the custody of its counsel, except that Independent Experts authorized to view such information under

2

the terms of this Protective Order may retain custody of such copies as are necessary for their participation in this litigation.

        (c)    Any Receiving Party or Independent Expert, or any other person or entity, who views or learns any Confidential Information is prohibited from using Confidential Information for any purpose other than this litigation.

        2.    Information designated "CONFIDENTIAL - COUNSEL ONLY" by Plaintiff, PRIME TIME TOYS, INC., or by Defendant, JAKKS PACIFIC, INC., shall be viewed solely by the following persons:

        (a)    Receiving Party's Counsel, including: Counsel's associates, clerks, paralegal and stenographic personnel;

        (b)    litigation specialists engaged to assist Counsel in preparation for discovery and/or trial, including photocopy and translation services, court reporters, and litigation or trial support services;

        (c)    Independent Experts and their employees/support staff (subject to paragraph 6); and

        (d)    the Court and its staff.

        3.    Information designated "CONFIDENTIAL – COUNSEL ONLY" by any other Producing Party shall be viewed solely by the following persons:

        (a)    Receiving Party's Counsel, including: Counsel's associates, clerks, paralegal and stenographic personnel;

        (b)    No more than two (2) representatives of a party, who shall be identified in advance of reviewing such information;

        (c)    litigation specialists engaged to assist Counsel in preparation for discovery and/or trial, including photocopy and translation services, court reporters, and litigation or trial support services;

        (d)    Independent Experts and their employees/support staff (subject to paragraph 6); and

        (e)    the Court and its staff.

4.      Information designated "CONFIDENTIAL" shall be viewed solely by the following persons; provided that as to the classes of individuals listed in subparagraphs (c)-(g) below each such individual who receives such Confidential Information has read this Protective Order in advance of disclosure and acknowledged in a written instrument, substantially in the form of Attachment A hereto, that he or she is fully familiar with the terms of this Protective Order and agrees to comply with, and be bound by, such Order until modified by further Order of this Court.  A copy of such duly executed, written instrument shall be maintained by Counsel for the Receiving Party's counsel.

(a)      Counsel, including Counsel's associates, paralegal, clerks and stenographic personnel;

(b)      Litigation specialists engaged to assist Counsel in preparation for discovery and/or trial, including photocopy and translation services, court reporters, and litigation or trial support services;

(c)      Executives, including in-house attorneys and Directors of a party who are required to participate in policy decisions with reference to this action;

(d)      Litigation specialists assigned by any insurer involved in defending this action;

(e)      Employees of a party who need to be consulted by Counsel in preparation for discovery or trial of this action;

(f)      Independent Experts retained by the parties (subject to paragraph 6); and

(g)      Clerical employees associated with the individuals enumerated above in (c)-(f).

5.      With respect to litigation specialists engaged to assist counsel in preparation for discovery and/or trial, including photocopy and translation services, court reporters, litigation or trial support services, the parties agree that the mere receipt of documentary or other evidence by such specialists will not subject such individuals to deposition unless they are expected to be called as witnesses at trial.

6.      Before any disclosure is made to an Independent Expert, such Independent Expert shall first be identified to counsel for the opposing party and shall acknowledge in a written instrument,

421148.1                                            4

substantially in the form of Attachment A hereto, that he or she is fully familiar with the terms of this Protective Order and agrees to comply with, and be bound by such Order until modified by further Order of this Court. The duly executed, written instrument shall be provided to and maintained by Counsel for the Designating Party. At least five (5) business days before any Confidential Information is disclosed to an Independent Expert, the party disclosing such shall notify the Designating Party's Counsel of such proposed disclosure, by facsimile, including the name and business affiliation of the Independent Expert. Counsel for the opposing party shall have the right to object for good cause to such proposed disclosure to the Independent Expert, and should such objections be made, counsel for the opposing party may bring the dispute to the Court's attention. If the dispute is brought to the Court's attention, disclosure shall not be made to the Independent Expert until the dispute is resolved. Failure of the opposing Counsel to object in writing, received by the other party within said five (5) business day period, or bring any dispute to the Court's attention within five (5) business days following the making of any such objection, will signify that the opposing party has no objection to the disclosure and the disclosure may then be made pursuant to the terms of this Order.

7.     With respect to documents designated "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY", any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof may be shown the same. In the case where such person is not presently an employee of any party to this action, such person shall not be shown such Confidential Information unless and until that person has read this Protective Order and agreed in writing, in a form substantially similar to that of Attachment A hereto, to be bound by its terms.

8.     Any documents which are filed with or delivered to the Court for any purpose and which are designated as provided in paragraph 1, and any pleadings, motions or other papers filed with the Court disclosing Confidential Information, shall be filed under seal (in whole or in pertinent part as the clerk directs) and kept under seal unless and until the Confidential Information designation is removed by the Producing Party or until further order of the Court. Where possible, only the portions of the filings with the Court which contain Confidential Information shall be filed under seal. In connection with any

hearing, trial, or proceeding concerning this action before the Court, counsel may apply to the Court for in camera treatment of any Confidential Information necessary for disclosure in relation to such hearing, trial or proceeding.   Nothing in this Stipulated Protective Order shall prohibit the admission of Confidential Information into evidence if such information is otherwise admissible under the rules of evidence.

        9.      Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information:

        (a)      The deposition (or portions thereof) may be designated by the affected party as containing Confidential Information subject to the provisions of this Order.   Such designation shall be made on the deposition record whenever possible, or upon review of such transcript by counsel for the party or person disclosing any "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" information, but no later than thirty (30) days after counsel's receipt of the transcript.   Counsel shall list on a separate piece of paper the number of each page of the transcript containing "CONFIDENTIAL" Material or "CONFIDENTIAL - COUNSEL ONLY" Material, and mailing copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and each copy thereof.   Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL - COUNSEL ONLY" Material; if no designation is made within thirty (30) days after counsel's receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" Material or "CONFIDENTIAL - COUNSEL ONLY" Material.

        (b)      The Disclosing Party shall have the right to exclude from attendance at said deposition during such time as Confidential Information is to be disclosed any person other than the deponent, counsel (including their staff and associates), persons authorized by paragraphs 2 or 3 (as applicable) to view the information, and the Court Reporter, and the failure of such other persons to comply with such a request shall constitute substantial justification for counsel to advise the witness that he or she need not answer a question seeking the revelation of Confidential Information and each Party waives attendance at depositions during disclosure of information designated as "CONFIDENTIAL -

421148.1

6

COUNSEL ONLY"; and

(c)     The originals of said deposition transcripts and all copies thereof shall bear the legend "CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER" or substantial equivalent, on the cover page and shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" or substantial equivalent as appropriate on the specific pages so designated.

(d)     The parties may direct the court reporter at the deposition to keep confidential and not disclose any testimony that is designated CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY.  In such case, the court reporter who transcribes CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY testimony in this action at a deposition shall agree, before transcribing any such testimony, that all CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY testimony is and shall remain CONFIDENTIAL and shall not be disclosed except as provided in this Order.  Further, any such court reporter shall agree that copies of any such transcripts, including exhibits, will be marked CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY, separately bound, and will be retained in absolute confidentiality and safe keeping by such reporter.  The court reporter must also agree that any reporter's notes, or other transcription records of any testimony designated as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY (including computer files, disks, shorthand notes and computer generated printouts of testimony) will be retained in absolute confidentiality and safe keeping by such reporter, or delivered to the attorneys of record in this action or filed under seal with the Court.  Any such court reporter, or any videographer, will first execute the Acknowledgment in Attachment A hereto that he or she is fully familiar with the terms of this Protective Order and agrees to comply with and be bound by such Order.

10.     Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.  At any time after production, the Producing Party can designate information thereafter to be treated as Confidential Information.  In such case, there shall be no liability of the Receiving Party for use

prior to such post-production designation. Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or seeking to challenge the appropriateness of such designation. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery. The fact that a party has designated information as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" in this action shall have no evidentiary effect in this action. In the case of physical inspections or on site visits which occur by court order, discovery request, or the agreement or stipulation of counsel, the Party allowing the inspection may designate in advance, or contemporaneously with the inspection, items and areas of the plant, office, or warehouse which contain CONFIDENTIAL, or CONFIDENTIAL - COUNSEL ONLY materials. In such areas, the film, video tape, photograph, record or other such medium recording the area shall be maintained as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY (in accordance with the designation of the area).

11.     In the event anyone shall violate or threaten to violate the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person, and in the event the aggrieved party shall do so, the respondent person, subject to the provisions of this Order, shall not employ as a defense thereto the claim that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing or modifying this Order, notwithstanding any subsequent disposition of this action.

12.     A party receiving a document or thing which has been designated pursuant to paragraph 1 by the Producing Party, may move the Court to remove or change such designation. Grounds for removal include, but are not necessarily limited to, the following:

(a)     the information provided by the document or thing is not Confidential because it

is available in the public domain through no fault of the Receiving Party;

(b)      the information provided by the document or thing is not Confidential because it was previously independently known to the Receiving Party;

(c)      the information provided by the document or thing is not Confidential because it was received from a third party who lawfully possessed such information and had the unrestricted right to disclose such information and without breach of any relationship of confidentiality; or,

(d)      the information provided by the document or thing is not Confidential because it was information developed from independent sources without use of the designated Confidential Information;

(e)      Grounds for change in designation from a more restrictive to a less restrictive category include failure of the information to reasonably comply with the criteria set forth in the Definitions. Upon any challenge to the correctness of a designation of confidentiality, the burden shall be on the Designating Party to defend the appropriateness of the designation.

13.      Immediately after entry of final judgment including appeals, or of dismissal in connection with this action, all documents and things, including transcripts of depositions or of trial, together with all copies thereof, which have been designated as, or which contain information which has been designated as, "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" shall be returned to the Designating Party. In lieu of returning such designated materials as provided above, at the Receiving Party's option, counsel for the Receiving Party may certify in writing to the counsel for the Designating Party that the materials have been destroyed. In addition, each party shall upon request provide opposing Counsel with a copy of each executed Attachment A signed by any person authorized under Paragraph 3 above. Notwithstanding the above provisions, however, Counsel may retain a permanent archival file copy of all pleadings designated "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY".

14.      Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the dissemination of Confidential Information or seeking and obtaining relief from this Protective Order.

15.     Nothing in the foregoing provisions of this Stipulated Protective Order shall be deemed to preclude any party from disclosing or using, in any manner or for any purpose, any information or documents from the party's own file which the party itself has designated as CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY.

16.     This Protective Order may be amended by agreement of the parties, subject to the approval of the Court.

17.     This Protective Order shall inure to the benefit of and be enforceable by third parties with respect to documents and information produced by them in the course of pretrial discovery, and designated by them as "CONFIDENTIAL" or "CONFIDENTIAL - COUNSEL ONLY" in the manner provided herein. Documents and information, including deposition testimony, received from a third party pursuant to a subpoena under Fed. R. Civ. P. 45, or equivalent process in foreign jurisdictions, which would otherwise legitimately be considered Confidential Information if produced by a party may be designated as such by the affected party. Such designation shall be made in a writing to each other party, or on an official record, which identifies specifically the document(s), information, or testimony to be designated, whether the designation is CONFIDENTIAL or CONFIDENTIAL - COUNSEL ONLY. Third party documents, information, or testimony so designated under this paragraph shall in all other respects be treated under the provisions of this Stipulated Protective Order as though produced by a party.

18.     If a party or person in possession of Confidential Information as provided herein receives a subpoena from a non-party seeking production or other disclosure of Confidential Information which said party or person received from the Designating Party, then telephonic and written notice shall immediately be given to counsel for the Designating Party of the subpoena, identifying the Confidential Information sought and arranging for transmission of a copy of the subpoena to said counsel. Where possible, at least ten (10) business days' notice shall be given before production or other disclosure is made pursuant to the subpoena. In no event, absent Court Order, shall production or disclosure be made before written notice is given. A party thus subpoenaed shall take all appropriate measures timely to advise any relevant Court or tribunal of the terms of this Stipulated Protective Order.

19.     If Confidential Information is disclosed to any person other than in a manner authorized by this Stipulated Protective Order, the party responsible for such disclosure shall upon discovery of the disclosure immediately inform the party whose information is disclosed of all facts pertinent thereto, which after due diligence and prompt investigation are known to the responsible party, including the name, address and employer of the person to whom the disclosure was made, and shall make reasonable efforts to prevent further disclosure by each unauthorized person who has received such information.

20.     Nothing herein shall bar or otherwise restrict counsel from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon Confidential Information.  In rendering such advice, counsel shall not disclose the specific content of Confidential Information.

21.     This Protective Order shall have no application in or to the conduct of trial except as otherwise directed or ordered by the Court.

///

///

421148.1

**11**

The foregoing is agreed and stipulated to by the parties as of the dates indicated below.

AMSTER, ROTHSTEIN & EBENSTEIN LLP

By: _____
     Neil Zipkin (NZ 4718)
Attorneys for Plaintiff
Prime Time Toys, Inc.
90 Park Avenue
New York, New York 10016
Tel:   212-336-8120
Fax:   212-336-8001


FEDER, KASZOVITZ, ISAACSON,
  WEBER, SKALA, BASS & RHINE LLP

By: _____
     Larry Miller (LM-8323)
Attorneys for Defendant
JAKKS Pacific, Inc.
750 Lexington Avenue
New York, New York 10022
Tel:   212-888-8200
Fax:   212-752-4632


PRIME TIME TOYS, LTD

By: _____
     VERNON WONG

IT IS SO ORDERED:


JAKKS PACIFIC, Inc.

By: _____
     Michael G. Dwyer
     SVP - Legal &
     Human Resources

_____
NAOMI REICE BUCHWALD, USDJ

2/23/09


421148.1

12

**ATTACHMENT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| PRIME TIME TOYS, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | 2008-CV-2909 (NRB/GWG) |
| | ) | |
| v. | ) | |
| | ) | |
| JAKKS PACIFIC, INC., | ) | ECF CASE |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STATEMENT OF**_____
**IN ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER**
**AND AGREEMENT TO BE BOUND THEREBY**

This Document Relates to All Actions.

I have read and understand the Stipulated Protective Order entered in the above-captioned case. I agree to comply with the Stipulated Protective Order in this case and to be bound by its terms. I further agree to submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order.

Dated:_____          _____
                                                              Signature

                                                         _____
                                                         (Printed/Typed Name)

421148.1

13